UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>            Plaintiff,<br><br>      v.<br><br>M. HAMBOA, et al.,<br><br>            Defendants. | Case No. 1:21-cv-00155-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS BE DENIED AND THAT PLAINTIFF BE REQUIRED TO PAY THE $402.00 FILING FEE IN FULL<br><br>(ECF NO. 2)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS<br><br>ORDER DIRECTING CLERK TO ASSIGN DISTRICT JUDGE |

I.        BACKGROUND

John Williams ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action filed pursuant to 42 U.S.C. § 1983.

On June 18, 2020, the Court dismissed Plaintiff's action due to Plaintiff's failure to pay the filing fee after his application to proceed in forma pauperis was denied.  Williams v. Samboa, E.D. CA, Case No. 1:20-cv-00287, ECF No. 9.  On December 18, 2020, the Court received a filing fee from Plaintiff in that case.  The Court refunded the filing fee and noted that nothing in the order prevented Plaintiff from filing (or re-filing) his complaint along with the filing fee.  Id. at ECF No. 14.

It appears that Plaintiff has now re-filed the complaint.  However, instead of paying the filing fee, Plaintiff filed another application to proceed in forma pauperis.  As the Court once

again finds that Plaintiff had at least three "strikes" prior to filing the action and that Plaintiff was not in imminent danger of serious physical injury at the time he filed the action, the Court will recommend that Plaintiff be required to pay the $402 filing fee in full if he wants to proceed with the action.

## II.   THREE-STRIKES PROVISION OF 28 U.S.C. § 1915(g)

28 U.S.C. § 1915 governs proceedings *in forma pauperis*.  Section 1915(g) provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted). See also O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) ("no 'particular formalities are necessary for an order that serves as the basis of [an involuntary] dismissal.'") (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 986-87 (9th Cir. 1999)) (alteration in original).

## III.   ANALYSIS

### a.   Strikes

Plaintiff initiated this action on February 8, 2021. (ECF No. 1). The Court finds that, prior to this date, Plaintiff had at least four cases dismissed that count as "strikes."  The Court takes judicial notice of: 1) Williams v. Gonzer, C.D. CA, Case No. 2:04-cv-08941, ECF No. 2 (dismissed for failure to state a claim); 2) Williams v. Hubbard, C.D. CA, Case No. 2:10-cv-01717, ECF No. 3 (dismissed for failure to state a claim); 3) Williams v. Harrington, E.D. CA, Case No. 1:09-cv-01823, ECF No. 29 (dismissed for failure to state a claim); and 4) Williams v. Soto, 9th Cir., Case No. 14-15524, ECF Nos. 7 & 9 (Plaintiff's application to proceed in forma pauperis was denied because the appeal was frivolous, and the case was later dismissed

for failure to prosecute because Plaintiff failed to pay the filing fee).[1]

b. Imminent Danger

As Plaintiff had at least three "strikes" prior to filing this action, Plaintiff is precluded from proceeding *in forma pauperis* unless Plaintiff was, at the time the complaint was filed, in imminent danger of serious physical injury.  The availability of the imminent danger exception "turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time."  Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007).  "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical."  Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016).  To meet his burden under § 1915(g), Plaintiff must provide "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).  "[V]ague and utterly conclusory assertions" of imminent danger are insufficient.  White v. Colorado, 157 F.3d 1226, 1231-32 (10th Cir. 1998).  See also Martin, 319 F.3d at 1050 ("[C]onclusory assertions" are "insufficient to invoke the exception to § 1915(g)....").  The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat … is real and proximate."  Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Additionally, "the complaint of a three-strikes litigant must reveal a nexus between the imminent danger it alleges and the claims it asserts, in order for the litigant to qualify for the 'imminent danger' exception of § 1915(g).  In deciding whether such a nexus exists, we will consider (1) whether the imminent danger of serious physical injury that a three-strikes litigant alleges is fairly traceable to unlawful conduct asserted in the complaint and (2) whether a favorable judicial outcome would redress that injury.  The three-strikes litigant must meet both requirements in order to proceed [*in forma pauperis*]."  Stine v. Fed. Bureau of Prisons, 2015 WL 5255377, at *3 (E.D. Cal. Sept. 9, 2015) (quoting Pettus v. Morgenthau, 554 F.3d 293,

---

[1] If an application to proceed in forma pauperis is denied as frivolous by an appellate court, the case counts as a "strike" even if the appeal is not dismissed until later when the plaintiff fails to pay the filing fee. Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).

298-99 (2d Cir. 2009)).

Because Plaintiff is *pro se*, in making the imminent danger determination the Court must liberally construe Plaintiff's allegations.  <u>Andrews</u>, 493 F.3d at 1055 (9th Cir. 2007).\

As the Court found previously:

> Nothing in Plaintiff's complaint suggests that Plaintiff was in imminent danger of serious physical injury at the time he filed the action.  Plaintiff does allege that he was repeatedly assaulted on August 4, 2019. Additionally, he alleges that he was denied medical care; that certain defendants conspired to cover up the assaults; that an officer told Plaintiff that he (and others) were going to make sure Plaintiff died at Corcoran; and that the officer's threat causes daily panic, fear, anger, and anxiety, which reinforces Plaintiff's urge to cut himself.
>
> However, according to the complaint, months passed from the date Plaintiff was assaulted, and no further incidents occurred.  There are also no allegations suggesting that Defendants previously assaulted or threatened Plaintiff.  Thus, Plaintiff has not alleged an ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury.

<u>Williams v. Samboa</u>, E.D. CA, Case No. 1:20-cv-00287, ECF No. 5 p. 4 & ECF No. 8.

Plaintiff does appear to have made some changes to his complaint.  Plaintiff does not make any allegations regarding a desire to cut himself.  Moreover, Plaintiff appears to bring additional claim(s).  However, there is still nothing in Plaintiff's complaint that suggests he was in imminent danger at the time he filed his complaint.  Additionally, it appears that Plaintiff is no longer housed at the institution where the alleged constitutional violations occurred.

Accordingly, the Court once again finds that Plaintiff has not sufficiently alleged that he was in imminent danger at the time he filed his complaint.

As Plaintiff is a "three-striker" and does not appear to have been in imminent danger when he filed the complaint, the Court will recommend that Plaintiff's application to proceed in forma pauperis be denied and that Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

## IV.   CONCLUSION, RECOMMENDATIONS, AND ORDER

The Court finds that under § 1915(g) Plaintiff may not proceed *in forma pauperis* in this action.

Accordingly, it is HEREBY RECOMMENDED that:

1. Pursuant to 28 U.S.C. § 1915(g), Plaintiff's application to proceed in forma pauperis (ECF No. 2) be DENIED; and

2. Plaintiff be directed to pay the $402.00 filing fee in full if he wants to proceed with this action.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Additionally, IT IS ORDERED that the Clerk of Court is directed to assign a district judge to this case.

IT IS SO ORDERED.

Dated:   **February 9, 2021**                     /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE