UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>M. GAMBOA, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-00155-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT CERTAIN CLAIMS AND DEFENDANTS BE DISMISSED<br><br>(ECF NOS. 1 & 10)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS<br><br>ORDER RE: PLAINTIFF'S MISCELLANEOUS REQUESTS<br><br>(ECF No. 11) |

　　　　John Williams ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action.

　　　　Plaintiff filed the complaint commencing this action on February 8, 2021.  (ECF No. 1). The Court screened Plaintiff's complaint.  (ECF No. 10).  The Court found that only the following claims should proceed past the screening stage: "Plaintiff's Eighth Amendment excessive force claim against defendant Oaks; Plaintiff's Eighth Amendment failure to protect claim against defendant Pascoe; Plaintiff's Eighth Amendment sexual assault claim against defendant Oaks; and Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos."  (Id. at 14).

　　　　The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; b.

Notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on his Eighth Amendment excessive force claim against defendant Oaks; his Eighth Amendment failure to protect claim against defendant Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos."  (Id. at 15-16).

On April 12, 2021, Plaintiff notified the Court that he wants to proceed only on the claims found cognizable in the screening order.  (ECF No. 11).  Plaintiff also requested that service proceed under the Court's E-Service pilot program and that the Court "preserve" his right to pursue his cover-up claim.

As to Plaintiff's request for service to proceed under the Court's E-Service pilot program, this request is granted, and the Court will issue an order authorizing E-Service in due course.  However, if any defendants fail to waive service, Plaintiff will be required to either serve those defendants or file an appropriate motion.

As to Plaintiff's request for the Court to "preserve" his right to pursue his cover-up claim, the Court notes that, as stated in the screening order, Plaintiff does not have a cover-up claim at this time based on the facts alleged in the complaint.  However, the Court clarifies that when stating that the claim is "premature," the Court found that the claim should be dismissed without prejudice to Plaintiff reasserting it at a later date, if new facts come to light.

Accordingly, for the reasons set forth in the Court's screening order that was entered on April 1, 2021 (ECF No. 10), and because Plaintiff has notified the Court that he wants to proceed only on the claims found cognizable in the screening order (ECF No. 11), it is HEREBY RECOMMENDED that all claims and defendants be dismissed, except for Plaintiff's Eighth Amendment excessive force claim against defendant Oaks; Plaintiff's Eighth Amendment failure to protect claim against defendant Pascoe; Plaintiff's Eighth Amendment sexual assault claim against defendant Oaks; and Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle,

\\\

Beer, Garcia, and Cubos.[1]

      These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

    Dated:   **April 14, 2021**           /s/ *Erica P. Grosjean*
                                                        UNITED STATES MAGISTRATE JUDGE

---

[1] As to the claims being dismissed, the Court clarifies that it is recommending that only Plaintiff's cover-up claim be dismissed without prejudice.  The Court is recommending that all other claims be dismissed with prejudice.