UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>M. GAMBOA, et al.,<br><br>        Defendants. | No. 1:21-cv-00155-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS AND DEFENDANTS<br><br>(Doc. Nos. 1, 10, 12) |

John Williams ("plaintiff") is a state prisoner proceeding *pro se* with this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 8, 2021, plaintiff filed a civil rights complaint against defendants. (Doc. No. 1.) On April 12, 2021, plaintiff provided the court with notice that he was electing to proceed only on the claims found cognizable by the court's April 1, 2021 screening order. (Doc No. 11.) On April 14, 2021, the assigned magistrate judge therefore entered findings and recommendations, recommending "that all claims and defendants be dismissed, except for Plaintiff's Eighth Amendment excessive force claim against defendant Oaks; Plaintiff's Eighth Amendment failure to protect claim against defendant Pascoe; Plaintiff's Eighth Amendment sexual assault claim against defendant Oaks; and Plaintiff's Eighth Amendment claim for

/////

1

deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos." (Doc. No. 12 at 2–3) (footnote omitted.)

Plaintiff was provided an opportunity to file objections to the findings and recommendations. On April 26, 2021, plaintiff filed his objections. (Doc. No. 15.) Specifically, plaintiff objected to the recommendation that his excessive force claim against defendant Pascoe be dismissed. *Id*.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis. Plaintiff's objection to the recommended dismissal of the excessive force claim against defendant Pascoe is without merit.

An excessive force claim requires that a defendant actually use force against the plaintiff. *See Hudson v. McMillian*, 503 U.S. 1, 6–7 (1992). Here, plaintiff has not alleged that defendant Pascoe made forceful contact with him; instead, plaintiff describes defendant Pascoe as a "lookout" who failed to intervene when defendant Oaks unlawfully struck the plaintiff. As such, plaintiff has alleged facts sufficient only for a failure to protect claim against defendant Pascoe.[1] Accordingly,

1. The findings and recommendations issued on April 14, 2021, (Doc. No. 12,) are adopted in full;
2. All claims and defendants are dismissed,[2] except for plaintiff's Eighth Amendment excessive force claim against defendant Oaks; plaintiff's Eighth Amendment failure to protect claim against defendant Pascoe; plaintiff's Eighth Amendment sexual assault claim against defendant Oaks; and plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants

---

[1] Plaintiff also objects to the dismissal of his failure to protect claim against defendant Pascoe, but the magistrate judge did not recommend that this claim be dismissed. The court agrees that the failure to protect claim against defendant Pascoe is sufficiently pled at this stage.

[2] Plaintiff's cover-up claim is dismissed without prejudice. All other claims that are being dismissed are dismissed with prejudice.

2

Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos; and

3. The Clerk of Court is directed to reflect the dismissal of defendant M. Gamboa from this action on the court's docket.

IT IS SO ORDERED.

Dated: **July 13, 2021**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE