UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>BEER, et al.,<br><br>        Defendants. | Case No. 1:21-cv-00155-NONE-EPG (PC)<br><br>ORDER RE: LODGED FIRST AMENDED COMPLAINT<br><br>(ECF No. 28) |

      John Williams ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights action.

      Plaintiff filed the complaint commencing this action on February 8, 2021. (ECF No. 1). On April 1, 2021, the Court screened Plaintiff's complaint. (ECF No. 10). The Court found that only the following claims should proceed past the screening stage: "Plaintiff's Eighth Amendment excessive force claim against defendant Oaks; Plaintiff's Eighth Amendment failure to protect claim against defendant Pascoe; Plaintiff's Eighth Amendment sexual assault claim against defendant Oaks; and Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos." (Id. at 14).

      The Court gave Plaintiff thirty days to either: "a. File a First Amended Complaint; b. Notify the Court in writing that he does not want to file an amended complaint and instead wants to proceed only on his Eighth Amendment excessive force claim against defendant Oaks; his Eighth Amendment failure to protect claim against defendant Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth Amendment claim for

deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos; or c. Notify the Court in writing that he wants to stand on his complaint." (Id. at 15-16).

On April 12, 2021, Plaintiff notified the Court that he wants to proceed only on the claims found cognizable in the screening order. (ECF No. 11). Accordingly, the Court authorized service on the above-named defendants (ECF No. 13) and issued findings and recommendations recommending that all other claims and defendants be dismissed (ECF No. 14). Despite agreeing to proceed only on the claims the Court found cognizable, Plaintiff objected to the findings and recommendations. (ECF No. 15). The findings and recommendations were adopted in full. (ECF No. 25).

On August 5, 2021, Plaintiff lodged a First Amended Complaint. (ECF No. 28). However, Plaintiff did not file a motion for leave to amend. If Plaintiff wants leave to amend his complaint,[1] he must file a motion for leave to amend his complaint. The motion should explain why Plaintiff is now moving to amend his complaint, as well as the changes he is attempting to make to his original complaint.

While not ruling on the issue at this time, the Court notes that it has reviewed Plaintiff's First Amended Complaint and identified at least one major issue. Including exhibits, Plaintiff's First Amended Complaint is 120 pages and lists nine different defendants. Additionally, instead of including a list of claims Plaintiff is bringing against each of the nine defendants as well as the facts supporting each of those claims, Plaintiff's First Amended Complaint consists of a long and detailed narrative of facts that appear to span approximately two years, and at the end Plaintiff states that he is seeking a "declaration that the acts and the omissions described herein violated Plaintiff's rights under the laws of the State of California, the United States, and the U.S. Constitution" (ECF No. 28, p. 21). This type of complaint appears to violate Federal Rule of Civil Procedure 8(a), which requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). See also

---

[1] The Court previously granted Plaintiff leave to amend, but Plaintiff's deadline to amend his complaint expired approximately three months ago.

Pinzon v. Jensen, 2009 WL 231164, at *2 (E.D. Cal., Jan. 30, 2009) ("Although Plaintiff attempts to allege many causes of action and provides a description of his alleged experiences, his narrative-style complaint is insufficient to state legally cognizable causes of action.  It is Plaintiff's burden, not that of the court, to separately identify claims and state facts in support of each claim.").  If Plaintiff chooses to file a motion for leave to amend, he may wish to attach a revised complaint that complies with this rule.

Accordingly, based on the foregoing, IT IS ORDERED that Plaintiff has twenty-eight days from the date of service of this order to file a motion for leave to amend.  If Plaintiff fails to file a motion for leave to amend within this twenty-eight-day period, the Court will not consider Plaintiff's lodged First Amended Complaint.

IT IS SO ORDERED.

Dated:   **August 9, 2021**              /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE