1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                          EASTERN DISTRICT OF CALIFORNIA

8

9   JOHN WESLEY WILLIAMS,                 Case No. 1:21-cv-00155-DAD-EPG (PC)

10              Plaintiff,                 FINDINGS AND RECOMMENDATIONS,
                                           RECOMMENDING THAT PLAINTIFF'S
11        v.                               MOTION FOR LEAVE TO AMEND BE
                                           DENIED
12   BEER, et al.,
                                           (ECF No. 55)
13              Defendants.
                                           OBJECTIONS, IF ANY, DUE WITHIN
14                                         FOURTEEN DAYS

15

16        John Williams ("Plaintiff") is a state prisoner proceeding *pro se* with this civil rights

17   action.  On April 11, 2022, Plaintiff filed a second motion for leave to amend, along with a

18   proposed amended complaint.  (ECF Nos. 54 & 55).  For the reasons that follow, the Court will

19   recommend that the motion be denied.

20        Courts "should freely give leave [to amend] when justice so requires."  Fed. R. Civ. P.

21   15(a)(2).  "[T]his policy is to be applied with extreme liberality."  Morongo Band of Mission

22   Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990); see also Waldrip v. Hall, 548 F.3d 729,

23   732 (9th Cir. 2008).  "However, liberality in granting leave to amend is subject to several

24   limitations.  Those limitations include undue prejudice to the opposing party, bad faith by the

25   movant, futility, and undue delay."  Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc., 637

26   F.3d 1047, 1058 (9th Cir. 2011) (citations and internal quotation marks omitted); see also

27   Waldrip, 548 F.3d at 732.

28        The Court will recommend that the motion be denied for two reasons.  First, this case is

                                              1

1    stayed, and Plaintiff provides no explanation as to why he should be permitted to litigate this

2    issue while the case is stayed.[1]

3         Second, the Court denied Plaintiff's first motion for leave to amend less than two weeks

4    ago.  (ECF No. 53).  While Plaintiff alleges that he cured the deficiencies noted by the Court

5    and that he discovered additional facts, Plaintiff does not explain what additional facts or

6    claims he is attempting to add.  This is so even though the Court has twice informed Plaintiff

7    that a motion for leave to amend should explain "the changes he is attempting to make to his

8    original complaint."  (ECF No. 31, p. 2; ECF No. 45, p. 14).

9         Plaintiff does allege that he divided his claims into separate sections and specified the

10   violation for each claim, which could cure some of the deficiencies the Court identified.[2]

11   However, as mentioned above, the Court also denied Plaintiff's motion for leave to amend

12   because Plaintiff failed to explain the changes he was attempting to make to his original

13   complaint (ECF No. 45, p. 14; ECF No. 53), and his current motion to amend suffers from that

14   same defect.  Moreover, in denying Plaintiff's first motion for leave to amend, the Court

15   addressed Plaintiff's claim for conspiracy to retaliate on the merits, and found that Plaintiff

16   failed to state a claim.  (ECF No. 45, pgs. 14-17; ECF No. 53).  Plaintiff reasserts this claim,

17   but he provides no explanation as to how he cured the deficiencies identified by the Court.

18   Finally, Plaintiff once again fails to include all the claims that are currently proceeding in this

19   case in his proposed amended complaint, but there is no indication in Plaintiff's motion for

20   leave to amend that he wants to dismiss the claims he fails to include.

21        Accordingly, the Court will recommend that Plaintiff's motion be denied.  As Plaintiff's

22

23   [1] On October 21, 2021, the Court issued findings and recommendations, recommending that this case be
     stayed and that Plaintiff's first motion for leave to amend be denied.  (ECF No. 45).  These findings and
24   recommendations were adopted in full.  (ECF No. 53).  While Plaintiff received the findings and recommendations
     before filing his second motion for leave to amend, as the order adopting the findings and recommendations was
25   issued on April 5, 2022 (id.), it appears that he had not yet received the order adopting.
          It appears that Plaintiff filed his motion before he received the order staying this case and denying his
26   first motion for leave to amend, although he had already received the findings and recommendations the Court
     issued recommending that the case be stayed and that his motion for leave to amend be denied.
27        [2] While not deciding whether the proposed complaint still violates Rule 8(a), the Court notes that in
     Claim III Plaintiff still groups multiple claims together, without specifying which facts support which claim.
28   Plaintiff states that Claim III is for "conspiracy to retaliate and impose cover up by malicious prosecution and
     cruel and unusual punishment: denial of due process equal protections."  (ECF No. 54, p. 11).

second motion for leave to amend suffers from many of the same defects as his prior motion,

the Court also warns Plaintiff that unreasonable and frivolous filings may result in sanctions.

See, e.g., Fed. R. Civ. P. 11.

Based on the foregoing, the Court HEREBY RECOMMENDS that Plaintiff's second

motion for leave to amend (ECF No. 55) be DENIED.

These findings and recommendations are submitted to the United States district judge

assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen

(14) days after being served with these findings and recommendations, any party may file

written objections with the court.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

served and filed within fourteen (14) days after service of the objections.  The parties are

advised that failure to file objections within the specified time may result in the waiver of rights

on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v.

Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).


IT IS SO ORDERED.

Dated:    **April 13, 2022**                        /s/ _Erica P. Groin_
                                             UNITED STATES MAGISTRATE JUDGE