UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>                                    Plaintiff,<br><br>         v.<br><br>BEER, et al.,<br><br>                                    Defendants. | Case No. 1:21-cv-00155-ADA-EPG (PC)<br><br>ORDER PERMITTING RESPONSE TO STATUS REPORT<br><br>(ECF No. 68) |

Plaintiff John Williams is a state prisoner proceeding *pro se* with this civil rights action. This action is proceeding based on allegations that Defendant Oaks physically and sexually assaulted Plaintiff on August 5, 2019, that Defendant Pascoe failed to protect Plaintiff from Defendant Oaks, and that Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos failed to provide or summon medical care after the assault.  (ECF Nos. 1, 10, 13, 25).

On April 5, 2022, the Court granted Defendants' motion to stay this action pending the resolution of the related state criminal proceedings. (ECF No. 53). The Court also directed Defendants "to file a status report within fourteen days after the criminal case is resolved, or one year after the date of the stay, whichever is earlier." (*Id.* at 2). Since then, Defendants have filed three status reports noting that the criminal case has not been resolved. (ECF Nos. 62, 64, 66). Before the Court now is Defendants' fourth status report, stating that Plaintiff has been granted mental health diversion for two years under California Penal Code § 1001.36. (ECF No. 68).

In pertinent part, it states as follows:

> Defendants' counsel received a letter from Plaintiff on September 13, 2023, advising that his motion for diversion had been granted and his case was sent to mental health diversion under Penal Code § 1001.36. In that letter, Plaintiff contended the stay should be lifted. Defendants disagree. Even with the petition for diversion granted, Plaintiff's criminal case is not yet resolved. Mental Health Diversion under Penal Code section 1001.36 allows court to "grant pretrial diversion to a defendant charged with a misdemeanor or felony when the court determines the defendant suffered from a specified illness, and 'the defendant's mental disorder was a significant factor in the commission of the charged offense.'" Cal. Crim. Proc., Mental Health Diversion, § 15:9 (Rutter 2022). Under California Penal Code section 1001.36(f)(1)(C)(i)-(ii), the diversion period is up to two years for felony charges and up to one year for misdemeanor charges. Pursuant to Penal Code section 1001.36(g), the diversion can be terminated and criminal proceedings reinstated for a number of reasons, including if the Plaintiff is charged with an additional felony or misdemeanor during the diversion period; engages in criminal conduct rendering him unsuitable for diversion, or he performs unsatisfactorily in the diversion program. Cal. Pen. Code § 1001.36(g). The criminal charges will not be dismissed until the end of the diversion and dismissal is contingent upon Plaintiff performing satisfactorily in the diversion program. Cal. Pen. Code § 1001.36(h). Accordingly, it is Defendants' position that the criminal case is still pending and the stay should remain in place.

(*Id.* at 2).

Upon review, the Court finds it appropriate to give Plaintiff the opportunity to file a response to Defendants' status report.

Accordingly, IT IS ORDERED as follows:

1. By no later than October 9, 2023, Plaintiff is permitted to file a response to Defendants' status report. (ECF No. 68).

2. Plaintiff is advised that, if no response is received by this date, the Court may continue the stay in this case.

IT IS SO ORDERED.

Dated:   **September 18, 2023**            /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE