UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>BEER, et al.,<br><br>　　　　　Defendants. | Case No.   1:21-cv-00155-ADA-EPG (PC)<br><br>ORDER CONTINUING STAY AND REQUIRING FURTHER STATUS REPORT<br><br>(ECF Nos. 68, 70) |

　　　　Plaintiff John Williams is a state prisoner proceeding *pro se* with this civil rights action. This action is proceeding based on allegations that Defendant Oaks physically and sexually assaulted Plaintiff on August 5, 2019, that Defendant Pascoe failed to protect Plaintiff from Defendant Oaks, and that Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos failed to provide or summon medical care after the assault.  (ECF Nos. 1, 10, 13, 25).

　　　　On April 5, 2022, the presiding District Judge granted Defendants' motion to stay this action pending the resolution of the related state criminal proceedings. (ECF No. 53). The Court also directed Defendants "to file a status report within fourteen days after the criminal case is resolved, or one year after the date of the stay, whichever is earlier." (*Id.* at 2). Since then, Defendants have filed three status reports noting that the criminal case has not been resolved. (ECF Nos. 62, 64, 66). Now before the Court is Defendants' fourth status report, stating that Plaintiff has been granted mental health diversion and requesting that the Court continue the stay. (ECF No. 68).

1

Although little information is provided concerning the circumstances of Plaintiff's mental health, Defendants state that Plaintiff will be on mental health diversion for two years with periodic reviews. Mental health diversion is addressed under California Penal Code § 1001.36, which permits pretrial diversion to a defendant if, among other things, the Plaintiff has a diagnosed mental disorder that was a significant factor in the commission of the charged offense. Criminal proceedings may be diverted for no longer than two years (assuming the offense charged is a felony) during which time the defendant obtains treatment, and the proceedings may be reinstated, if among other things, the defendant commits another crime. However, if the defendant performs satisfactorily in diversion, his charges will be dismissed.

Plaintiff has filed an opposition to the Court continuing the stay. (ECF No. 70). He states that he has been admitted into the mental health crisis bed for suicide prevention and he lacks access to his legal property. Nevertheless, he asks for the stay to be lifted in order to proceed with this civil case.

The District Judge imposed the stay in this case based on findings and recommendations concluding that the events at issue in the criminal case appeared to be the same as those at issue here and noting that the outcome of the criminal case could affect the disposition of this case. (ECF Nos. 45, 53). Among other things, the Court noted that, if no stay were imposed, Defendants may be required to litigate a case subject to a *Heck*[1] bar defense, that staying the case would serve the interests of judicial economy given the overlapping facts, and there was not sufficient prejudice to Plaintiff from any resulting delay.

Upon consideration, the Court declines to lift the stay at this time, finding that the relevant considerations still support a stay.

However, giving the evolving circumstances surrounding Plaintiff's criminal case and mental health treatment, the Court will require a status report in six months regarding the status of the case and may reconsider lifting the stay at that time.

\\\
\\\
\\\

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

Accordingly, IT IS ORDERED as follows:

1. The stay in this case continues.
2. By no later than April 16, 2024, Defendants shall file a status report concerning the status of Plaintiff's criminal case and any other matters that might affect the stay.

IT IS SO ORDERED.

Dated:   **October 16, 2023**              /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE