UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>             Plaintiff,<br><br>    v.<br><br>BEER, *et al.*,<br><br>             Defendants. | Case No. 1:21-cv-00155-ADA-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF AND ORDER DENYING REQUEST FOR JUDICIAL NOTICE<br><br>(ECF No. 75)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983. The Court recommends that Plaintiff's motion for injunctive relief (ECF No. 75) be denied because the case is stayed and because Plaintiff's motion appears to have no relationship to the claims or the parties in this case.

**I.    BACKGROUND**

In this action, Defendants Oaks, Pascoe, and Riddle, Beer, and Garcia are Correctional Officers, and Defendant Cubos is a Registered Nurse who recorded Plaintiff's injuries. (ECF Nos. 1, 10, 13). This action is proceeding based on Plaintiff's allegations that on August 5, 2019, Defendant Oaks stabbed him in the buttocks with a metal pencil-like handcuff key, repeatedly kicked him, and pepper sprayed him, while Defendant Pascoe stood outside the van's side door

and watched as Plaintiff was repeatedly kicked by Defendant Oaks on several occasions. (ECF Nos. 1, 10, 13, 25). Plaintiff also alleges that, after he was subjected to the excessive use of force, he suffered from bleeding buttocks, pain to groin, pain to lower torso, pain to face, pain to legs, burning of skin, burning of eyes, and burning lungs, and that while Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos where aware of some, if not all, of his injuries, none of them provided or summoned medical care for those injuries. (*Id.*) After screening, Plaintiff elected to proceed on his Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (*Id.*)

On April 5, 2022, the presiding District Judge granted Defendants' motion to stay this action pending the resolution of the related state criminal proceedings. (ECF No. 53). The Court recently ordered that the stay in this case continue (ECF No. 71) and while the Plaintiff seeks reconsideration of that order (ECF No. 76), at this time the stay remains in effect.

## II.    SUMMARY OF THE PLAINTIFF'S MOTION

Before the Court is Plaintiff's motion titled "Notice of Motion and Request for Judicial Notice and for Order for Adequate Treatment." (ECF No. 75). In the motion, Plaintiff asks that the Court takes judicial notice of "forensic psychological report by Dr. B. Mathews in support of Plaintiff's mental health diversion" in his criminal case, mental health assessment conducted in Rules Violations Report (RVR), RVR log, and June 1, 2023 Order Adopting as Modified the Report and Recommendation of United States Magistrate Judge in *Williams v. Black*, No. CV 20-4300 (C.D. Ca). (*Id.* at 1–3). Plaintiff attached these documents as exhibits to his motion. (*Id.* at 8–42.) Plaintiff then asked the Court "for an order for adequate mental health treatment as a direct result of post tramatic [sic] stress syndrome (PTSD) diagnosis and symptoms imposed by Defendant Oak's [sic], Pascoe, and Beer wanton acts outlined in Plaintiff's operative complaint which include years of malicious criminal prosecution in the Kings County Superior Court the same." (*Id.* at 3).

### III. LEGAL STANDARDS

A federal district court may issue emergency injunctive relief only if it has personal jurisdiction over the parties and subject matter jurisdiction over the lawsuit. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that one "becomes a party officially, and is required to take action in that capacity, only upon service of summons or other authority-asserting measure stating the time within which the party served must appear to defend."). Under Federal Rule of Civil Procedure 65(d)(2)(A)–(C), an injunction binds only "the parties to the action," their "officers, agents, servants, employees, and attorneys," and "other persons who are in active concert or participation." The Court may not attempt to determine the rights of persons not before it. *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234–35 (1916); *Zepeda v. INS*, 753 F.2d 719, 727–28 (9th Cir. 1983). "When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction." *Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find that the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal Right, and is the least intrusive means necessary to correct the violation of the Federal Right."

On the merits, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Glossip v. Gross*, 135 S. Ct. 2726, 2736–37 (2015) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "Under *Winter*, plaintiffs must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

### IV. ANALYSIS.

The Court will recommend that Plaintiff's motion for injunctive relief (ECF No. 75) be denied.

First, this case is currently stayed.

Second, Plaintiff seeks injunctive relief based on claims not pled in the Complaint, so the Court lacks authority to issue the injunction. *Pac. Radiation Oncology*, 810 F.3d at 633. This case is proceeding on Plaintiff's claims for excessive force in violation of the Eighth Amendment against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF Nos. 1, 10, 13, 25). Plaintiff's deliberate indifference claim is based on his allegations that Defendants were aware of physical injuries resulting from the assault but did not provide or request that medical treatment be provided to the Plaintiff. (ECF Nos. 1, 10, 13, 25). Plaintiff's Complaint does not allege that named Defendants in this case failed to provide him with mental health treatment.

Third, it is not clear whom Plaintiff is seeking injunctive relief against. Plaintiff argues that "California Department of Corrections and Rehabilitation (CDCR) don't/won't allow treatment for PTSD." (ECF No. 75, at 6–7). CDCR is not a Defendant in this action. It would be improper to direct an injunction to individuals who are not parties to this action. *Orange Cnty. v. Hongkong & Shanghai Banking Corp.*, 52 F.3d 821, 825–26 (9th Cir. 1995); *Zepeda*, 753 F.2d at 727–28. In this case, the Court lacks jurisdiction over CDCR because the pendency of the present action does not automatically give the Court jurisdiction over all prison officials in general. *Aubert v. Madruga*, No. 1:13-CV-01659-AWI-EPG, 2016 WL 2866419, at *8 (E.D. Cal. May 17, 2016), *report and recommendation adopted*, 2016 WL 4494478 (E.D. Cal. Aug. 25, 2016). And there is nothing that suggests that Defendants who are actually named in this action would be able to provide Plaintiff with mental health treatment, since four out of five Defendants are correctional officers and the fifth is a registered nurse.

Finally, the relief Plaintiff seeks would not correct the violation of the alleged federal right upon which the action proceeds. Obtaining mental health treatment will not correct excessive force violations or deliberate indifference to his physical injuries. Thus, the requested relief is not sufficiently tailored to correct the violation of Plaintiff's Federal right. 18 U.S.C. § 3626(a)(1).

## V. CONCLUSION AND RECOMMENDATIONS

For these reasons, the Court recommends that the Plaintiff's motion for injunctive relief, ECF No. 75, be denied. The Court also denies Plaintiff's request to take judicial notice as moot because these documents are not needed for the resolution of this motion.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 28, 2023**            /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE