UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>                Plaintiff,<br><br>     v.<br><br>BEER, *et al.*,<br><br>                Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER CONTINUING STAY, DENYING PLAINTIFF'S MOTION TO LIFT THE STAY, AND REQUIRING FURTHER STATUS REPORT<br><br>(ECF Nos. 83, 84) |

      Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983. This action is proceeding based on allegations that Defendant Oaks physically and sexually assaulted Plaintiff on August 5, 2019, that Defendant Pascoe failed to protect Plaintiff from Defendant Oaks, and that Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos failed to provide or summon medical care after the assault. (ECF Nos. 1, 10, 13, 25).

      On April 5, 2022, the presiding District Judge granted Defendants' motion to stay this action pending the resolution of the related state criminal proceedings. (ECF No. 53). Then, on August 25, 2023, in his state criminal case, Plaintiff entered into a mental health diversion expected to last two years. (ECF No. 83 at 1). Pursuant to the Court's orders, Defendants have filed four status reports noting that the criminal case has not been resolved. (ECF Nos. 62, 64, 66).

1

Now before the Court is Defendants' fifth status report, stating that Plaintiff is continuing with his mental health diversion and requesting that the Court continue the stay. (ECF No. 83). Plaintiff also filed a motion (ECF No. 84) asking the Court to reconsider lifting the stay, which Defendants oppose (ECF No. 85). Plaintiff does not include any argument in support of his request to lift the stay.

The District Judge imposed the stay in this case based on findings and recommendations concluding that the events at issue in the state criminal case appeared to be the same as those at issue here and noting that the outcome of the criminal case could affect the disposition of this case. (ECF Nos. 45, 53). Among other things, the Court noted that, if no stay were imposed, Defendants may be required to litigate a case subject to a *Heck*[1] bar defense, that staying the case would serve the interests of judicial economy given the overlapping facts, and there was not sufficient prejudice to Plaintiff from any resulting delay.

In their latest report, Defendants inform the Court that Plaintiff is still in compliance and the mental health diversion is continuing, meaning, Plaintiff's criminal case has not yet been resolved. (ECF No. 83 at 1). Therefore, the Court declines to lift the stay at this time, finding that the relevant considerations still support a stay.

However, giving the evolving circumstances surrounding Plaintiff's criminal case and mental health treatment, the Court will require a status report in six months regarding the status of the case.

Accordingly, **IT IS ORDERED** as follows:

1. The stay in this case continues.
2. Plaintiff's motion to reconsider the stay in this case is **DENIED**. (ECF No. 84).

\\\
\\\
\\\
\\\
\\\

---

[1] *Heck v. Humphrey*, 512 U.S. 477 (1994).

3. By no later than April 1, 2025, or within fourteen days after the criminal case is resolved, whichever comes first, Defendants shall file a report concerning the status of Plaintiff's criminal case and any other matters that might affect the stay.

IT IS SO ORDERED.

Dated: **October 1, 2024**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE