UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>           Plaintiff,<br><br>    v.<br><br>BEER, *et al.*,<br><br>           Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER THE STAY<br><br>Doc. 76<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION FOR INJUNCTIVE RELIEF<br><br>Docs. 75, 78 |

**I.    INTRODUCTION**

Plaintiff John Williams is a state prisoner proceeding pro se in this civil action pursuant to 42 U.S.C. § 1983. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. Plaintiff commenced this action on February 8, 2021. Doc. 1. After screening, the case is now proceeding against several correctional officers and a registered nurse on claims of excessive force, failure to protect, sexual assault, and deliberate indifference to Plaintiff's serious medical needs, stemming from an incident on August 5, 2019. Docs. 1, 10, 13, 25.

1

On April 5, 2022, the court granted Defendants' motion to stay this action pending the resolution of related state criminal proceedings.  Doc. 53.  After considering the parties' status reports, on October 16, 2023, the assigned magistrate judge ordered that the stay in this case continue.  Doc. 71.  On November 22, 2023, plaintiff filed "Objections to the Court Order Continuing Stay and Request for Reconsideration."  Doc. 76.  Plaintiff's filing is construed as a motion under Rule 72(a) of the Federal Rules of Civil Procedure for reconsideration of the magistrate judge's order continuing the stay.

Plaintiff also filed a motion titled "Notice of Motion and Request for Judicial Notice and for Order for Adequate Treatment."  Doc. 75.  On November 28, 2023, the assigned magistrate judge issued findings and recommendations, Doc. 78, construing plaintiff's motion as seeking injunctive relief and recommending denial of the motion.  The magistrate judge recommended denying Plaintiff's motion because the case was stayed and because the injunctive relief sought appeared to have no relationship to the underlying claims or parties in this case.  *Id.* at 3–4.  The magistrate judge also recommended denial of Plaintiff's request for judicial notice as moot because the proffered documents were not needed for resolution of the motion.  *Id.* at 5.  The findings and recommendations notified Plaintiff that any objections were due within fourteen (14) days.  *Id.* at 5.  The deadline for objections has passed, and Plaintiff has not filed any objections.

For the reasons addressed below, Plaintiff's motion for reconsideration (Doc. 76) is denied.  Having carefully reviewed the entire file, the Court also finds the magistrate judge's findings and recommendations (Doc. 78) to be supported by the record and proper analysis, adopts them in full, and denies Plaintiff's motion for injunctive relief (Doc. 75).

**II.   BACKGROUND**

In this action, Defendants Oaks, Pascoe, Riddle, Beer, and Garcia are correctional officers, and Defendant Cubos is a registered nurse who recorded Plaintiff's injuries.  Docs. 1, 10, 13.  This action is proceeding based on Plaintiff's allegations that on August 5, 2019, Defendant Oaks stabbed him in the buttocks with a metal pencil-like handcuff key, repeatedly kicked him, and pepper sprayed him, while Defendant Pascoe stood outside the van's side door and watched as Plaintiff was repeatedly kicked by Defendant Oaks.  Docs. 1, 10, 13, 25.  Plaintiff also alleges

1    that, after being subjected to the excessive use of force, he suffered from bleeding buttocks, pain
2    to groin, pain to lower torso, pain to face, pain to legs, burning skin, burning eyes, and burning
3    lungs; that Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos were aware of some, if not
4    all, of his injuries; and that each Defendant failed to provide or summon medical care for those
5    injuries.  *Id.*

6    After screening, Plaintiff elected to proceed on his Eighth Amendment excessive force
7    claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant
8    Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth
9    Amendment claim for deliberate indifference to his serious medical needs against Defendants
10   Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos.  *Id.*

11   The incident giving rise to this action also resulted in criminal charges against Plaintiff
12   that are still pending in state court.  *See generally* Doc. 37.  On April 5, 2022, the Court granted
13   Defendants' motion to stay this action "pending the resolution of the related state criminal
14   proceedings."  Doc. 53.  The Court also directed Defendants "to file a status report within
15   fourteen days after the criminal case is resolved, or one year after the date of the stay, whichever
16   is earlier."  *Id.* at 2.  Since then, Defendants have filed five status reports noting that the criminal
17   case remains pending.  *See* docket.  In their fourth status report, on September 15, 2023,
18   Defendants stated that Plaintiff had been granted a two-year mental health diversion in the
19   underlying criminal case.  Doc. 68.  The Defendants informed the Court that "criminal charges
20   will not be dismissed until the end of the diversion and dismissal is contingent upon Plaintiff
21   performing satisfactorily in the diversion program."  *Id.*  Defendants' position was that the stay
22   should remain in place given the pending criminal case.  Plaintiff filed an opposition to
23   continuing the stay.  Doc. 70.  He stated that he has been admitted into the mental health crisis
24   bed for suicide prevention and that he lacked access to his legal property.  *Id.*  He asked for the
25   stay to be lifted so he could proceed with this civil case.  *Id.*

26   After considering Defendant's status report and Plaintiff's response, the magistrate judge
27   issued an order "finding that the relevant considerations still support a stay."  Doc. 71 at 2.
28   Plaintiff then sought reconsideration of the magistrate judge's order.  Doc. 76.

### III. PLAINTIFF'S MOTION FOR RECONSIDERATION

Under Rule 72(a), a party may object to any nondispositive orders entered by a magistrate judge. Rule 72(a) then requires the district judge to "consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Likewise, Local Rule 303(c) states: "A party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge and serve the Magistrate judge and all parties. Such request shall specifically designate the ruling, or part thereof, objected to and the basis for that objection."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (citation omitted). "A motion for reconsideration 'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (emphasis in original and citation omitted). Furthermore, "'[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (citation omitted). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Plaintiff contends the Court's order continuing the stay "left Plaintiff to suffer irreparable injuries due to imminent danger from ongoing self injurious behaviors, (SIB), trauma and untreated PTSD diagnosis and symptoms as a direct result of the August 5, 2019, incident." Doc. 76 at 3. Plaintiff also alleges that the district attorney has "influenced plaintiff's malicious criminal prosecution" in various ways. *Id.* at 4. He contends there was a cover up of the August 5, 2019, incident and that security video of the incident was either withheld or destroyed, *id.* at 5–7. He contends that lifting the stay will "extend some relief to the trauma sustained at the unclean

1  hands of defendant's" and prevent further evidence related to the case from being lost or
2  destroyed. *Id.* at 7.  He asserts that he will suffer prejudice because Defendants will destroy the
3  evidence. *Id.* at 7–10.  Plaintiff objects "to the extended and ongoing stay for all the above
4  reasons which violate Rule 60(b)." *Id.* at 10.

      As a threshold matter, Rule 60(b) is inapplicable to a nondispositive order by the magistrate judge.  "Rule 60(b) does not provide relief from judgments, orders, or proceedings that are not final decisions within the meaning of 28 U.S.C. § 1291, which generally cannot be appealed immediately." *Meas v. City & Cnty. of San Francisco*, 681 F. Supp. 2d 1128, 1142 (N.D. Cal. 2010); *see also United States v. Martin*, 226 F.3d 1042, 1048 n.8 (9th Cir. 2000) (noting "Rule 60(b), like Rule 59(e), applies only to motions attacking final, appealable orders").

      Plaintiff also does not present the Court with newly discovered evidence, show that the magistrate judge committed clear error, or establish that there has been an intervening change in the controlling law that would warrant reconsideration of the magistrate judge's October 16, 2026, order (Doc. 71) continuing the stay.  Plaintiff's claim of malicious prosecution was first considered and addressed more than two years ago in the magistrate judge's original findings and recommendations, *see* Doc. 45 at 6.  The magistrate judge also considered Plaintiff's allegations of mental health trauma in the order continuing the stay, *see* Doc. 71.  Plaintiff's assertions are neither new evidence nor new facts or circumstances and there is no basis for reconsideration of the magistrate judge's order continuing the stay.  Accordingly, the Court DENIES Plaintiff's motion (Doc. 76).

### IV. FINDINGS AND RECOMMENDATIONS TO DENY INJUNCTIVE RELIEF

      In his motion for injunctive relief, Plaintiff asked the Court "for an order for adequate mental health treatment as a direct result of post tra[u]matic stress syndrome (PTSD) diagnosis and symptoms imposed by Defendant Oak's [sic], Pascoe, and Beer wanton acts outlined in Plaintiff's operative complaint which include years of malicious criminal prosecution in the Kings County Superior Court the same." Doc. 75 at 3.

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review and finds the findings and recommendations to be supported by the record and by proper analysis. Plaintiff has made no showing that he is entitled to injunctive relief.

Accordingly, the Court **ORDERS**:

1) The Findings and Recommendations issued on November 28, 2023, Doc. 78, are **ADOPTED** in full.
2) Plaintiff's motion for injunctive relief, Doc. 75, is **DENIED.**
3) Plaintiff's motion for reconsideration, Doc. 76, is **DENIED**.

IT IS SO ORDERED.

Dated: November 26, 2024

UNITED STATES DISTRICT JUDGE