UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEER, *et al.*,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER REGARDING PLAINTIFF'S MOTION FOR CLARIFICATION REGARDING COURT'S SCHEDULING ORDER<br><br>(ECF No. 111) |

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action pursuant to 42 U.S.C. § 1983.

On September 5, 2025, Plaintiff filed a "Motion for Clarification Regarding Court's Scheduling Order." (ECF No. 111). Within the motion, Plaintiff asks the Court to clarify what it stated in Paragraph 2 of the August 22nd, 2025, Scheduling Ordering, ECF No. 107. (*Id.* at 1). Paragraph 22 states:

> A party may serve on any other party no more than 15 interrogatories, 15 requests for production of documents, and 15 requests for admission. If a party wishes to serve additional discovery requests, that party may file a motion for additional discovery requests with the Court, explaining why additional discovery requests are necessary.

(ECF No. 107 at 3).

The Court grants Plaintiff's motion to the extent it provides the following clarification: As the scheduling order states, each party may serve up to 15 interrogatories, 15 requests for

production of documents, and 15 requests for admission per party, e.g., per each defendant or plaintiff. If any party wishes to serve additional discovery requests beyond that amount, that party may file a motion for additional discovery requests.

Plaintiff also states that he may not be able to extract the necessary discovery within these limits. However, he does not describe why 15 of these requests per party is not sufficient.

Plaintiff also states that Defendants intend "to resist disclosure of all confidential documents based on official privilege." (ECF No. 111, at p. 2). The Court notes that the Scheduling Order in this case provides a process for resolving disputes regarding the official information privilege:

> Additionally, if a party is claiming a right to withhold witness statements and/or evidence gathered from investigation(s) into the incident(s) at issue in the complaint based on the official information privilege or confidentiality, the withholding party shall submit the withheld witness statements and/or evidence to the Court for *in camera* review, along with an explanation of why the witness statements and/or evidence should be withheld.[1]
>
> The witness statements shall be Bates stamped and emailed to EPGorders@caed.uscourts.gov. The withholding party shall also file and serve a notice that they have complied with this order. All other claims of privilege may be challenged via a motion to compel.

(ECF No. 111, at p. 4-5) (footnote in original).

---

[1] *See Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006) ("[P]roper exhaustion improves the quality of those prisoner suits that are eventually filed because proper exhaustion often results in the creation of an administrative record that is helpful to the court. When a grievance is filed shortly after the event giving rise to the grievance, witnesses can be identified and questioned while memories are still fresh, and evidence can be gathered and preserved.").

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure. . . ." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g., Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by Kerr, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr v. U. S. Dist. Ct. for N. Dist. of Cal.,* 426 U.S. 394, 406 (1976)); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033–34 (9th Cir. 1990), *as amended on*

1  Accordingly, Plaintiff's request for clarification regarding the Court's scheduling order is
2  GRANTED insofar as this order provides clarification regarding that order.

IT IS SO ORDERED.

Dated: **September 15, 2025**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE