UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>    Plaintiff,<br><br>    v.<br><br>BEER, et al.,<br><br>    Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER DENYING CONSTRUED MOTION FOR RELIEF AS TO MAIL<br><br>(ECF Nos. 99, 108) |

    Plaintiff John W. Williams is a state prisoner proceeding *pro se* in this case, which proceeds on his Eighth Amendment excessive force claim against Defendant Oaks; Eighth Amendment failure to protect claim against Defendant Pascoe; Eighth Amendment sexual assault claim against Defendant Oaks; and Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF No. 25).

    Plaintiff filed a notice on July 21, 2025, stating that, whenever he sends out "confidential legal mail to the Court in accordance with prison rules, the prison mailroom reject[s] the legal correspondence" with a notation of "no such Judge listed on file." (ECF No. 99, p. 1).[1] Plaintiff includes an attachment titled "Confidence Correspondence Rejection Notice" from Mule Creek State Prison, which is consistent with Plaintiff's description. It states that some unspecified correspondence was not mailed because "[t]his is not addressed to a qualified confidential

---

[1] The Court has made minor notations to some quotations in this order without indicating each change.

1

correspondent. Please ensure your addressee meets the specified requirements found at Title 15 §3141 and §3142."[2] And it includes the notation "no such judge listed on file." The Court construes this filing a motion requesting relief as to his mail sent to the Court.

Defendants filed a response on August 15, 2025, stating as follows:

> A single piece of correspondence, which Plaintiff did not identify in his filing, was initially rejected mistakenly due to the fact that MCSP mail room staff incorrectly believed the addressee was an inactive attorney. (Decl. of P. Andrews ¶ 3-4, Ex. A). Plaintiff addressed the correspondence to "Hon. Erica P. Grosjean," and a search of Erica P. Grosjean on the California State Bar website indicates a status of inactive. *See* https://apps.calbar.ca.gov/attorney/Licensee/Detail/215817. The mail room subsequently identified that the Honorable Magistrate Judge Grosjean, the addressee, was an active magistrate judge of this Court. To remedy the mistake, the mail room staff subsequently mailed the correspondence within the time stated in CDCR's regulations. (*Id.* ¶ 4, Ex. A). Thus, Plaintiff's mail was sent to the Court and not "obstructed" as he claims. (*Id.* ¶ 4). In addition, that mailing was the only piece of legal mail for Plaintiff that has been rejected since he has been housed at MCSP. (*Id.* ¶ 5).
>
> The initial, mistaken rejection was caused in part by Plaintiff's failure to follow this Court's directions concerning mailings to the Court. Specifically, in its First Informational Order, the Court directed Plaintiff to address his filings to the Court as follows: Clerk of the Court Room 1501 United States District Court 2500 Tulare Street Fresno, California 93721 (ECF No. 3 at 2).
>
> The Court further warned Plaintiff: "Any documents mailed to a judge's chambers . . . may be stricken without notice." (*Id.*) However, as Plaintiff admits, he failed to address his correspondence as directed by the Court, causing it to be initially rejected. (ECF No. 99; Decl. of P. Andrews ¶ 4, Ex. A). Had Plaintiff addressed his filing correctly to the Clerk as directed by the Court, it would not have been rejected. (Decl. of P. Andrews, ¶ 4). Accordingly, Plaintiff's claim of obstruction of his legal and his attempt to impugn Defendants as interfering with his legal mail is untrue.

(ECF No. 103, pp. 1-2) (minor alterations).

The declaration cited in the above quotation regarding the background behind the mailing is attached to Defendants' opposition and is the Declaration of P. Andrews, a Mule Creek State Prison employee that oversees the mailroom supervisor and is familiar with the Prison's mailroom procedures. (ECF No. 103-1). Defendants ask the Court to strike Plaintiff's filing as meritless under the Court's inherent authority to control its docket. (ECF No. 103, pp. 2-3).

Plaintiff filed a reply on August 25, 2025. (ECF No. 108). Plaintiff does not substantively

---

[2] 15 CCR § 3141(c) provides that prisoners may send confidential mail to multiple persons and entities, including "[a]ll state and federal judges and courts."

2

challenge Defendants' factual account in their opposition or present any evidence. Rather, he asserts that prison officials knew this mailing was addressed to the undersigned and did not send it regardless.

Upon consideration, the Court will deny Plaintiff's filing to the extent that it requests any relief regarding his mailings. Notably, Defendants have submitted unrebutted evidence that this was a one-time mailing error. Further, Plaintiff has filed numerous documents on the record recently, indicating that his mail is not being interfered with, and he does not identify any specific piece of mailing that the Court has not yet received. (ECF Nos. 100, 108, 109, 111, 113).

As for Defendants' request to strike, the Court sees no basis to strike Plaintiff's filing.

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's construed motion for relief regarding his mail (ECF Nos. 99, 108) is DENIED.
2. Defendants' request to strike Plaintiff's filing is DENIED.

IT IS SO ORDERED.

Dated:  **October 2, 2025**              /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

3