UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>                Plaintiff,<br><br>   v.<br><br>BEER, *et al.*,<br><br>                Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO LIMIT SCOPE OF SUBPOENA<br><br>(ECF No. 113) |

## I.     INTRODUCTION

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.[1] This case proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendant Oaks; Plaintiff's Eighth Amendment failure to protect claim against Defendant Pascoe; Plaintiff's Eighth Amendment sexual assault claim against Defendant Oaks; and Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF No. 25, pp. 2-3). Generally, these allegations stem from an alleged unprovoked assault on Plaintiff by prison

---

[1] Plaintiff is not proceeding *in forma pauperis*; he paid the filing fee. (*See* docket entries on March 15 and 24, 2021).

1

officials in August 2019, and Plaintiff's subsequent denial of medical care for his injuries. (*See* ECF No. 10, pp. 3-7).[2]

Now before the Court is Plaintiff's motion and request for a court order to limit the scope of a subpoena that Defendants issued to Atascadero State Hospital regarding Plaintiff's mental health treatment records and disciplinary records. (ECF No. 113). As explained below, the Court will deny Plaintiff's motion.

## II. PLAINTIFF'S MOTION

### A. Parties' Filings

Plaintiff's motion, filed September 15, 2025, asks "the Court for an order to limit the scope of [the] subpoena served by Defendants on about August 29, 2025, on Atascadero State Hospital (ASH) for medical and mental health treatment records as well as [his] disciplinary records relative to Plaintiff's stay at ASH from December 11, 2019, thru January 24, 2020."[3] (ECF No. 113, pp. 1-2). Plaintiff generally argues that the requested documents are privileged or otherwise outside the scope of discovery. Further, he states that the documents "should be screened by the doctrine of unclean hands" based on a review of the records in a Central District of California case, *Williams v. Black*, 2:20-cv-4300-PSG-MAA.

Plaintiff's motion attached a subpoena to the Custodian of Records, Atascadero State Hospital. The subpoena commands Atascadero State Hospital to produce the following documents to the Office of the California Attorney General:

> 1. All medical records and reports, including but not limited to, physician's notes, nurses' notes, orders for treatment, records of physical examinations, and refusals of treatment or examination, and mental treatment or progress notes pertaining to John Wesley Williams (CDCR No. V34099) from December 11, 2019 through January 24, 2020.
>
> 2. Any disciplinary records, reports or violations issued to John Wesley Williams (CDCR No. V34099) issued or created at Atascadero State Hospital between December 11, 2019 through January 24, 2020.

---

[2] This case was stayed from April 2022 until June 2025 while Plaintiff's related criminal case—alleging that he assaulted Defendant Oaks in connection with the August 2019 events—proceeded in state court, with the case ultimately being dismissed following Plaintiff's mental health diversion plea. (*See* ECF Nos. 45, 53, 89, 94).

[3] For readability, the Court has made minor changes to Plaintiff's quotations, such as changing capitalization, without specifying each change.

(ECF No. 113, at p. 11).

On September 16, 2025, the Court set a deadline for Defendants to respond to Plaintiff's motion, directed the Clerk of Court to serve a copy of the order on ASH, and directed ASH to withhold production of the documents until the Court issued a further order. (ECF No. 114, pp. 1-2). Alternatively, the Court noted that, if Defendants had already received these records from ASH, they should segregate and not review them until further order of the Court. (*Id.* at 2).

Defendants timely opposed Plaintiff's motion on September 30, 2025, arguing that the documents are relevant to Plaintiff's claims, Plaintiff failed to show why the subpoena should be limited, and the Central District case does not prohibit disclosure of the documents. (ECF No. 118).

Plaintiff filed his reply on October 9, 2025, arguing that the medical records should not be produced because Defendants have separately issued discovery requests to him for his mental health records, and thus the subpoena is duplicative and repetitive and imposes a burden on him. (ECF No. 122, p. 2).

### III.  DISCUSSION

#### a.  Legal Standards

A party may obtain information from a non-party in a case by serving a subpoena. Fed. R. Civ. P. 45. As a general rule, a party "lacks standing to object to a subpoena issued to a nonparty witness" because of "the principle that the person served with process is the proper party to allege error." *United States v. Viltrakis*, 108 F.3d 1159, 1161 (9th Cir. 1997); *see In re Grand Jury Subpoenas Dated Dec. 10, 1987*, 926 F.2d 847, 852 (9th Cir. 1991) ("The subpoenas do not seek documents pertaining to Doe Two. Neither are the subpoenas directed to him. Thus, he lacks standing to challenge the subpoenas."). There are limited exceptions to this rule; for example, a party may object to a subpoena when the party has a personal right or privilege regarding the information held by the non-party or it imposes an undue burden. *See Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 973 (C.D. Cal. 2010) (collecting cases); *Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, No. CV 05-3444 PSGMANX, 2008 WL 4951213, at *1 (C.D. Cal. Nov. 17, 2008) ("However, a party has standing to move to quash a subpoena only if it alleges that the information sought is privileged or the subpoena subjects the moving party to

undue burden. Otherwise put, a party may not quash a subpoena served upon a non-party on any grounds other than privilege.") (citation omitted).

> To determine whether a subpoena constitutes an undue burden, courts balance six factors: (1) the relevance of the information requested; (2) the need of the party for production; (3) the breadth of the request for production; (4) the time period covered by the subpoena; (5) the particularity with which the subpoena describes the requested production; and (6) the burden imposed.

*Televisa, S.A. de C.V.*, 2008 WL 4951213, at *2.

### B. Analysis

Plaintiff first argues that the subpoenaed documents "require disclosure of privileged or other protected matter" but he fails to specify privilege. (ECF No. 113, p. 2). He cites Federal Rule of Civil Procedure 45(d)(3)(A)(iii), which authorizes "the court for the district where compliance is required"[4] to quash or modify subpoenas that "require[] disclosure of privileged or other protected matter, if no exception or waiver applies."

While the Court recognizes that, as a general matter, a person's medical records may contain confidential information, "[a] party may waive [his] general right to privacy as to medical records if [he] puts their contents at issue in a case." *Christin v. Wal-Mart Assocs., Inc.*, No. 1:24-CV-00619-KES-SAB, 2025 WL 391013, at *3 (E.D. Cal. Feb. 3, 2025).

As Defendants argue, "[i]n his complaint, Plaintiff alleges injury for 'post-traumatic stress' and 'psychological duress' and physical injury." (ECF No. 118, p. 2) (citing ECF No. 1, p. 4). Additionally, Plaintiff seeks monetary damages as part of his request for relief. (ECF No. 1, p. 7). Thus, Plaintiff has waived any confidentiality concerns as to the medical records at issue. *See Canton v. U.S. Foods, Inc.*, No. 22-CV-04226-TLT (LJC), 2023 WL 4053798, at *2 (N.D. Cal. June 16, 2023) ("But there is undoubtedly a waiver if the party brings claims concerning physical or mental health injuries and then seeks damages for those injuries.").

Plaintiff's next argument cites findings and recommendations on a motion for summary judgment against unrelated defendants from his case in the Central District (*Williams v. Black*, 2:20-cv-4300-PSG-MAA) as a basis to quash the subpoena. Specifically, he cites the following passage discussing Plaintiff's First Amendment retaliation claim in that case:

---

[4] The Court notes that the subpoena issued to ASH requires production in Sacramento, California, which is within this District.

> Making all inferences in Plaintiffs favor, Plaintiff's proffered circumstantial evidence—of suspect timing, opposition to speech, and evidence calling into question Defendants' stated reason for discharging Plaintiff to CDCR—create a genuine dispute of material fact as to whether Defendants acted with a retaliatory motive in discharging Plaintiff from DSH-A to CDCR.

(ECF No. 113, p. 2, 24). Plaintiff then asserts that the documents should not be produced under "the doctrine of unclean hands." (*Id.* at 2).

The Court finds that the order does not warrant limiting the subpoena here. First, even assuming that the same records were at issue in the Central District case, the cited opinion did not address whether such documents should be produced or not under a subpoena; rather, the Central District cased concerned whether summary judgment was warranted for the different defendants in that case. Second, the clean-hands doctrine is "[t]he principle that a party cannot seek equitable relief or assert an equitable defense if that party has violated an equitable principle, such as good faith. Such a party is described as having 'unclean hands.'" CLEAN-HANDS DOCTRINE, Black's Law Dictionary (12th ed. 2024). Plaintiff provides no developed argument as to how this principle applies here.

Lastly, Plaintiff argues that, because Defendants have generally requested his medical records in discovery, the production of the documents at issue in the subpoena would be "duplicative and repetitive "and impose "a burden" on him. (ECF No. 122, p. 2). The Court disagrees.

The subpoena is limited to medical and disciplinary records spanning a limited time period from December 11, 2019 through January 24, 2020. (ECF No. 113, p. 11). This time period is very shortly after the August 2019 events recounted in the complaint and Plaintiff's medical records could be relevant, among other things, to the extent of his alleged injuries he suffered in this case.

Further, Plaintiff's disciplinary records may be relevant to Defendants' potential defense that Plaintiff's conduct in this case was part of an "extensive history of rules violations in prison." (ECF No. 118, p. 4).

And because the subpoena is directed to ASH, Plaintiff has no burden imposed on him to produce the documents; rather, ASH will produce the records.

Accordingly, the Court will deny Plaintiff's motion to limit the scope of the subpoena.

5

### IV. CONCLUSION AND ORDER

For the reasons explained above, IT IS ORDERED as follows:

1. Plaintiff's Motion for a Court Order to Limit the Scope of Subpoena is DENIED. (ECF No. 113).

    a. The Court vacates its previous instruction that the legal coordinator or appropriate official for Atascadero State Hospital withhold production of documents, or, in the event that Defendants have already received these records from Atascadero State Hospital, that they should segregate the documents and not review them. (ECF No. 114, p. 2).

    b. Atascadero State Hospital may produce the documents, or Defendants may review them if they are already in their possession.

2. The Clerk of Court is ordered to send a copy of this order to Department of State Hospitals – Atascadero at the following address: P.O. Box 7001, Atascadero, CA, 93423-7001.

IT IS SO ORDERED.

Dated: __October 30, 2025__         /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE