UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEER, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER DENYING, WITHOUT PREJUDICE, MOTION FOR SUBPOENA<br><br>(ECF No. 140) |

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.[1] This case proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendant Oaks; Plaintiff's Eighth Amendment failure to protect claim against Defendant Pascoe; Plaintiff's Eighth Amendment sexual assault claim against Defendant Oaks; and Plaintiff's Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF No. 25, pp. 2-3).

Generally, these allegations stem from an alleged unprovoked assault on Plaintiff by prison officials in August 2019, and Plaintiff's subsequent denial of medical care for his injuries. (*See* ECF No. 10, pp. 3-7). The events happened when certain Defendants were designated to transport Plaintiff from California State Prison Corcoran (CSPC) to King's County Superior and then to transport Plaintiff back to California Medical Facility (CMF) after court, where Plaintiff

---

[1] Plaintiff is not proceeding *in forma pauperis*; he paid the filing fee. (*See* docket entries on March 15 and 24, 2021).

1

1 | was assigned to the Psychiatric Inpatient Program. (*Id.* at 3).

Now before the Court is Plaintiff's motion, filed on November 6, 2025, requesting the Court to issue a subpoena. (ECF No. 140). Plaintiff's motion states as follows:

> Documents sought by the subpoena are identified as copies of any and all requests "sent to CMF ISU staff to conduct an interview with inmate Williams in regards to this incident" by California State Prison Corcoran (CSPC) Investigative Services Unit (ISU) Officer C. Musselman on August 5, 2019, see Exhibit A herein, and any response thereto, by email, text, instant message, or an other electronic communication means.
>
> The evidence sought by said subpoena is central to the claim raised in this lawsuit because the evidence would show that immediately following the incident with Defendant Oaks, CSPC ISU Officer C. Musselman was (1) requested to respond; (2) collected and processed evidence, and (3) "at approximately 1720 hours, made contact with CMF ISU/K9 Officer F. Gonzalez," see Exhibit A, for while in transport to CMF, CSPC ISU Officer C. Musselman arranged Plaintiff's interview to gather facts and Plaintiff's position in order to better protect Defendants Oaks and Pasco. From this arranged interview, conducted on or about August 6, 2019, by audio recording only by CMF ISU, Plaintiff placed high emphasis on the area in parking lot location, where the Kings County Superior Court security surveillance camera was positioned to see inside the transit van #266, to capture Defendant Oaks wanton and malicious assaults on Plaintiff. Said audio recording too have CMF ISU interviewer, assuring Plaintiff that the courthouse video footage would be collected and reviewed, as part of evidence, however, both video and audio only recordings are and have been concealed and withheld, while investigations passed on to other officials who all ignore, or pretend oblivious to this interview especially arranged by CSPC ISU Officer C. Mussleman.
>
> The documents sought by said subpoena are maintained on any device or state issued work computer used to initiate, maintain, carry out, and store communications between ISU officials, and cannot be obtained by no other means.

(ECF No. 140, pp. 1-3) (minor alterations for readability).

Attached to Plaintiff's motion is a subpoena form that is addressed to the "California Department of Corrections & Rehabilitation," requesting "documents or recordings that ISU Officer C. Musselman made to ISU Officer F. Gonzalez on August 5, 20219, at 1720 hours, any response thereto, and copies of all interviews relative thereto." (*Id.* at 5) (minor alterations for readability).

The Court will deny Plaintiff's motion, without prejudice. The Court informed Plaintiff as follows in its August 22, 2025 scheduling order:

> If Plaintiff seeks documents from someone who is not a party in this case, Plaintiff must file a request for the issuance of a subpoena *duces tecum* with the Court. In

2

> any request for a subpoena, Plaintiff must: (1) identify the documents sought and from whom; (2) explain why the documents are relevant to the claims in this case; and (3) make a showing in the request that the records are only obtainable through a third party. If the Court approves the request, it may issue Plaintiff a subpoena *duces tecum*, commanding the production of documents from a non-party, and *may* command service of the subpoena by the United States Marshals Service. Fed. R. Civ. P. 45; 28 U.S.C. § 1915(d). However, the Court will consider granting such a request *only if* the documents sought from the non-party are not obtainable from Defendant(s) through a Rule 34 request for production of documents.

(ECF No. 107, p. 5) (emphasis in original).

While Plaintiff has addressed some of the above requirements, Plaintiff has not adequately shown that the information is not available through a Rule 34 request to Defendants. Importantly, in their scheduling statement, Defendants stated "Defendants do not believe [that a third-party subpoena directed to Plaintiff's institution of confinement] would be necessary [to obtain relevant documents] but reserve the right to reevaluate this position depending on specific requests that may be propounded." (ECF No. 105, p. 10). Despite this indication that Defendants may be able to provide him the documents, Plaintiff did not request the documents from Defendants before filing this motion. If Defendants object to the discovery request because the information is not obtainable by them, Plaintiff may renew his motion for the issuance of a subpoena.[2]

Accordingly, IT IS ORDERED that Plaintiff's motion for the issuance of a subpoena (ECF No. 140) is DENIED, without prejudice to Plaintiff refiling the motion if Defendants respond to Plaintiff's discovery request by stating that the requested information is not in their possession, custody, or control.

IT IS SO ORDERED.

Dated: **November 17, 2025**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

---

[2] Additionally, the Court notes that Plaintiff is not proceeding *in forma pauperis* in this case. Accordingly, he will be required to serve and bear the costs of service for any subpoenas that are issued. *See* Fed. R. Civ. P. 45(b)(1) ("Any person who is at least 18 years old and not a party may serve a subpoena. Serving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law."). And if Plaintiff desires to utilize the United States Marshals Service to serve any subpoenas, he is directed to 28 C.F.R. § 0.114, which sets out the fees for such services, including "[f]or process served or executed personally—$65 per hour (or portion thereof) for each item served by one U.S. Marshals Service employee, agent, or contractor, plus travel costs and any other out-of-pocket expenses."