UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BEER, et al.,<br><br>　　　　　Defendants. | Case No.  1:21-cv-00155-KES-EPG (PC)<br><br>ORDER OVERRULING IN PART DEFENDANTS' OBJECTIONS TO PRODUCTION OF DOCUMENTS BASED ON THE OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF No. 127) |

　　　　Plaintiff John Wesley Williams is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint commencing this action on February 8, 2021.  (ECF No. 1).  This case proceeds on Plaintiff's Eighth Amendment claims for excessive force against Defendant Oaks, failure to protect against Defendant Pascoe, sexual assault against Oaks, and deliberate indifference to serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos.  (ECF No. 25).

　　　　Now before the Court are Defendants' objections to the production of certain documents filed on October 21, 2025.  (ECF No. 127).  Defendants filed a Notice of Submission of Privileged Documents for *In Camera* Review on October 21, 2025.  (ECF No. 128).  Plaintiff filed a response to Defendants' objections on November 3, 2025.  (ECF No. 139).

　　　　Having reviewed the documents, the Court finds that Defendants' objections to production are overruled in part.

1

**I.   BACKGROUND**

Plaintiff alleges that, on or about August 4, 2019,[1] Oaks and Pascoe were designated to transport him from California State Prison Corcoran ("CSPC") to Kings County Superior Court to appear on a criminal charge for indecent exposure. (ECF No. 10 at 3). Oaks and Pascoe were also designated to transport Plaintiff back to California Medical Facility ("CMF") after court, where Plaintiff was assigned to the Psychiatric Inpatient Program for mental health treatment in a hospital setting. (*Id.*)

When Plaintiff was at the transit van after his court proceeding, Oaks stabbed him in the buttocks with a handcuff key. (*Id.* at 10). Oaks then returned to the van's holding cage and repeatedly kicked Plaintiff in his face, torso, and legs with a booted foot. (*Id.*) Pascoe "watched the attack and acted as a lookout." (*Id.*) Oaks returned to the side of the van and discharged a can of chemical agent (MK-4 oleoresin capsicum ("OC")) into the van's rear cabin. (*Id.* at 5). Plaintiff kicked the holding cage door, striking Oaks' leg and lunged at him. (*Id.*) Oaks discharged the OC spray toward Plaintiff. (*Id.*)

Plaintiff was left inside the OC contaminated van for nearly an hour. (*Id.*) He heard Riddle, Garcia, Pascoe, and Oaks outside the van "conspiring" about Plaintiff, his injuries, and his need for medical evaluation. (*Id.*) Plaintiff reported injuries throughout his body and was transported to CSPC for evaluation. (*Id.* at 5-6). Beer ordered that Plaintiff not be provided decontamination or medical aid and that he be transported back to CMF in the same OC-contaminated holding cage from earlier in the day. (*Id.* at 6). Cubos "went along with defendant Beer to deny Plaintiff a medical evaluation, medical aid, and a report of injuries." (*Id.* at 6).

Plaintiff faced a disciplinary charge for assault/battery of a peace officer, and he submitted a grievance and ultimately filed the underlying lawsuit. (*Id.*)

The Court opened discovery on August 22, 2025. (ECF No. 106). To secure the just, speedy, and inexpensive disposition of this action, the Court directed the parties to exchange certain documents, including "[w]itness statements and evidence that were generated from

---

[1] At times, Plaintiff refers to the incident date as August 4, 2019, while at other times, he refers to the date as August 5, 2019. Defendants' documents appear to indicate the incident took place on August 5, 2019. Since Plaintiff alleged August 4, 2019, in his Complaint, the Court uses August 4, 2019, here.

investigation(s) related to the event(s) at issue in the complaint, such as an investigation stemming from the processing of Plaintiff's grievance(s), if any." (*Id.* at 2).

On October 21, 2025, Defendants filed an objection to the Court's discovery order. (ECF No. 127). Defendants asserted objections under the official information privilege. (*Id.*) Along with their objections, Defendants included a privilege log and the Declaration of P. Williams, the litigation coordinator at CSP-Corcoran, which describes withheld documents as being confidential under California Code of Regulations, Title 15, Section 3321. (*Id.*)

The same day, Defendants filed a Notice of Submission of Privileged Documents for *In Camera* Review (ECF No. 128), including:

- DEF 020-021: CDCR Form 3036, Institutional Executive Review Committee (IERC) Critique and Qualitative Evaluation, Log No. COR-HCO-19-08-0872;
- DEF 022-025: CDCR Form 3035, IERC Use of Force Review and Further Action Recommendation, Log No. COR-HCO-19-08-0872;
- DEF 029-031: CDCR Form 3011, Manager's Review, First Level, Use of Force
- Incidents, Log No. CORHCO-19-08-0872;
- DEF 032-036: CDCR Form 3010 Incident Commander's Review/Critique Use of Force Incidents, Log No. COR-HCO-19-08-0872;
- DEF 037: Crime/Incident Report Part C-2- Review Notice, Log No. COR-HCO-19-08-0872;
- DEF 042: Chemical Agents Training; State of California Department of Corrections Weapons Qualification Card for J. Oaks;
- DEF 043: Crime/Incident Report Overtime Documentation, Log No. COR-HCO-19-08-0872DEF 032-036;
- DEF 044: FLSA Sign-In Sheet, a-transportation, Monday, August 5, 2019;
- DEF 045: FLSA Sign-In Sheet Investigative Services Unit, Monday, August 5, 2019;
- DEF 065-067: Confidential Supplement to Appeal –Appeal/Allegations Inquiry Amended, Log No. CSP-8-19-5980/2140-19-395;

- DEF 068: Institutional Executive Review Committee-Allegation Review, Log Nos. COR-HCO-19-08-0872/CSP-8-19-5980/2140-19-395;
- DEF 069-072: Confidential Supplement to Appeal –Appeal/Allegations Inquiry, Log No. CSP-8-19-5980/2140-19-395;
- DEF 073-075: Notice of Interview Re: Complaint Against Staff and Advisement of Rights, Log No. CSPC-8-19-05980;
- DEF 076-078: Notice of Interview Re: Complaint Against Staff and Advisement of Rights, Log No. CSPC-8-19-05980;
- DEF 080-081: CDCR Form 3031-2, Inmate Interview for Allegation Worksheet;
- DEF 082-083: CDCR Form 3014, Report of Findings—Inmate Interview Log No. CMF-M-19-03576;
- DEF 383-386: Allegation Inquiry re: PREA Allegations, PREA Log No. CHCFPREA-19-09-037; and
- DEF 399-401: Memorandum – Investigation Into Alleged Staff Sexual Misconduct of Inmate Williams, V34099, PREA Log No. CHCFPREA-19-09-037.

(ECF No. 127 at 4-9).

Williams' declaration describes the risk that such documents could be given to other inmates, and argues that disclosure would jeopardize the security of the institution, reveal investigative techniques, and potentially impede future investigations. (*Id.* at 11-12). Williams argues that disclosure of the documents would inhibit future staff witnesses from candidly providing information to investigators, impeding the ability of the prison to conduct accurate and reliable inquiries into staff misconduct. (*Id.* at12). Williams explains that the documents contain personnel information such as Oaks' qualification card, staff FLSA forms, badge numbers, personnel (PERNR) numbers, and work email addresses and phone numbers for Defendants and other prison staff members. (*Id.*) Williams argues that this information is protected from disclosure under state law. (*Id.*) Williams asserts that, if inmates had access to this type of information, "they would have the tools to sabotage staff attempts to deal with disruptive conduct and to undermine investigations into alleged misconduct." (*Id.* at 11-12).

Plaintiff received a copy of Defendants' objections, privilege log, supporting declaration and Notice of Submission of Privileged Documents for *In Camera* Review. Plaintiff filed Objections to Defendants' Response to Court's Order to Exchange Documents. (ECF No. 139). In his filing, Plaintiff argues that Defendants' "disclosure primarily consist[s] of documents already disclosed by Plaintiff … and hundreds of pages of irrelevant documents," such as Plaintiff's prior grievances and discipline history. (*Id.* at 2). Plaintiff also objects to Defendants' "failure to make disclosure of the initial audio recorded interview conducted by CMF Investigative Service Unit" following the events of August 4, 2019. (*Id.* at 3). He also opposes "the attempt to then hide the most critical, pertinent and relevant documents behind official privilege . . . ." (*Id.*) Plaintiff objects to the Court excluding claims of "conducting counterfeit investigations…and discard[ing] or withholding of fact proving evidence."[2] (*Id.* at 4).

## II.   LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Questions of privilege in federal civil rights cases are governed by federal law. Fed. R. Evid. 501; *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g.*, *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by *Kerr*, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr*, 426 U.S. at 406); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-

---

[2] Plaintiff's objection to including additional claims was addressed by the Court in its Findings and Recommendations, Recommending that Certain Claims and Defendants be Dismissed (ECF No. 12), adopted by the district court on July 13, 2021 (ECF No. 25). The Court will not address Plaintiff's argument here.

34 (9th Cir. 1990) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

### III. ANALYSIS

With these legal standards in mind, the Court has reviewed the documents provided for *in camera* review. The Court finds that Defendants' objections to certain portions of documents should be overruled.

The Court finds that written statements and interview summaries from Plaintiff, Defendants, and other prison staff about the events of August 4, 2019, and other direct evidence should be produced including the following:

- DEF 020-021: CDCR Form 3036, Institutional Executive Review Committee (IERC) Critique and Qualitative Evaluation, Log No. COR-HCO-19-08-0872;
- DEF 042: Chemical Agents Training; State of California Department of Corrections Weapons Qualification Card for J. Oaks;
- DEF 065-067: Confidential Supplement to Appeal –Appeal/Allegations Inquiry Amended, Log No. CSP-8-19-5980/2140-19-395;
- DEF 068: Institutional Executive Review Committee-Allegation Review, Log Nos. COR-HCO-19-08-0872/CSP-8-19-5980/2140-19-395;
- DEF 069-072: Confidential Supplement to Appeal –Appeal/Allegations Inquiry, Log No. CSP-8-19-5980/2140-19-395;
- DEF 080-081: CDCR Form 3031-2, Inmate Interview for Allegation Worksheet;
- DEF 082-083: CDCR Form 3014, Report of Findings—Inmate Interview Log No. CMF-M-19-03576; and
- DEF 383-386: Allegation Inquiry re: PREA Allegations, PREA Log No. CHCFPREA-19-09-037.

These documents may be produced in redacted form to exclude any internal analyses or opinions regarding the evidence collected, as well as information regarding the procedures or staff conducting the investigation and personnel information such as badge numbers, personnel

(PERNR) numbers, work email addresses and phone numbers for Defendants and other prison staff members. In considering the potential benefits of disclosure, the Court finds that the statements from Plaintiff, Defendants, and other prison witnesses, along with the qualification card, contain direct evidence regarding the incident in this case, including contemporary witness accounts of the event recorded close in time to the incident at issue and Oaks' knowledge and skill in deploying chemical agents. *See Woodford v. Ngo*, 548 U.S. 81, 94–95 (2006). Such evidence is directly relevant to this case and could be used as evidence at summary judgment or trial in this matter.

The Court has also evaluated Defendants' objections and finds that the risks identified in those objections do not outweigh the benefits that disclosure of these portions of documents would have to this case. *Sanchez,* 936 F.2d at 1033-34. These party and witness statements are straightforward and do not reveal any confidential techniques that could undermine the effectiveness of prison investigations in the future. The documents do not contain the statements of any other inmates. Moreover, the Court is only requiring production of the witness statements and written interview summaries themselves, not the entire Institutional Executive Review Committee (IERC) Critique and Qualitative Evaluation, use of force reviews, Memorandum – Investigation Into Alleged Staff Sexual Misconduct of Inmate Williams, or any related discussion or evaluation of those summaries that could reveal the institution's techniques, impressions or personnel information. The Court also disagrees that disclosing such interviews would cause witnesses in the future to be less truthful in similar investigations. On the contrary, the fact that witness statements may be used later in court would likely encourage candor in such situations.

However, the Court sustains Defendants' objection to production of (1) the institution's analyses and opinions, and (2) prison personnel information such as FLSA sign-in sheets, badge numbers, personnel (PERNR) numbers, work email addresses and phone numbers for Defendants and other prison staff members. While Plaintiff filed a response to Defendants' objection and presented his own objection to documents being withheld under the official information privilege, his only argument is that all the documents are relevant. (ECF No. 139 at 10). However, the Court finds that the analyses, opinions, and personnel information are not directly relevant to the

case because they are not direct evidence of what took place, and disclosure could risk the safety and security concerns identified in Defendants' objections.

After weighing the potential benefits and disadvantages of disclosure, the Court finds that the risks outweigh the benefits for producing the institution's analyses, opinions, and prison personnel and contact information. These documents, or portions of documents, should not be produced under the official information privilege because the potential disadvantages of disclosure outweigh the relevance of the documents to the litigation.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' objections to production of documents (ECF No. 127) are overruled in part.

1. No later than January 30, 2026, Defendant shall provide the following portion of documents[3] to Plaintiff:

   - DEF 020-021:  CDCR Form 3036, Institutional Executive Review Committee (IERC) Critique and Qualitative Evaluation, Log No. COR-HCO-19-08-0872;
   - DEF 042: Chemical Agents Training; State of California Department of Corrections Weapons Qualification Card for J. Oaks;
   - DEF 065-067: Confidential Supplement to Appeal –Appeal/Allegations Inquiry Amended, Log No. CSP-8-19-5980/2140-19-395;
   - DEF 068: Institutional Executive Review Committee-Allegation Review, Log Nos. COR-HCO-19-08-0872/CSP-8-19-5980/2140-19-395;
   - DEF 069-072: Confidential Supplement to Appeal –Appeal/Allegations Inquiry, Log No. CSP-8-19-5980/2140-19-395;
   - DEF 080-081: CDCR Form 3031-2, Inmate Interview for Allegation Worksheet;
   - DEF 082-083: CDCR Form 3014, Report of Findings—Inmate Interview Log No. CMF-M-19-03576; and

---

[3] Only the portions of the documents described above, containing direct evidence and summary of witness accounts of the incident, shall be produced. As described above, Defendants may redact the institution's description of the process, analysis, conclusions of investigating staff, as well as personnel information such as badge numbers, personnel (PERNR) numbers, and work email addresses and phone numbers for Defendants and other prison staff members.

8

- DEF 383-386: Allegation Inquiry re: PREA Allegations, PREA Log No. CHCFPREA-19-09-037.

2. Additionally, Defendants shall file a notice of compliance with the Court concurrently with production to Plaintiff.

IT IS SO ORDERED.

Dated: __**December 23, 2025**__         /s/ Erica P. Grosjean
                                         UNITED STATES MAGISTRATE JUDGE

9