UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>BEER, *et al.*,<br><br>        Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER DENYING DEFENDANTS' MOTION TO STAY<br><br>(ECF No. 152) |

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.

Now before the Court is Defendants' motion for a protective order to stay discovery and the scheduling order deadlines pending a ruling on their motion for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies. (ECF No. 152). For the reasons explained below, the Court will deny Defendants' motion to stay.

**I.   BACKGROUND**

Plaintiff filed his complaint on February 8, 2021. (ECF No. 1). Defendants Oaks, Pascoe, and Riddle, Beer, and Garcia are correctional officers, and Defendant Cubos is a registered nurse who recorded Plaintiff's injuries. (ECF Nos. 1, 10, 13). This action stems from Plaintiff's allegations that, on August 5, 2019, Defendant Oaks stabbed him in the buttocks with a metal pencil-like handcuff key, repeatedly kicked him, and pepper sprayed him, while Defendant Pascoe stood outside the van's side door and watched. (ECF Nos. 1, 10, 13, 25). Plaintiff also alleges that, after he was subjected to the excessive use of force, he suffered from bleeding

buttocks, pain to groin, pain to lower torso, pain to face, pain to legs, burning of skin, burning of eyes, and burning lungs, and that while Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos were aware of some, if not all, of his injuries, none of them provided or summoned medical care for those injuries. (*Id.*)

After screening, Plaintiff elected to proceed on his Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (*Id.*)

On December 9, 2025, Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing his complaint. (ECF No. 148). Among other things, Defendants argue that one of Plaintiff's grievances "was not exhausted through the third and final level of review until December 2, 2021— nearly a year *after* Plaintiff filed the operative complaint in this case." (ECF No. 148-1, p. 12). Plaintiff opposed Defendants' motion for summary judgment on December 29, 2025, arguing, among other things, that Defendants failed to properly process his grievance, and thus his claims should be deemed exhausted. (ECF No. 155, pp. 2, 6-7). Defendants have yet to file a reply in support of their motion for summary judgment.[1]

On December 17, 2025, Defendants filed their instant motion to stay, stating as follows:

> [A] protective order staying the Scheduling Order deadlines and staying discovery—including but not limited to Defendants' responses to Interrogatories, Sets Two, to Defendant Oaks, Pascoe, Riddle, and Garcia; Plaintiff's additional interrogatories to Defendant Beer; and Plaintiff's Request for Production of Documents, Set Two, to Defendant Pascoe, recently served by Plaintiff—is necessary to protect Defendants from annoyance, oppression, and undue burden and expense pending resolution of Defendants' exhaustion-based motion for summary judgment, which may resolve this case entirely and without the need for reaching the merits in this case.

(ECF No. 152, p. 2) (footnote omitted).

\\\

\\\

---

[1] The Court recognizes that Defendants have a pending motion for extension of time to file their reply. (ECF No. 158).

2

## II. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 26(c)(1)—which Rule Defendants rely on—"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending. . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Fed. R. Civ. P. 26(c)(1).

Further, the court has the inherent power to stay proceedings. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). In considering whether to grant a stay, a court must weigh competing interests, including "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55).

The decision to stay is within a court's discretion, although the standard of review "is 'somewhat less deferential' than the abuse of discretion standard used in other contexts." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (citation omitted). Similarly, courts exercise "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In the context of staying discovery pending the resolution of an exhaustion motion, the Ninth Circuit has noted that "the district court *may in its discretion* limit discovery to evidence concerning exhaustion, leaving until later—if it becomes necessary—discovery directed to the merits of the suit." *Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (emphasis added).

## III. ANALYSIS

Upon consideration, the Court deny Defendant's motion to stay.

First, as to the damage that may result if this case were stayed, the Court's notes that this case was already stayed from April 2022 to June 2025 pending the resolution of related state criminal proceedings. (ECF Nos. 53, 94). As this case has been pending since 2021, with an over

three-year stay already granted, further delays would result in hardship to Plaintiff and interfere with the orderly course of justice.

Second, the Court previously denied Defendants' informal request to stay discovery in its scheduling order because, among other reasons, "resolution of Defendants' affirmative defense of non-exhaustion is likely to take a substantial amount of time and such that a stay pending resolution of that defense would substantially delay resolution of the case." (ECF No. 107, p. 1 n.1). This reasoning still holds true. Notably, Plaintiff has presented at least one colorable argument opposing their motion for summary judgment—Defendants failed to follow their own procedures in responding to his administrative grievance. (ECF No. 155); *see Andres v. Marshall*, 867 F.3d 1076, 1079 (9th Cir. 2017) ("When prison officials improperly fail to process a prisoner's grievance, the prisoner is deemed to have exhausted available administrative remedies."). Thus, resolution of this motion will not necessarily dispose of the case.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Defendants' motion to stay (ECF No. 152) is denied.

IT IS SO ORDERED.

Dated:  **January 7, 2026**               /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

4