UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN W. WILLIAMS,

                Plaintiff,

     v.

BEER, *et al.*,

                Defendants.

Case No. 1:21-cv-00155-KES-EPG (PC)

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO SERVE ADDITIONAL INTERROGATORIES ON DEFENDANTS BEER AND CUBOS

(ECF No. 143)

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.

Now before the Court is Plaintiff's motion for leave to serve additional interrogatories on Defendants Beer and Cubos. (ECF No. 143). For the reasons explained below, the Court will grant this motion.

## I.    BACKGROUND

Plaintiff filed his complaint on February 8, 2021. (ECF No. 1). Defendants Oaks, Pascoe, and Riddle, Beer, and Garcia are correctional officers, and Defendant Cubos is a registered nurse who recorded Plaintiff's injuries. (ECF Nos. 1, 10, 13). This action stems from Plaintiff's allegations that, on August 5, 2019, Defendant Oaks stabbed him in the buttocks with a metal pencil-like handcuff key, repeatedly kicked him, and pepper sprayed him, while Defendant Pascoe stood outside the van's side door and watched. (ECF Nos. 1, 10, 13, 25). Plaintiff also alleges that, after he was subjected to the excessive use of force, he suffered from bleeding

1

buttocks, pain to groin, pain to lower torso, pain to face, pain to legs, burning of skin, burning of eyes, and burning lungs, and that while Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos were aware of some, if not all, of his injuries, none of them provided or summoned medical care for those injuries. (*Id.*)

After screening, Plaintiff elected to proceed on his Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (*Id.*)

On December 9, 2025, Defendants moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies before filing his complaint. (ECF No. 148). Among other things, Defendants argue that one of Plaintiff's grievances "was not exhausted through the third and final level of review until December 2, 2021— nearly a year *after* Plaintiff filed the operative complaint in this case." (ECF No. 148-1, p. 12). Plaintiff opposed Defendants' motion for summary judgment on December 29, 2025, arguing, among other things, that Defendants failed to properly process his grievance, and thus his claims should be deemed exhausted. (ECF No. 155, pp. 2, 6-7). Defendants have yet to file a reply in support of their motion for summary judgment.[1]

Citing their motion for summary judgment, Defendants moved to stay discovery until it was decided. (ECF No. 152). The Court denied that motion on January 7, 2026. (ECF No. 159).

## II.    MOTION FOR ADDITIONAL DISCOVERY

On November 14, 2025, Plaintiff moved for leave to serve additional interrogatories on Defendants Beer and Cubos. (ECF No. 143). As to Defendant Beer, Plaintiff argues that Beer's responses to Plaintiff's first set of interrogatories #3, 5, 9, and 10 require him to issue additional interrogatories to follow up on Plaintiff's requests for information. As to Defendant Cubos, Plaintiff argues that Cubos's responses to Plaintiff first set of interrogatories # 2, 9, 11, 12, and 15 require him to issue additional interrogatories to follow up on Plaintiff's requests for information. Plaintiff attaches the first sets of interrogatories sent to Beer and Cubos, their responses, and his

---

[1] The Court recognizes that Defendants' deadline to file a reply is January 30, 2026. (ECF No. 160).

proposed additional interrogatories—6 for Beer and 6 for Cubos. The proposed additional interrogatories include specific and targeted requests, such as asking Beer the following: "On August 5, 2019, what was existing CDCR Policy that governed the decontamination of state transit vans contaminated with O.C. pepper spray," and asking Cubos the following: "On August 5, 2019, how long did your assessment of Plaintiff take and how long thereafter did you witness Plaintiff 'taken back inside the transport van.'" (ECF No. 43, pp. 8, 11) (minor alterations).

Defendants Beer and Cubos opposed Plaintiff's motion on December 12, 2025. (ECF No. 150). They argue that Plaintiff's motion should be denied because (1) their pending motion for summary judgment on the issue of exhaustion will moot the need for additional discovery; and (2) "the additional interrogatories he seeks to propound are argumentative and exceed the scope of permissible discovery in this case." (*Id.* at 1). Additionally, they argue that certain interrogatories are improper in asking them to state all facts. (*Id.* at 6).

## III.   LEGAL STANDARDS

Interrogatories are governed by Federal Rule of Civil Procedure 33. Under Rule 33(a), "[u]nless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts. Leave to serve additional interrogatories may be granted to the extent consistent with Rule 26(b)(1) and (2)." Fed. R. Civ. P. 33(a); *see* Fed. R. Civ. P. 26(b)(2)(A) ("By order, the court may alter the limits in these rules on the number of . . . interrogatories . . . .").

In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1).

Further, under Rule 33(a)(2),

> [a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b). An interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact, but the court may

3

order that the interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time.

Fed. R. Civ. P. 33(a)(2).

Under the scheduling order in this case, the parties are limited to 15 interrogatories, but "[i]f a party wishes to serve additional discovery requests, that party may file a motion for additional discovery requests with the Court, explaining why additional discovery requests are necessary." (ECF No. 107, p. 3).

Lastly, the Court notes that it has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir.2012) (noting district courts broad discretion in managing discovery and controlling the course of litigation).

## IV.   ANALYSIS

Upon consideration, the Court will grant Plaintiff's motion for leave to serve additional interrogatories on Defendants Beer and Cubos.

First, the Court has reviewed the requests and concludes that they are relevant to the issues and proportional to the needs of the case. Second, as to Beer specifically, Plaintiff has only propounded 10 interrogatories so far, so his additional 6 requested interrogatories will result in 16 interrogatories total, only 1 in excess of the standard 15 the Court has already permitted in its scheduling order. (*See* ECF No. 143, pp. 21-22, reflecting 10 interrogatories propounded). This modest increase will impose no foreseeable burden on Defendants. Further, while Plaintiff has propounded 15 interrogatories to Cubos, he only proposes 6 more, resulting in a total of 21 interrogatories for this case as to Cubos, which is a modest amount, especially considering that Plaintiff will likely not have the benefit of deposing the Defendants.

Third, to the extent that Defendants argue that certain interrogatories ask for opinion or contention relating to facts, as noted above, "[a]n interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact." Fed. R. Civ. P. 33(a)(2).

Lastly, in the Court's January 7, 2026 order, the Court declined to stay discovery in this case pending the ruling on Defendants' motion for summary judgment on exhaustion. (ECF No.

4

159). Accordingly, Defendants' pending motion for summary judgment does not provide a basis to deny Plaintiff's request to propound additional discovery.

## V.    CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1.  Plaintiff's motion for leave to serve additional interrogatories on Defendants Beer and Cubos is GRANTED. (ECF No. 143).

2.  The additional interrogatories in Plaintiff's motion (ECF No. 143) are deemed served as of the date of entry of this order.

3.  Defendants shall respond within the time required under the scheduling order: "Responses to written discovery requests shall be due **forty-five (45) days** after the request is first served." (ECF No. 107, p. 3).

IT IS SO ORDERED.

Dated:    **January 15, 2026**            /s/ _Erica P. Grosjean_
                                           UNITED STATES MAGISTRATE JUDGE

5