UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br><br>                    Plaintiff,<br><br>          v.<br><br>BEER, *et al.*,<br><br>                    Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR REQUEST FOR CLARIFICATION AND JUDICIAL DIRECTIVE; AND<br><br>ORDER DENYING PLAINTIFF'S MOTION TO APPOINT PRO BONO COUNSEL; AND PLAINTIFF'S MOTION TO APPOINT AN INDEPENDENT EXPERT<br><br>(ECF Nos. 163, 164) |

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.

Now before the Court are three motions: (1) Plaintiff's motion for request for clarification and judicial directive; (2) Plaintiff's motion to appoint pro bono counsel; and (3) Plaintiff's motion to appoint an independent expert.

## I.    MOTION FOR REQUEST FOR CLARIFICATION AND JUDICIAL DIRECTIVE

On January 26, 2026, Plaintiff filed a motion for request for clarification and judicial directive. (ECF No. 163). In this motion, he asks for "clarification on how to admit [a] reporter's transcript" of a preliminary hearing in his underlying criminal case held on October 7, 2020, noting that there is an "admonishment[]" in the transcript stating, "Warning! Pursuant to

1

California Government Code Section 69954 no party or person shall provide or sell a copy or copies of a court reporter's transcript to any other party or person." (*Id.* at 1-2) (minor alterations). Plaintiff attaches a copy of the transcript to his motion.

The Court cannot provide Plaintiff with legal advice.  However, it notes that Cal. Gov't Code § 69954, which generally concerns compensation for transcripts prepared by reporters, includes the following provision: "Any court, party, or person who has purchased a transcript may, without paying a further fee to the reporter, reproduce a copy or portion thereof as an exhibit pursuant to court order or rule, or for internal use, but shall not otherwise provide or sell a copy or copies to any other party or person." Cal. Gov't Code § 69954(d).

## II.    MOTION TO APPOINT PRO BONO COUNSEL

On January 26, 2026, Plaintiff filed a combined motion to appoint pro bono counsel and an independent expert. (ECF No. 164).

Plaintiff asks the Court to appoint him counsel to assist him in filing a cover-up claim. Regarding Plaintiff's proposed cover-up claim, the Court notes that its April 1, 2021 screening order stated as follows:

> It is not clear if Plaintiff is attempting to bring a claim based on a conspiracy to coverup the alleged excessive force incident. "To the extent that Plaintiff attempts to raise a coverup claim, it is premature. Allegations that officials engaged in a cover-up state a constitutional claim only if the cover-up deprived a plaintiff of his right of access to courts by causing him to fail to obtain redress for the constitutional violation that was the subject of the cover-up…. A cover-up claim is premature when, as here, Plaintiff's action seeking redress for the underlying constitutional violations remains pending." Dell v. Espinoza, 2017 WL 531893, at *7 (E.D. Cal. Feb. 7, 2017).

(ECF No. 12, p. 14).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case and, at this time, is unable to determine that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims. While Plaintiff complains that he cannot successfully amend his complaint *pro se* to bring a cover-up claim, that does not entitle him to counsel.

Accordingly, the Court will deny Plaintiff's motion to appoint pro bono counsel.

### III.   MOTION TO APPOINT AN INDEPENDENT EXPERT

Lastly, Plaintiff asks the Court to appoint "Psychologist Dr. Brandi Mathews or mental health expert or professional to explain to the Court and the jury the psychological impact, or injuries, suffered as a result of not just the initial sexual, physical, and chemical assault imposed, but more so the cover up of such coupled by the malicious criminal prosecution [of Plaintiff]." (ECF No. 164, p. 2) (minor alterations).

The Court "has the discretion to appoint an expert" pursuant to Rule 706(a). *See Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065, 1071 (9th Cir. 1999). Rule 706(a) states as follows: "On a party's motion or on its own motion, the court may order the parties to show cause why expert witnesses should not be appointed and may ask the parties to submit nominations. The court may appoint any expert that the parties agree on and any of its own choosing." Fed. R. Evid. 706(a).

"Rule 706 should be invoked only in rare and compelling circumstances." *Monolithic Power Systems, Inc. v. O2 Micro Intern. Ltd.*, 558 F.3d 1341, 1348 (Fed. Cir. 2009). Court-appointed experts are typically used in complex litigation to assist the finder of fact. *See Walker*, 180 F.3d at 1071 (noting that the district court appointed an independent medical expert where medical testimony was not "particularly clear"); *see also Wilkins v. Barber*, 562 F.Supp.3d 943,

3

945 (E.D. Cal. 2021) ("[C]ourt-appointed experts typically are used in complex litigation where the record is not clearly developed by the parties, and generally serve the purpose of aiding the court in understanding the subject matter at hand."). However, independent experts are not appointed for the purpose of advocating for one party. *See Faletogo v. Moya*, No. 12CV631 GPC WMC, 2013 WL 524037, at *2 (S.D. Cal. Feb. 12, 2013) ("Rule 706(a) of the Federal Rules of Evidence does not contemplate court appointment and compensation of an expert witness as an advocate for one of the parties."); *Brooks v. Tate,* No. 1:11-CV-01503 AWI, 2013 WL 4049043, at *1 (E.D. Cal. Aug. 7, 2013) (noting that "Rule 706 is not a means to avoid the in forma pauperis statute and its prohibition against using public funds to pay for the expenses of witnesses").

The Court will not appoint an independent expert. Plaintiff has not demonstrated that the Court needs to appoint an independent expert to understand the issues. Plaintiff does not identify any complex issues that need clarification; rather, he intends to appear to seek an expert's testimony to serve as an advocate for him, which is not a proper reason for a court-appointed expert.

Accordingly, the Court will deny Plaintiff's motion to appoint an independent expert.

## IV. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion for request for clarification and judicial directive is GRANTED IN PART insofar as the Court has provided the relevant code section in this order. (ECF No. 163).

2. Plaintiff's motion to appoint pro bono counsel is DENIED. (ECF No. 164).

3. Plaintiff's motion to appoint an independent expert is DENIED. (ECF No. 164).

IT IS SO ORDERED.

Dated:   **January 27, 2026**          /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE

4