UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br><br>                    Plaintiff,<br><br>          v.<br><br>BEER, *et al.*,<br><br>                    Defendants. | Case No.   1:21-cv-00155-KES-EPG<br><br>ORDER SETTING SETTLEMENT CONFERENCE<br><br>Hearing:  **Settlement Conference**<br>Date:     **July 10, 2026**<br>Time:     **9:30 a.m.**<br>Judge:    **Stanley A. Boone**<br>Location: **via Zoom Videoconference**<br><br>ORDER VACATING CURRENT SCHEDULE AND STAYING THE ACTION TO FACILITATE SETTLEMENT |

Plaintiff John Williams ("Plaintiff") is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against Defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF Nos. 11, 12, 25).

The Court issued a minute order on March 31, 2026, ordering the parties to participate in a settlement conference. (ECF No. 192). Therefore, this case will be referred to United States Magistrate Judge Stanley A. Boone to conduct a **video settlement conference, via the Zoom videoconference application**, on July 10, 2026, at 9:30 a.m.

Defendants shall contact Courtroom Deputy Jan Nguyen at (559) 499-5672 or

1

**jnguyen@caed.uscourts.gov** for the Zoom connection information, including any necessary passcodes. The Court will likewise issue a writ for Plaintiff's attendance at the conference and ensure that his place of confinement receives the Zoom connection information.

**If a party wishes to participate in a settlement conference but cannot attend due to a scheduling conflict or a lack of access to a device with videoconferencing capabilities and a reliable internet connection, they should so inform the Court and the other party, so the Court may determine if there are alternative dates or arrangements that can be made.**

The parties shall each submit to Judge Boone a confidential settlement conference statement, as described below, to arrive at least seven days (one week) prior to the conference.

The parties shall be prepared to negotiate the merits of the case and offer more than a waiver of costs as a reasonable compromise to settle the case. The parties are also informed that an offer of dismissal in exchange for a waiver of costs is not considered good faith settlement negotiations.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The case schedule (ECF No. 107) is **vacated**. If this case does not resolve at the settlement conference, no later than 7 days after the settlement conference, Defendants shall file a proposed amended schedule for the remaining deadlines in this case.

2. To allow the parties to focus their efforts on settlement, this action is **stayed**. And absent exceptional circumstances, **no new filings will be permitted**. This stay extends to briefing on any currently pending motions. (*See, e.g.*, ECF No. 188). Following the settlement conference, the Court will, if necessary, lift the stay and reset any briefing deadlines.

3. This case is set for a **video** settlement conference, **via the Zoom videoconferencing application**, before Magistrate Judge Stanley A. Boone on **July 10, 2026, at 9:30 a.m.**

4. A representative with full and unlimited authority to negotiate and enter into a binding settlement shall attend **via the Zoom videoconferencing application**.

5. Those in attendance must be prepared to discuss the claims, defenses and damages. The failure or refusal of any counsel, party or authorized person subject to this order to appear in person may result in the cancellation of the conference and the imposition of sanctions.

2

6. Defendants shall provide a confidential settlement statement to the following email address: **saborders@caed.uscourts.gov.** Plaintiff may email or mail his confidential settlement statement to U.S. District Court, 2500 Tulare Street, Fresno, California 93721, **"Attention: Magistrate Judge Stanley A. Boone."** The envelope shall be marked "Confidential Settlement Statement." Settlement statements shall arrive no later than **July 3, 2026**. Parties shall also file a Notice of Submission of Confidential Settlement Statement (*See* Local Rule 270(d)). Settlement statements **should not be filed** with the Clerk of the Court **nor served on any other party**. Settlement statements shall be clearly marked "Confidential" with the date and time of the settlement conference indicated prominently thereon.

7. The confidential settlement statement shall be **no longer than five pages** in length, typed or neatly printed, and include the following:

   a. A brief statement of the facts of the case.

   b. A brief statement of the claims and defenses, *i.e.*, statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

   c. An estimate of the cost and time to be expended for further discovery, pretrial, and trial.

   d. The party's position on settlement, including present demands and offers and a history of past settlement discussions, offers, and demands.

   e. A brief statement of each party's expectations and goals for the settlement conference, including how much a party is willing to accept and/or willing to pay.

   f. If parties intend to discuss the joint settlement of any other actions or claims not in this suit, give a brief description of each action or claim as set forth above, including case number(s) if applicable.

8. If a settlement is reached at any point during the stay of this action, the parties shall file a Notice of Settlement in accordance with Local Rule 160.

9. The parties remain obligated to keep the Court informed of their current address at all times during the stay and while the action is pending. Any change of address must be reported promptly to the Court in a separate document captioned for this case and entitled "Notice of Change of Address." *See* Local Rule 182(f).

10. **A failure to follow these procedures may result in the imposition of sanctions by the court.**

IT IS SO ORDERED.

Dated:    **April 9, 2026**                          /s/ *Erica P. Groj*
                                                    UNITED STATES MAGISTRATE JUDGE

4