UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br>Plaintiff,<br>v.<br>BEER, et al.,<br>Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>*CORRECTED* AMENDED SCHEDULING ORDER<br><br>Limited Non-expert Discovery to Take Dr. Mathews' Deposition: **September 21, 2026**<br><br>Dispositive Motions: **November 19, 2026** |

On July 13, 2026, the Court issued an order requiring Defendants to submit a proposed amended schedule for the remaining deadlines in this case. (ECF No. 201).

On July 17, 2026, Defendants filed their Proposed Amended Case Schedule. (ECF No. 203).

This Court now sets an amended (corrected) case schedule through the filing of any dispositive motions.[1]

**I. NON-EXPERT DISCOVERY DEADLINE**

Defendants request the Court to re-open non-expert discovery for sixty days to allow requests for production to Dr. Brandi Mathews, a psychologist who provided a report in support of Plaintiff's mental health diversion plea in his criminal case for assaulting Officer Oaks. (*Id.* at 2). Defendants issued a subpoena for records to Dr Mathews, and Defendants enforced that subpoena in a proceeding in the Central District. (*Id.*).

[1] The correction to this order concerns the identification of the parties in the briefing for the motions to compel, in section II.

The Central District Court's order, issued January 5, 2026, enforced the subpoena, but directed that the Dr. Mathews' records be produced by the earlier of fourteen days following denial of Defendants' pending exhaustion-based motion for summary judgment or by April 20, 2026. (*Id.* at 7-12). However, this Court stayed the matter on April 9, 2026.

Accordingly, the Court re-opens non-expert discovery for the limited purpose of taking Dr. Brandi Mathews' deposition. The deadline for the completion of limited non-expert discovery is **September 21, 2026.**

## II. MOTIONS TO COMPEL

Defendants request that the Court extend the deadline to file motions to compel related to their subpoena to Dr. Mathews. (ECF No. 203 at 3).

The Court declines to extend the deadline to file motions to compel.

Defendants have a court order requiring compliance with their subpoena to Dr. Mathews. Moreover, any further motion to compel would need to be filed with the Central District, which issued the order enforcing the subpoena. Fed. R. Civ. P. 45(d).

However, there are two motions to compel that are pending but have not been fully briefed. (ECF Nos. 187, 188).

Accordingly, Defendants must file any reply brief in support of their motion to compel (ECF No. 187) by **August 5, 2026**. As for motion to compel (ECF No. 188), Defendants must file their **opposition brief by August 12, 2026**, and Plaintiff must file his **reply brief by August 26, 2026.**

## IV. DISPOSITIVE MOTIONS DEADLINE

In their proposed amended case schedule, Defendants request the Court stay the deadline for filing dispositive motions pending the Court's ruling on their motion for summary judgment for failure to exhaust administrative remedies. (ECF No. 203 at 3-5).

The Court declines to stay the deadline for file dispositive motions for the reasons already stated in the Court's January 7, 2026 order (ECF No. 159).

However, in light of the pending motions to compel, the Court will extend the deadline for filing dispositive motions, including motions for summary judgment (other than dispositive motions based on the defense of failure to exhaust administrative remedies), to **November 19,**

**2026.** The deadline to file oppositions to dispositive motions, including motions for summary judgment, is thirty days from the date the motion is filed. The deadline to file replies to oppositions is fourteen days from the date the opposition is filed. If a party needs an extension of any of these deadlines, that party may file a motion for an extension of time.[2]

IT IS SO ORDERED.

Dated: **July 22, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

[2] If this case is still proceeding after dispositive motions have been resolved, or if no dispositive motions are filed, the Court will set expert disclosure deadlines, a pretrial conference, pretrial deadlines, and a trial date.