UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN W. WILLIAMS,

Plaintiff,

v.

BEER, *et al.*,

Defendants.

Case No. 1:21-cv-00155-KES-EPG (PC)

ORDER OVERRULING OBJECTIONS TO DEFENDANTS' PROPOSED AMENDED CASE SCHEDULE

(ECF No. 209)

ORDER DENYING MOTION FOR RECONSIDERATION OF COURT'S AMENDED SCHEDULING ORDER

(ECF No. 211)

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.

Now before the Court are Plaintiff's Objections to Defendants' Proposed Amended Case Schedule (ECF No. 209) and Plaintiff's Motion for Reconsideration of the Court's Amended Scheduling Order (ECF No. 211). For the reasons explained below, the Court will overrule Plaintiff's objections and deny his motion for reconsideration.

## I. BACKGROUND

Plaintiff filed his complaint on February 8, 2021. (ECF No. 1). Defendants Oaks, Pascoe, and Riddle, Beer, and Garcia are correctional officers, and Defendant Cubos is a registered nurse who recorded Plaintiff's injuries. (ECF Nos. 1, 10, 13).

\\\

This case proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF Nos. 13, 25).

Initially, the Court set a non-expert discovery deadline for April 20, 2026. (ECF No. 107). During the non-expert discovery phase, Plaintiff filed four motions to compel discovery from the Defendants. (ECF Nos. 146, 151, 185, 188).

On April 9, 2026, the Court stayed the case to allow the parties to participate in a settlement conference on July 10, 2026. (ECF No. 194). The case did not settle (ECF No. 200), and the Court ordered Defendants to file a proposed amended schedule for the remaining deadlines in the case. (ECF No. 201).

On July 17, 2026, Defendants filed an Amended Statement of Defendants' Amended Case Schedule (ECF No. 203). Defendants proposed limited non-expert discovery to take the deposition of Dr. Brandi Mathews[1], to set a dispositive motion deadline, and to extend the deadline for filing motions to compel. (*Id.* at 2-3).

The Court issued a Corrected Amended Scheduling Order on July 22, 2026, setting deadlines for limited non-expert discovery to take Dr. Mathews' deposition and for filing dispositive motions. (ECF No. 206). The Court declined to extend the deadline to file additional motions to compel. (*Id.* at 2).

On July 30, 2026, Plaintiff filed Objections to Defendants' Proposed Amended Case Schedule. (ECF No. 209). Plaintiff states that he received Defendant Cubos' discovery responses on April 4, 2026, and the Court stayed the action on April 9, 2026 so he was not able to file a motion to compel. Plaintiff now argues that he wants to file a motion to compel Defendant Cubos to supplement her responses to interrogatories 16, 17, 18, and 20 because Plaintiff believes they conflict with other evidence produced in the case. (*Id.* at 2-4).

\\\

[1] Dr. Mathews is a psychologist who provided the report in support of Plaintiff's mental health diversion plea in his criminal case for assaulting Defendant Oaks.

On August 3, 2026, Plaintiff filed a photocopy of his July 20, 2026 objections as Exhibit A to a motion for reconsideration of the Court's amended scheduling order. (ECF No. 211). In his motion, Plaintiff again seeks an order allowing him to file a motion to compel related to Defendant Cubos' interrogatory responses.

## II. DISCUSSION

### A. Objections to Defendants' Proposed Amended Case Schedule

In reviewing Plaintiff's objections, he fails to show good cause for a modification of the schedule to permit him to compel further responses to Plaintiff's discovery requests. Plaintiff does not indicate that Defendant Cubos improperly failed to respond to his discovery requests. Instead, Plaintiff argues that Defendant's responses are incorrect, and Plaintiff seeks to use additional discovery requests to confront Defendant Cubos with what Plaintiff sees as conflicting evidence.

However, this is not a proper use of discovery. Defendant Cubos has responded to Plaintiff's discovery requests. If Plaintiff believes that Defendant Cubos' responses are inconsistent with the evidence, Plaintiff may present such evidence in a motion for summary judgment or at trial.

Accordingly, the Court overrules Plaintiff's Objections to Defendants' Proposed Amended Case Schedule. (ECF No. 209).

### B. Motion for Reconsideration of Court's Amended Scheduling Order

The Court also denies Plaintiff's motion for reconsideration of the Court's Amended Scheduling Order.

Rule 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also* Local Rule 230(j).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior order. *See Kern-Tulare Water Dist. V. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

In his motion for reconsideration, Plaintiff states that Defendants "mislead the Court by plain error" but Plaintiff provides no further specific argument. (ECF No. 211 at 2). Plaintiff states that his motion is "made on the ground that Plaintiff's Objections to Defendants' Proposed Amended Case Schedule" filed on July 30, 2026 and attaches the objections as Exhibit A to his motion for reconsideration. (*Id.*).

Accordingly, Plaintiff fails to carry his burden under Rule 60, and the Court denies Plaintiff's motion for reconsideration (ECF No. 211).

## III. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's Objections to Defendants' Proposed Amended Case Schedule (ECF No. 209) are OVERRULED and Plaintiff's Motion for Reconsideration of Court's Amended Scheduling Order (ECF No. 211) is DENIED.

IT IS SO ORDERED.

Dated: **August 6, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE