UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br>Plaintiff,<br>v.<br>BEER, *et al.*,<br>Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY<br>(ECF No. 187) |

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.

Now before the Court is Defendants' motion to compel Plaintiff to provide further responses to their interrogatories and requests for production of documents, along with signed copies of Plaintiff's responses to requests for production of documents and a verification page for each set of Plaintiff's interrogatory answers and supplemental answers. (ECF Nos. 187, 221).

For the reasons explained below, the Court will grant, in part, and deny, in part, Defendants' motion to compel. (ECF No. 187).

\\\

\\\

\\\

\\\

## I. BACKGROUND

Plaintiff filed his complaint on February 8, 2021. (ECF No. 1). Defendants Oaks, Pascoe, Riddle, Beer, and Garcia are correctional officers, and Defendant Cubos is a registered nurse. (ECF Nos. 1, 10, 12). This action stems from Plaintiff's allegations that, on August 5, 2019, Defendant Oaks stabbed him in the buttocks with a metal pencil-like handcuff key, repeatedly kicked him, and pepper sprayed him, while Defendant Pascoe stood outside the van's side door and watched. (ECF Nos. 1, 10, 12, 25). Plaintiff also alleges that, after he was subjected to the excessive use of force, he suffered from bleeding buttocks, pain to groin, pain to lower torso, pain to face, pain to legs, burning of skin, burning of eyes, and burning lungs, and that while Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos were aware of some, if not all, of his injuries, none of them provided or summoned medical care for those injuries. (*Id.*)

The relevant procedural history is as follows:

After screening, Plaintiff elected to proceed on his Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF Nos. 11, 12, 25).

The Court opened discovery on August 22, 2025. (ECF No. 107).

On April 9, 2026, the Court ordered the parties to participate in a settlement conference, vacated the current schedule, and stayed the action to facilitate settlement. (ECF No. 194). The parties participated in the settlement conference on July 10, 2026 but did not resolve the matter. (ECF No. 200). The Court then vacated the stay (ECF No. 201) and issued an amended scheduling order (ECF No. 206), including outstanding briefing deadlines for the parties' various motions to compel discovery. Plaintiff filed four motions to compel (ECF Nos. 151, 176, 185, 188) and Defendants filed one motion to compel (ECF No. 185). All motions to compel are now fully briefed, and the Court will address each motion in due course.

## II. DEFENDANTS' MOTION TO COMPEL (ECF NO. 187)

On March 20, 2026, Defendants moved to compel Plaintiff to provide further responses to certain interrogatories and requests for production of documents. (ECF No. 187). Plaintiff filed

his opposition brief expressing a willingness to supplement his responses and requesting another copy of each Defendant's interrogatories and requests for production of documents. (ECF No. 195). Defendants filed their reply brief confirming that Plaintiff agreed to supplement his responses. (ECF No. 210 at 1).

On September 15, 2026, Defendants filed a supplemental reply brief in support of their motion to compel. (ECF No. 221). Defendants confirm that Plaintiff provided "supplemental or amended responses to Defendants' [second set of] interrogatories and requests for production of documents…." (*Id.* at 2). Defendants state that, "as to the interrogatories, Defendants withdraw the motion [to compel] except as to Plaintiffs' objections, which should be overruled, and as to requiring Plaintiff to verify his supplemental and amended responses under oath." (*Id.*).

Thus, the remaining disputes over Plaintiff's interrogatory answers are:

- Plaintiff's objections to Interrogatory Nos. 5 and 6 from Defendant Pascoe (ECF No. 187-1 at 7);
- Plaintiff's objections to Interrogatory Nos. 6 and 7 from Defendant Cubos (*id.* at 8); and
- Plaintiff's failure to provide a signed verification of his supplemental answers. (ECF No. 221 at 2).

As to Defendants' requests for production of documents, Defendants argue:

- Plaintiff's supplemental or amended responses were not signed (*Id.*);
- Plaintiff's response to Request for Production No. 1 is evasive (*Id.*);
- Defendants reiterate their argument from their motion to compel (ECF No. 187) that Plaintiff's objections to the following requests for production should be overruled (ECF No. 221 at 3):
    - Requests for Production served by Defendants Oaks, Beer, Garcia, Cubos, and Riddle (ECF No. 187-1 at 10); and
    - Request for Production Nos. 2, 3 served by Defendant Pascoe. (*Id.*).

## III. LEGAL STANDARDS

Interrogatories are governed by Federal Rule of Civil Procedure 33, and [a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(b).

Requests for production of documents and electronically stored information are governed by Federal Rule of Civil Procedure 34 and permit a party to serve "a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a).

In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," including if "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

Lastly, the Court notes that it has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir.2012) (noting district courts broad discretion in managing discovery and controlling the course of litigation).

## IV. ANALYSIS

### A. Challenged Objections to Interrogatories

Defendants challenge Plaintiff's initial objections to the following interrogatories:[1]

**<u>Propounded by Defendant Pascoe:</u>**

**Interrogatory 5**

> Did you seek medical treatment for each physical injury identified in your response to interrogatory number 3? If so, identify when the treatment occurred, who provided the treatment and the treatment you received.

---

[1] For conciseness, the Court has included only the relevant objections to the interrogatories. Additionally, for readability, the Court has made minor alterations to quotations from Plaintiff's discovery responses without indicating each change.

**Answer**

Plaintiff objects to this interrogatory based on lack of relevance and pointless.

(ECF No. 187-2 at 40).

**Amended Response to Interrogatory No. 5**

Yes, I initially sought medical aid while at the Kings County Superior Courthouse but Defendants Oaks, Pascoe, Garcia, and Riddle refused me on orders from Defendant Beer who ordered me transported to Corcoran State Prison (CSP) where I again sought medical aid from registered nurse (RN) Cubos, however, again Defendant Beer obstructed access by denying such. I sought no further medical treatment thereafter.

(ECF No. 221-1 at 42-43).

**Interrogatory 6**

For each physical injury identified in your response to interrogatory number 3, identify the date on which you recovered from each injury.

**Answer**

Plaintiff objects to this interrogatory based on lack of relevance and pointless.

(ECF No. 187-2 at 41).

**Amended Response to Interrogatory No. 6**

After a 5-7 hour ride from CSP to Vacaville, California on 8-5-2019, the chemical exposure subside enough to see while the chemical burn to my skin, face, head, scalp arms, lingered for about 3-5 days. My punctured buttocks healed, or felt healed, in about 2-4 days after the initial injury, and the soreness and bruising to my face, legs, hips, torso, and arms also healed 3-7 days later.

(ECF No. 221 at 43).

**<u>Propounded by Defendant Cubos:</u>**

**Interrogatory No. 6**

Do you claim that Defendant Cubos caused you mental or emotional injuries that you attribute to her conduct on August 5, 2019? If so, describe all mental or emotional injuries you claim were caused by Defendant Cubos.

**Answer**

Objection based on this request and any answer thereto, having already been asked and answered in Plaintiff's response to Defendant Pascoe's Second Set of Interrogatories, No. 7 served concurrently herewith.

(ECF No. 187-2 at 27).

> **Amended Response to Interrogatory No. 6**
>
> Yes. As a direct result of Defendant's conduct, Plaintiff suffered fear, anxiety, depression, self injurious behaviors, PTSD, and suicidal trend which includes feelings of hopelessness and helplessness.

(ECF No. 221-1 at 8).

> **Interrogatory No. 7**
>
> Did you seek mental health treatment for any mental or emotional injuries identified in response to interrogatory number 6. If so, identify when the treatment occurred, who provided the treatment and the treatment you received.
>
> **Answer**
>
> Objection based on this request and any answer thereto, having already been asked and answered in Plaintiff's response to Defendant Pascoe's Second Set of Interrogatories, No. 8 served concurrently herewith.

(ECF No. 187-2 at 27-28).

> **Amended Response to Interrogatory No. 7**
>
> Yes, between August 5, 2019 and August 28, 2019, treatment for trauma, depression, PTSD, and SIB was provided by psychiatrist Ali Mudassir and psychologist Leanne Stanley. Between about August 29, 2019 and December 2019, treatment for trauma, lack of trust toward others, depression, anxiety, nightmares, and SIB urges were treated by psychologist Cynthia McKenzie, licensed clinical social worker (LCSW), Stacie Bryant, Inesita Armstrong, and Stephanie Stoddart, and psychiatrist Oghenesume Umugbe.
>
> Between February 22, 2022, and about April 14, 2022, treatment for trauma, lack of trust towards others, depression, anxiety, nightmares, and SIB urges were treated by psychologist Lori De Los Santos and psychiatrist Guadalupe Vasquez.
>
> Between February 4, 2022, and about July 26, 2022, treatment for trauma, lack of trust toward others depression, anxiety, nightmares, SIB urges, and suicidal trend were treated by psychologists Jessical Bailis, Renee Chmiel, Mymee Her, Eric Greene, Amber Kaggie, Bowan Boyd, and psychiatrists Eric Cohen, Rahat Aulakh, Maria Mayoral, and Samita Gandi.
>
> Additionally, between about August 18, 2022, and April 24, 2024, treatment the same was provided by psychologists Sara Beyer, Crystal Edwards, and Brittany Corwell, and psychiatrists Aaron Cannon, Nicholas Bowen, Zaid Rafin, Cristina Grost Cruz, Jonathan Greenberg, and Victor Sawhney.

(ECF No. 221-1 at 8-10).

\\\

**B. Challenged Objections to Requests for Production of Documents**

Defendants challenge Plaintiff's responses to the following requests for production of documents:

**<u>Propounded by Defendants Oaks, Beer, Garcia, Cubos, and Riddle:</u>**

> **Request for Production No. 1**
>
> A copy of all medical records related to treatment of any physical injuries you identified in response to Defendant Riddle's interrogatory number 2.
>
> **Response**
>
> Objection based on already asked and answered in Plaintiff's response to Defendant Pascoe Request for Production Set One, No. 1, served concurrently herewith.[2]

(*See* ECF No. 187-2 at 52, 57, 62, 67, 72).

> **Supplemental Response to Request No. 1**
>
> See Exhibit A and B herein.

(ECF No. 221 at 63, 66, 69, 71, 74).

**<u>Propounded by Defendant Pascoe:</u>**

> **Requests for Production No. 2**
>
> A copy of all mental health records related to treatment for any mental or emotional injuries you claim were caused by Defendant Pascoe in response to Defendant Pascoe's interrogatory number 7.
>
> **Response**
>
> Objection based on Defendant's already in possession and control of Plaintiff's mental health treatment records and therefore have unlimited access to.

(ECF No. 187-2 at 47).

> **Supplemental Response to Request No. 2**
>
> See attached mental health records from 8-7-19 through 4-24-2024 at Exhibit A herein.

(ECF No. 221-1 at 60).

> **Request for Production No. 3**
>
> A copy of all documents that support your claims for damages identified in response to Defendant Pascoe's interrogatory number 9.
>
> **Response**
>
> Objection based on irrelevant duplicate requests already asked and answered, thus harassing.

(ECF No. 187-2 at 47).

\\\

---

[2] In his supplemental response to Defendant Pascoe's Request for Production of Documents No. 1, Plaintiff responded: "The only medical record I am aware of is the botched CDCR -7219, generated by Defendant Cubos on 8-5-2019, which you already have been in possession of." (ECF No. 221-1 at 60).

**Supplemental Response to Request No. 3**

See CDCR-7219 attached at Exhibit B and mental health records at Exhibit A.

(ECF No. 221-1 at 60).

**C. Discussion**

Upon consideration of Plaintiff's supplemental responses to Defendants' interrogatories and requests for production of documents, the Court will deny Defendants' motion to compel further answers and responses. The Court finds that Plaintiff's supplemental answers to interrogatories and supplemental responses to requests for production of documents are not evasive or otherwise incomplete.

For example, as to Interrogatory No. 7 propounded by Defendant Cubos regarding Plaintiff's mental health treatment for injuries caused by Defendants, Plaintiff provided an extensive list of providers, dates of treatment, and conditions treated. (ECF No. 221-1 at 8-10).

As another example, Interrogatory No. 6 requested the date that Plaintiff recovered from his injuries, and Plaintiff's supplemental response stated "3-7 days" after the "8-5-2019." (ECF No. 221 at 43). Plaintiff's answer is legally adequate.

As a final example, Request for Production of Documents No. 1 asked for copies of medical records related to any physical injury that Plaintiff suffered as a result of the August 5, 2019 incident, and Plaintiff responded: "See Exhibit A and Exhibit B herein." (*See* ECF No. 187-2 at 52, 57, 62, 67, 72). Exhibit A is Plaintiff's mental health records and Exhibit B is Plaintiff's CDCR-7219 medical form.

While Defendant argues that this response is evasive, Plaintiff further stated in his supplemental response to Interrogatory No. 5 that he sought "medical aid from registered nurse (RN) Cubos, however, again Defendant Beer obstructed access by denying such. I sought no further medical treatment thereafter." (ECF No. 221-1 at 42-43). Moreover, Defendant Pascoe's Request for Production No. 1 also asked the same question, that is, "[a] copy of all medical records related to treatment of any physical injuries you identified in response to Defendant Pascoe's interrogatory number 3" and Plaintiff responded:

> The only medical record I am aware of is the botched CDCR-7219, generated by Defendant Cubos on 8-5-2019, which you already have been in possession of.

(ECF No. 221-1 at 60).

As such, Defendants have the medical records Plaintiff believes are related to his injuries from August 5, 2019, and their request that Plaintiff respond to the same request for production from Defendants Oaks, Riddle, Beer, Garcia, and Cubos would practically mean that Plaintiff would copy his response to Pascoe's Request for Production No. 1 five more times for each of the other Defendants. Considering Defendants have the requested information and documents, re-writing the response five more times is not proportional to the needs of the case, and the Court declines to issue such an order.

As objections, the Court finds that Plaintiff made objections in his initial responses to Defendants' discovery requests but did not repeat those objections in his "amended" interrogatory responses and supplemental responses to requests for production of documents. (ECF No. 221-1 at 4-57). Rather, he provided more information and documents as described above. "It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) (citing *Davis v. Fendler,* 650 F.2d 1154, 1160 (9th Cir.1981)). Plaintiff did not choose to re-assert his objections in his supplemental responses, choosing to answer them with more information and requested documentation.

Accordingly, the Court denies Defendants' motion to compel to the extent that it requests Plaintiff provide further responses to Defendants' interrogatories and requests for production of documents.

However, the Court will compel Plaintiff to provide signed copies of his initial responses and supplemental responses to Defendants' requests for production of documents. In lieu of providing full copies of document responses and supplemental responses, Plaintiff may send a signed signature page to Defendants that indicates Plaintiff's signed signature page incorporates all responses and supplemental responses to all sets of Defendants' requests for production of documents.[3]

[3] For efficiency, defendants may also prepare a document that accomplishes this goal and forward it to Plaintiff for his signature.

Finally, the Court denies Defendants' motion to compel signed verification of Plaintiff's supplemental answers since Plaintiff provided verification pages for all interrogatory answers and supplemental answers. (ECF No. 187-2 at 9, 16, 23, 30, 37, 44; ECF No. 221-1 at 12, 21, 30, 39, 48, 57).

## V. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. Defendants' motion to compel (ECF No. 187) is granted, in part, and denied, in part as follows:
   a. Defendants' motion to compel further responses to all interrogatories and requests for production of documents is denied.
   b. Defendants' motion to compel an order overruling Plaintiff's objections to Defendants' interrogatories and requests for production of documents is denied as moot;
   c. Defendants' motion to compel a signed copy of Plaintiff's responses to Defendants' requests for production of documents is granted. By October 17, 2026, Plaintiff shall provide signed copies of his responses and supplemental responses to Defendants' requests for production of documents or provide a single, signed signature page that incorporates his responses and supplemental responses to all requests for production of documents propounded by Defendants through September 15, 2026.
   d. Defendants' motion to compel verification pages for Plaintiff's initial and supplemental answers to Defendants' interrogatories is denied.

IT IS SO ORDERED.

Dated: **September 17, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE