UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS, Plaintiff, v. BEER, *et al.*, Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER GRANTING, IN PART, AND DENYING, IN PART, PLAINTIFF'S MOTION TO COMPEL DISCOVERY<br><br>(ECF No. 151)<br><br>ORDER OVERRULING PLAINTIFF'S OBJECTIONS TO DEFENDANTS' SUPPLEMENTAL DOCUMENT RESPONSES<br><br>(ECF No. 176) |

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.

Now before the Court are Plaintiff's motion to compel Defendants to provide further responses to his Requests for Production of Documents, "Set One" (ECF No. 151) and Plaintiff's objection to Defendants' supplemental responses to his document requests, Set One (ECF No. 176).

For the reasons explained below, the Court will grant, in part, and deny, in part, Plaintiff's motion to compel (ECF No. 151) and overrule his objection to Defendants' supplemental

document responses (ECF No. 176).

## I. BACKGROUND

Plaintiff filed his complaint on February 8, 2021. (ECF No. 1). Defendants Oaks, Pascoe, Riddle, Beer, and Garcia are correctional officers, and Defendant Cubos is a registered nurse. (ECF Nos. 1, 10, 12). This action stems from Plaintiff's allegations that, on August 5, 2019, Defendant Oaks stabbed him in the buttocks with a metal pencil-like handcuff key, repeatedly kicked him, and pepper sprayed him, while Defendant Pascoe stood outside the van's side door and watched. (ECF Nos. 1, 10, 12, 25). Plaintiff also alleges that, after he was subjected to the excessive use of force, he suffered from bleeding buttocks, pain to groin, pain to lower torso, pain to face, pain to legs, burning of skin, burning of eyes, and burning lungs, and that while Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos were aware of some, if not all, of his injuries, none of them provided or summoned medical care for those injuries. (*Id.*)

The relevant procedural history is as follows:

After screening, Plaintiff elected to proceed on his Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF Nos. 11, 12, 25).

The Court opened discovery on August 22, 2025. (ECF No. 107).

On April 9, 2026, the Court ordered the parties to participate in a settlement conference, vacated the current schedule, and stayed the action to facilitate settlement. (ECF No. 194). The parties participated in the settlement conference on July 10, 2026 but did not resolve the matter. (ECF No. 200). The Court then vacated the stay (ECF No. 201) and issued an amended scheduling order (ECF No. 206), including outstanding briefing deadlines for the parties' various motions to compel discovery. Plaintiff filed four motions to compel (ECF Nos. 151, 176, 185, 188). The motions are now fully briefed, and the Court will address each motion in due course.

\\\

## II. PLAINTIFF'S MOTION TO COMPEL (ECF NO. 151) AND OBJECTION TO DEFENDANTS' SUPPLEMENTAL DOCUMENT RESPONSES (ECF NO. 176)

On October 21, 2025, Defendants filed an objection under the official information privilege to the Court's discovery order. (ECF No. 127). On December 12, 2025, Plaintiff moved to compel Defendants Oaks, Beer, and Pascoe to provide further responses to Plaintiff's first set of requests for production of documents, including documents at issue under the official information privilege. (ECF No. 151). Specifically, he asks the Court to compel further responses to the following requests for production of documents:

- Defendant Oaks – Set One, Request for Production Nos. 4, 5, 6, 8, 10-14, 16 (*Id.* at 1-2);
- Defendant Beer – Set One, Request for Production Nos. 1-5 (*Id.* at 2); and
- Defendant Pascoe – Set One, Request for Production Nos. 1-3, 5, 7-10 (*Id.*).

Defendants filed a motion to stay proceedings pending the Court's ruling on Defendants' motion for summary judgment based on exhaustion of administrative remedies. (ECF No. 152).

On December 29, 2025, the Court overruled in part Defendants' objections to the production of documents based on the official information privilege. (ECF No. 154).

On December 31, 2025, Defendants filed a brief in opposition to Plaintiff's motion to compel, asking the Court to deny Plaintiff's motion without prejudice subject to renewal or stay the time for Defendants to respond to the merits of Plaintiff's argument until after the Court's ruling on Defendants' motion for summary judgment. (ECF No. 157). The Court denied Defendants' motion to stay on January 7, 2026 (ECF No. 159), and Defendants then filed their second opposition brief (ECF No. 181), addressing the merits of Plaintiff's motion to compel (ECF No. 151).

In their second opposition brief, Defendants make various arguments that the Court will generally group together. First, Defendants argue that they complied with the Court's order regarding official information privilege and produced the required, redacted documents. (*Id.* at 2-8). Defendants also argue that Plaintiff is not entitled to relief since Plaintiff merely disagrees with Defendants' responses confirming the non-existence of video footage and investigative documents. (*Id.*). Finally, Defendants argue that certain requests for documents are not relevant,

are overly broad, and are not proportional to the needs of the case, such as racial discrimination complaints when there is no racial discrimination claim at issue and that Plaintiff seeks documents from the Ombudsman that do not exist. (*Id.*).

On February 11, 2026, Plaintiff filed objections to Defendants' supplemental document responses following the ruling on official information privilege. (ECF No. 176). Plaintiff generally argues that Defendants over-redacted certain documents in violation of the Court's order on official information privilege (ECF No. 154). (*Id.* at 1-4). Specifically, Plaintiff pointed to the following documents as improperly redacted:

- Defendants' privileged documents at pages 20-21, 66-67, 68, 80, 82-83 (*Id.* at 2-4).

Defendants filed their opposition on February 25, 2026 and argued the documents were properly redacted in accordance with the Court's order. (ECF No. 182).

## III. LEGAL STANDARDS

Requests for production of documents and electronically stored information are governed by Federal Rule of Civil Procedure 34 and permit a party to serve "a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a).

In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," including if "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). The Court may order a party to provide further responses to an "evasive or incomplete disclosure,

answer, or response." Fed. R. Civ. P. 37(a)(4).

Lastly, the Court notes that it has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir.2012) (noting district courts broad discretion in managing discovery and controlling the course of litigation).

## IV. ANALYSIS

### A. Challenged Requests for Production of Documents, Set One

Plaintiff challenges Defendants' initial, non-privileged objections to the following requests for production of documents, Set One:

**To Defendant Oaks – Set One:**

> **Request for Production No. 4**
> Any and all documents which would mention or verify any response by defendant's, to include prison officials, notice of and response to URN# 019-03581-5100-129 referenced at 4 in plaintiff's scheduling and discovery statement filed and served June 28, 2025, in Stockton, California.
>
> **Response**
> Objection. This request fails to describe a category of documents with reasonable particularity and is overly broad and unduly burdensome in seeking "any and all documents" that "mention or verify any response by defendant's, to include prison officials, notice of and response to URN # 019-03581-5100-129" "referenced at" another document described in the request. Thus, it is not proportional to the needs of this case. Fed. R. Civ. Proc. 26(b). The request is overly broad and does not describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013).
>
> Subject to the foregoing objections, Defendant responds that some records produced in response to Defendants' subpoena to the Los Angeles County Sheriff's Department may relate to the referenced document, which Defendant understands is a Los Angeles County Sheriff's Department report or document number. Plaintiff may request records produced in response to the subpoena by contacting: Ace Imaging Technologies, 800 S. Figueroa St., Ste. 900, Los Angeles, CA 90017, 213-488-8080.

(*Id.* at 16-17).

> **Request for Production No. 5**
> Any medical evaluation notes in conjunction with CDCR-7219, generated by registered nurse (RN) L. Vasquez on August 5, 2019, when treating defendant Oaks, referenced at category description of documents to be used at trial

[illegible] in plaintiff's scheduling and discovery statement filed and served June 28, 2025, in Stockton, California.

**Response**
Objection. The request is rendered vague and ambiguous by reference to another document. In addition, the request is overly broad and does not describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013).

Subject to the foregoing objections, Defendant responds that after a diligent and reasonable search, there are no documents responsive to this request.

(*Id.* at 17-18).

**Request for Production No. 6**
Copy of confidential inquiry attachment "C" completed by Correctional Lieutenant (LT.) C. Brown, dated March 19, 2020, referenced at category description of documents to be used at trial C.,[sic] in plaintiffs scheduling and discovery statement filed and served June 28, 2025, in Stockton, California.

**Response**
Objection. The request is rendered vague and ambiguous by reference to another document. In addition, this request is duplicative and unnecessary. Fed. R. Civ. Proc. 26(6). Defendants have objected to production of the Confidential inquiry on the grounds of the official information privilege, The confidential inquiry was identified on a privilege log and the documents and objections were provided to the Court for review in camera on October 21, 2025, pursuant to the procedures in the Court's Discovery and Scheduling Order.

(*Id.* at 18).

**Request for Production No. 8**
Copies of information felony assault filed on October 13, 2020, by Corcoran State Prison (CSP) officials with Kings County District Attorney initiating criminal case no. 20CMS-1704.

**Response**
Objection. This request fails to describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34. This request is vague and ambiguous with respect to the term "information felony assault filed on October 13, 2020, by Corcoran State Prison officials." It is uncertain what documents Plaintiff is requesting. Moreover, it appears he may be requesting documents from his criminal case referenced above, which documents would be in his possession, custody or control via the attorney who represented him in the criminal case, Jim Trevino.

(*Id.* at 18-19).

**Request for Production No. 10**
Copy of any document or recording by plaintiff and CMF ISU officer R. Kaihe on September 6, 2019, referenced at 'category description of documents to be used at trial E.,' in plaintiffs scheduling and discovery statement filed and served on June 28, 2025, in Stockton California.

**Response**
Objection. This request fails to describe a category of documents with reasonable particularity and is overly broad and unduly burdensome in seeking "any document or recording by plaintiff and CMF ISU officer R. Kaihe on September 6, 2019 referenced at" another document described in the request, "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.*

Subject to the foregoing objections, Defendant responds that documents responsive to this request were previously produced to Plaintiff, Bates Nos. DEF353 (128-B chrono dated September 6, 2019), After a diligent and reasonable search, Defendant further responds that no recording was made of the interview described in the chrono.

(*Id.* at 20).

**Request for Production No. 11**
Copy of all documents and recording in Prison Rape Elimination Act (PREA) case log #CHCF-PREA-19-09-037, referenced at category description of documents to be used at trial F.,'[sic] in plaintiffs scheduling and discovery statement filed and served June 28, 2025, in Stockton, California.

**Response**
Objection. This request fails to describe a category of documents with reasonable particularity and is overly broad and unduly burdensome in seeking "all documents and recordings in Prison Rape Elimination Act (PREA) case log# CHCF-PREA-19-09-037" "referenced at" another document described in the request. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous 1O documents may conceivably fall within its scope." *Id.*

Defendant also objects that documents responsive to this request are subject to the official information privilege and were identified on a privilege log and the documents and objections were provided to the Court for review in camera on

October 21, 2025, pursuant to the procedures in the Court's Discovery and Scheduling Order.

Subject to and without waiving the foregoing objections, Defendant responds that documents pertaining to the log number referenced were previously produced to Plaintiff, Bates Nos. EF357-382; DEF 387-398. Additional documents referencing that log number are being produced, Bates Nos. DEF 612 and DEF 624.

(*Id.* at 20-21).

**Request for Production No. 12**
Copy of all documents and recordings.by CSP ISU sergeant B. Vikjord from January 21, 2020, referenced at category description of documents to be used at trial g.,' in plaintiffs scheduling and discovery statement filed and served June 28, 2025, in Stockton, California.

**Response**
Objection. This request fails to describe a category of documents with reasonable particularity and is overly broad and unduly burdensome in seeking "all documents and recordings by CSP ISU sergeant B. Vikjord from January 21, 2020 "referenced at" another document described in the request. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251, 261 (E.D. Wis. 2013). "[S]uch-broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.*

Subject to the foregoing objections, Defendant responds that the document referenced in Plaintiffs request refers to CI-ICF-PREA-19-09-037 and documents concerning this PREA log number were previously produced to Plaintiff, Bates Nos. DEF357-382; DEF 387-398. Additional documents referencing that log number are being produced, Bates Nos. DEF 612, Defendant does not believe there were any recordings made by Sgt. B. Vikjord as related to the PREA Log number referenced.

(*Id.* at 21-22).

**Request for Production No. 13**
Copy of all documents and recordings by CSP.ISU sergeant T. Brazelton from February 9, 2022, referenced at category description of documents to be used at trial h.,'[sic] in plaintiffs scheduling and discovery statement filed and served June 28, 2025, in Stockton, California.

**Response**
Objection. This request fails to describe a category of documents with reasonable particularity and is overly broad and unduly burdensome in seeking "all documents and recordings by CSP ISU sergeant T. Brazelton from

> February 9, 2022 "referenced at" another document described in the request. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to',' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251, 261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.*
>
> Subject to the foregoing objections, Defendant responds the document referenced in the request refers to CHCF-PREA-19-09-037 and documents concerning this PREA log number were previously produced to Plaintiff, Bates Nos. DEF357-382; DEF 387-398. A chrono prepared by T. Brazelton dated February 9, 2022, is produced, Bates Nos. DEF 612. Defendant does not believe there were any recordings made by Sgt. Brazelton as related to the PREA Log number referenced.

(*Id.* at 22-23).

> **Request for Production No. 14**
> Copy of all documents and recordings by Defendant's Garcia and Beer in grievance log# CSPC 8-19-05980, referenced at category description of documents to be used at trial i.,' [sic] in plaintiffs scheduling and discovery statement filed and served June 28, 2025, in Stockton, California.
>
> **Response**
> Objection. This request fails to describe a category of documents with reasonable particularity and is overly broad and unduly burdensome in seeking "all documents and recordings by CSP ISU sergeant T. Brazelton from February 9, 2022 "referenced at" another document described in the request. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.*
>
> Defendant also objects that documents responsive to this request are subject to the official information privilege and were identified on a privilege log and the documents and objections were provided to the Court for review in camera on October 21, 2025, pursuant to the procedures in the Court's Discovery and Scheduling Order.
>
> Subject to the foregoing objections, Defendant responds that document responsive to this request were previously produced to Plaintiff, Bates Nos. DEF048-064; DEF087-104. Defendant further responds that after a diligent and reasonable search, there are no recordings of Garcia and Beer as related to the referenced appeal log number.

(*Id.* at 23).

\\\

**Request for Production No. 16**
Copy of all documents and recordings of allegation investigation unit (AIU) completed inquiry of March 21, 2023, referenced at category description of documents to be used at trial K..,',[sic] in statement filed and served June 28, 2025, in Stockton, California.

**Response**
Objection; This request exceeds the number of request allowed by the Court. ECF No. 107. Only 15 requests for production per party are allowed. *(Id.)* The request does not specify with reasonable particularity the documents or things sought. Fed. R. Civ. Proc. 34(6).

Subject to the foregoing objections, Defendant responds that documents responsive to this request were previously produced to Plaintiff at Bates Nos. DEF 602-603 and an audio recorded interview of Plaintiff, DEF611, was made available to Plaintiff for review at his current institution.

In addition, documents responsive to this request are subject to the official information privilege and were identified on a privilege log, Bates Nos. 604-610, and the documents and objections were provided to the Court for review in camera review on October 21, 2025, pursuant to the procedures in the Court's Discovery and Scheduling Order.

Defendant further responds that following documents are responsive to this request, however Plaintiff already has copies of these documents that are referenced as exhibits in N-AIMS-CMF-6649-22/AASTS No. 20019768, or they were made available to him:

1. Exhibits from N-AIMS-CMF-6649-22/AASTS No. 20019768:
    - Exhibit 2[1], Plaintiffs 602, responses and correspondence to Plaintiff, Appeal Log No.19-05980, *(See* Bates Nos. DEF 048-050; 52-59, previously produced)
    - Exhibit 5, the incident report, *see* Bates Nos DEF 001-019, previously produced; photographs of Officer Oak's injuries, DEF Nos. 046-47 (which were shown to Plaintiff); but excluding the Incident Report Review Notice, Bates Nos. DEF 037 (identified on a privilege log provided October 21, 2025)
    - Exhibit 6, CDCR Form 7219 for Williams, *see* Bates Nos. DEF 018, previously produced;
    - Exhibit 8, RVR Hearing Results, Plaintiff has a copy;

[1] Defendant Oaks included a footnote that stated: "One page of this exhibit pertains to a grievance of another inmate, which appears to have been inadvertently included in the exhibit provided to Defendants' counsel. This page was not among the documents previously produced to Plaintiff and will not be produced to him because it is information pertaining to another inmate and has no relation to this matter." (ECF No, at 25).

- Exhibit 9, Audio recorded interview of Plaintiff dated February 14, 2023, *see* Bates-No. DEF611 (was made available to Plaintiff to have the opportunity to listen)

The following additional responsive documents are being produced:

1. Exhibits from N-AIMS-CMF-6649-22:
   - Exhibit 1, Plaintiff's 602-1, Appeal Log No. 237513/272175, Bates Nos. DEF 613-614;
   - Exhibit 3, Response to Appeal Log No. 237513, Bates Nos. DEF 615-616;
   - Exhibit 4, External Movement, August 5, 2019, Bates Nos. DEF 617;
   - Exhibit 10, PREA Screening for Plaintiff dated August 5, 2019, Bates Nos. DEF 618-619;
   - Exhibit 11, Emails between B. Strohmaier, CDCR Office of Internal Affairs and A. Arambula-Hernandez, Investigative Services Unit[2], CMF, Bates Nos. DEF 620-621;
   - Exhibit 12, Emails between B. Strohmaier, CDCR Office of Internal Affairs and Hope Hernandez[3], Kings County Superior Court, Bates Nos. DEF 622-623.

An additional document subject to the official information privilege will be identified on a privilege log pursuant to the procedures in the Court's Discovery and Scheduling Order:

Exhibit 7 from N-AIMS-CMF-6649-22: Staff working copy of RVR Log Number 6886118.

(*Id.* at 25-26).

**<u>To Defendant Beer – Set One:</u>**

**Request for Production No. 1**
All documents from defendant Oaks' personal file which would show any complaints filed by prisoners which allege excessive or misuse of force at California State Prison Corcoran (CSPC) between August 5, 2014, and August 5, 2019.

---

[2] Defendant Oaks included a footnote that stated: "Email addresses and phone numbers have been redacted for reasons of institutional security and safety." (ECF No. 151 at 26).

[3] Defendant Oaks included a footnote that stated: "Email addresses and phone numbers have been redacted for reasons of institutional security and safety." (*Id.*).

**Response**
Objection. The request is overly broad and unduly burdensome and not proportional to the discovery needs of this case. The request does not describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska Green Bay Packaging, Inc.,* 291 F.R.D. 251, 261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.* The facial overbreadth of Plaintiffs request renders it outside the scope of permissible discovery under Rule 26(b)(l), and thus improper.

Subject to the foregoing objections, Defendant responds that after a diligent and reasonable search on his behalf, no staff complaints against Defendants Oaks alleging excessive force or misuse of force were located for that time period, other than the inmate appeal submitted by Plaintiff concerning CPSC 8-19-05980. Documents related to appeal number 19-05980 were previously produced to Plaintiff.

(*Id.* at 30).

**Request for Production No. 2**
All documents from defendant Oaks personal file which would show any complaints which allege racial discrimination at CSPC between August 5, 2014, and August 5, 2019.

**Response**
Objection. The request is overly broad and unduly burdensome and not proportional to the discovery needs of this case. None of plaintiff's claims are based on alleged "racial discrimination." Fed. R. Civ. P. 26(b). The request also does not describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska* v. *Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.* The facial overbreadth of Plaintiffs request renders it outside the scope of permissible discovery under Rule 26(b)(1), and thus improper.

Subject to the foregoing objections, Defendant responds that after a diligent and reasonable search on his behalf, no staff complaints against Defendants Oaks alleging "racial discrimination" were located for that time period.

(*Id.* at 30-31).
\\\
\\\
\\\

> **Request for Production No. 3**
> All documents which would show any use of force inquiry or investigation at CSPC involving defendant Oaks.
>
> **Response**
> Objection. The request is overly broad and unduly burdensome and not proportional to the discovery needs of this case. Fed. R. Civ. P. 26(b). The request also does not describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska* v. *Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.* The facial overbreadth of Plaintiffs request renders it outside the scope of permissible discovery under Rule 26(b)(1), and thus improper. The request is unlimited in time. Defendant Oaks has worked for CDCR approximately twenty-seven years and accordingly, the request is unduly burdensome.

(*Id.* at 31-32).

> **Request for Production No. 4**
> All documents which would show CDCR 602 grievances filed at CSPC against Defendant Oaks for excessive force between August 5, 2014, and August 5, 2019.
>
> **Response**
> Objection. The request is overly broad and unduly burdensome and not proportional to the discovery needs of this case. The request does not describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska* v. *Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.* The facial overbreadth of Plaintiff's request renders it outside the scope of permissible discovery under Rule 26(b)(1), and thus improper.
>
> Subject to the foregoing objections, Defendant responds that after a diligent and reasonable search on his behalf, no staff complaints against Defendants ·Oaks alleging excessive force or misuse of force were located for that time-period, other than the inmate appeal submitted by Plaintiff (CPSC-8-19-05980). Documents related to appeal number 19-05980 were previously produced to Plaintiff, and Defendants have previously asserted the official information privilege and provided a privilege log and supporting declaration with respect to documents relating to that appeal.

(*Id.* at 32).

> **Request for Production No. 5**
> All documents which would show CDCR 602 grievances filed at CSPC against defendant Oaks for racial discrimination between August 5, 2014, and August 5, 2019.
>
> **Response**
> Objection. The request is overly broad and unduly burdensome and not proportional to the discovery needs of this case. None of plaintiff's claims are based on alleged "racial discrimination." Fed. R. Civ. P. 26(b). The request also does not describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska* v. *Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.* The facial overbreadth of Plaintiffs request renders it outside the scope of permissible discovery under Rule 26(b)(1), and thus improper.
>
> Subject to the foregoing objections, Defendant responds that after a diligent and reasonable search on his behalf, no staff complaints against Defendants Oaks alleging "racial discrimination" were located for that time period.

(*Id.* at 32-33).

**<u>To Defendant Pascoe – Set One:</u>**

> **Request for Production No. 1**
> All documents which mention or discuss policy on usage of High Risk Equipment (HRE).
>
> **Response**
> Objection. The request is overly broad and unduly burdensome and not proportional to the discovery needs of this case. None of plaintiff's claims are based on the use of restraint equipment. Fed. R. Civ. P. 26(b). The request does not describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.* The facial overbreadth of Plaintiff's request renders it outside the scope of permissible discovery under Rule 26(b)(l), and thus improper. It is also unlimited in time, and the terms "mention or discuss policy on usage of High Risk Equipment" is vague and ambiguous and could refer to an unlimited number or type of documents, including but not limited to documents that may be confidential or may not be released to Plaintiff, who is currently incarcerated and proceeding *pro se.*

(*Id.* at 35).

**Request for Production No. 2**

Copy of all documents and recordings of Allegation Investigation Unit (AIU) Completed inquiry of March 21, 2023 referenced at "Category Discription (sic) of Documents to be used at trial K..,"[sic] in plaintiff's scheduling and discovery statement filed and served on June 28, 2025, in Stockton, California.

**Response**

Objection. The request is overly broad and unduly burdensome and therefore improper. Fed. R. Civ. P. 26(b). The request does not describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34(a). It refers to a document prepared by Plaintiff and seeks a "copy of all documents and recordings Allegation Investigation unit (AIU) Completed inquiry of March 21, 2023 referenced at" Plaintiffs discovery and scheduling statement. Accordingly, it is difficult to determine what documents Plaintiff is seeking. In addition, the request is unlimited in scope seeking "all documents and recordings."

Defendant also objects on the grounds that documents responsive to this request are subject to the official information privilege and are confidential and have been identified as documents Bates Nos. DEF604-610 on the Privilege Log previously filed with Court and served on Plaintiff on October 21, 2025, ECF No. 127. The documents were submitted to the Court for in camera review on October 21, 2025.

Subject to the foregoing objections, Defendant responds as follows.

The following responsive documents have already been produced to Plaintiff, are in his possession, or were made available to him:

1. Exhibits from N-AIMS-CMF-6649-22/AASTS No. 20019768:
   - Exhibit 2[4], Plaintiffs 602, responses and correspondence to Plaintiff, Appeal Plaintiffs 602, responses and correspondence to Plaintiff, Appeal Log No.19-05980, *(See* Bates Nos. DEF 048-050; 52-59, previously produced)

   - Exhibit 5, the incident report, *see* Bates Nos DEF 001-019, previously produced; photographs of Officer Oak's injuries, DEF Nos. 046-47 (which were shown to Plaintiff); but excluding the Incident Repo1t Review Notice, Bates Nos. DEF 037 (identified on a privilege log provided October 21, 2025);

\\\

[4] Defendant Oaks included a footnote that stated: "One page of this exhibit pertains to a grievance of another inmate, which appears to have been inadvertently included in the exhibit provided to Defendants' counsel. This page was not among the documents previously produced to Plaintiff and will not be produced to him because it is information pertaining to another inmate and has no relation to this matter." (ECF No. 151 at 36).

- Exhibit 6, CDCR Form 7219 for Williams -see Bates Nos. DEF 018, previously produced;
- Exhibit 8, RVR Hearing Results, Plaintiff has a copy;
- Exhibit 9, Audio recorded interview of Plaintiff dated February 14, 2023, *see* Bates No. DEF611 (was made available to Plaintiff to have the opportunity to listen).

The following additional responsive documents were previously produced:

1. Exhibits from N-AIMS-CMF-6649-22:
   - Exhibit 1, Plaintiffs 602-1, Appeal Log No. 237513/272175, Bates Nos. DEF613-614;
   - Exhibit 3, Response to Appeal Log No. 237513, Bates Nos. DEF 615-616;
   - Exhibit 4, External Movement, August 5, 2019, Bates Nos. DEF 617;
   - Exhibit 10, PREA Screening for Plaintiff dated August 5, 2019, Bates Nos. DEF 618-619;
   - Exhibit 11, Emails between B. Strohmaier, CDCR Office of Internal Affairs and A. Arambula-Hernandez, Investigative Services Unit[2], CMF, Bates Nos. DEF 620-621;
   - Exhibit 12, Emails between B. Strohmaier, CDCR Office of Internal Affairs and Hope Hernandez[3], Kings County Superior Court, Bates Nos. DEF 622-623.

An additional document subject to the official information privilege will be identified on a privilege log pursuant to the procedures in the Court's Discovery and Scheduling Order:

Exhibit 7 from N-AIMS-CMF-6649-22: Staff working copy of RVR Log Number 6886118.

(*Id.* at 35-37).

**Request for Production No. 3**
Copy of all documents which would mention "CDC 128B PREA closure chrono dated August 17, 2018, and statements provided by interviewed individuals" referenced in staff complaint response appeal log# CSPC - 8-18-04114 second level response memorandum attached at Exhibit "A" hereto.

**Response**
Objection. This request seeks material that is not relevant to any claim or defense in this case and is therefore improper. Fed. R. Civ. Proc. 26(b). Plaintiff's claims

in this case relate to an incident that occurred on August 5, 2019, and have no relation to the appeal log number from 2018 or allegations or the incident referenced in the attachment to the request for production of documents. The individuals identified in the attached "Exhibit A" are not parties to this case. In addition, this request fails to describe a category of documents with reasonable particularity, Fed. R. Civ. Proc. 34, and is overly broad and unduly burdensome in seeking "all documents" which "would mention" the "128 B" chrono referenced and "statements" provided by "individuals" referenced in the staff complaint response. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013). "[S]uch broad language makes it extremely burdensome to determine which of numerous documents may conceivably fall within its scope." *Id.* The facial overbreadth of Plaintiffs request renders it outside the scope of permissible discovery under Rule 26(b)(1), and thus improper.

Defendant further objects that this request seeks confidential documents protected by the official information privilege. Specifically, the Confidential Supplement to Appeal "appeal/allegation inquiry" for appeal log number CSPC-8-18-04114. Pursuant to the Court's Scheduling and Discovery Order, ECF No. 107, a privilege log and supporting declaration will be provided within thirty days of the date this response is due.

(*Id.* at 38).

**Request for Production No. 5**
All documents which would verify CSPC Institutional Executive Review Committee (IERC) policy and guidelines for review of use of force incidents as referenced in correspondence from CSPC Warden Ken Clark attached at Exhibit "C" hereto.

**Response**
Objection. This request seeks material that is not relevant to any claim or defense in this case and is therefore improper. Fed. R. Civ. Proc. 26(b). This request also fails to describe a category of documents with reasonable particularity, Fed. R. Civ. Proc. 34, Additionally, it is overly broad and unduly burdensome in seeking documents that "would verify CSPC Institutional Executive Review Committee (IERC) policy and guidelines for review of use of force incidents." "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251, 261 (E.D. Wis. 2013).

Subject to the foregoing objections, Defendant responds and produces the following documents:

1. California Code of Regulations, title 15, § 3268-3268.2 (2019), Bates Nos. DEF 652-656;

2. California Department of Corrections and Rehabilitation Operations Manual (CDCR DOM) section 51020.6 (2019), Bates Nos. DEF 645; and

3. CDCR DOM sections 51020.19-51020.19.5 (2019), Bates Nos. DEF 649-651.

(*Id.* at 39-40).

> **Request for Production No. 7**
> Copy of all documents which would identify or show any correspondence or communication from office of Ombudsman to CSPC to include name of any Ombudsman person who initiated such, referenced in correspondence from CSPC Warden Ken Clark dated September 23, 2019, attached at Exhibit "D" hereto.
>
> **Response**
> Objection. This request is not proportional to the needs of this case and is therefore improper. Fed. R. Civ. Proc. 26(b). The referenced exhibit is a letter to Plaintiff that advises him that the "allegation of staff misconduct" Plaintiff made to the Ombudsman was already being investigated via Plaintiffs Grievance Log No. CSPC 8-19-05980, This request also fails to describe a category of documents with reasonable particularity. Fed. R. Civ. Proc. 34. In addition, the request is overly broad and unduly burdensome. in seeking "all documents which would identify or show any correspondence or communication from office of Ombudsman to CSPC to include name of any Ombudsman person." "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013).

(*Id.* at 41).

> **Request for Production No. 8**
> Copy of all documents which would identify or show any correspondence or communication from office of Ombudsman to CSPC to include documents of any monitoring referenced in correspondence from S. Jacobs, Ombudsman, dated March 15, 2022, attached at Exhibit "E" hereto.

(*Id.*).

> **Response**
> Objection. This request seeks material that is not relevant to any claim or defense in this case or proportional to the needs of this case and is therefore improper. Fed. R. Civ. Proc. 26(b). The referenced "exhibit E" from the Office of the Ombudsman refers to monitoring of "any systemic issues." There are no "systemic issues" at issue in this case because Plaintiffs complaint concerns a discrete use-of-force incident involving only him. This request also fails to describe a category of documents with reasonable particularity, Fed. R. Civ. Proc. 34, and is overly broad and unduly burdensome in seeking "all documents

> which would identify or show any correspondence or communication from office of Ombudsman to CSPC to include documents of any monitoring referenced in correspondence from S. Jacobs, Ombudsman." "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251, 261 (E.D. Wis. 2013).

(*Id.* at 43).

> **Request for Production No. 9**
> Copy of all documents which would identify or show any correspondence or communication from CDCR office to Internal Affairs (OIA) to CSPC AW D. Hurley referenced in memorandum dated May 31, 2022, attached at Exhibit "F: hereto.
>
> **Response**
> Objection. This request seeks material that is not relevant to any claim or defense in this case or proportional to the needs of this case and is therefore improper. Fed. R. Civ. Proc. 26(b). The memorandum referenced is dated May 31, 2022; almost three years after the incident at issue and is a response to a letter sent by Plaintiffs mother, which references exhausted appeal log number COR-19-5980. "[A] discovery request is overly broad and unduly burdensome on its face if it uses an omnibus term such as 'relating to,' 'pertaining to,' or 'concerning' to modify a general category or broad range of documents or information." *Dauska v. Green Bay Packaging, Inc.,* 291 F.R.D. 251,261 (E.D. Wis. 2013).

(*Id.*).

> **Request for Production No. 10**
> Copy of documents which would identify AIU completed inquiry of memorandum CDCR-602 grievance log# 20019768, referenced at Exhibit "G" hereto.
>
> **Response**
> Objection. The request is vague and ambiguous and fails to describe a category of documents with reasonable particularity as required by Fed. R. Civ Proc. 34. Given that the referenced "exhibit G" is a memorandum dated March 21, 2023, concerning closure of log number 20019768, it is unclear what documents Plaintiff is seeking with this request, as it appears duplicative of Request No. 2.
>
> Subject to the foregoing objections, Defendant responds that documents responsive to this request related to this grievance log number are subject to the official information privilege and are confidential and have been identified as documents Bates Nos. DEF604-610 on the Privilege Log previously filed with Court and served on Plaintiff on October 21, 2025, ECF No. 127. The documents were submitted to the Court for in camera review on October 21, 2025.

(*Id.* at 42).

**B. Discussion**

The Court turns first to Plaintiff's motion to compel the following requests for production of documents after Defendants asserted official information privilege:

- Defendant Oaks – Requests for Production Nos. 6, 11, 14, 16
- Defendant Pascoe – Requests for Production Nos. 2, 3, 10

The Court previously ruled on Defendants' assertion of official information privilege as to the requested documents in its December 29, 2025 order (ECF No. 154). Accordingly, Plaintiff's motion to compel (ECF No. 151) is denied as to these requests for production of documents.

Next, Plaintiff has objected (ECF No. 176) to Defendants' supplemental production of redacted documents following the Court's December 29, 2025 order. Plaintiff argues that Defendants over-redacted certain documents in violation of the Court's order (ECF No. 154).

The Court has reviewed the relevant unredacted documents lodged for in camera review on October 21, 2025 (ECF No. 128) and compared them to the redacted documents attached to Plaintiff's objection (ECF No. 176). The Court finds that Defendants' redactions were proper and in accordance with the Court's December 29, 2025 order (ECF No. 154). Accordingly, the Court overrules Plaintiff's objection (ECF No. 176).

The Court turns now to the remaining requests for production of documents that are the subject of Plaintiff's motion to compel. (ECF No. 151). Upon consideration of Defendants' responses to Plaintiff's requests for production of documents, the Court will grant, in part, and deny, in part, Plaintiff's motion to compel further responses. (ECF No. 151).

First, the Court finds that Defendants' responses to requests for production of documents are not evasive. For example, Plaintiff argues that Defendants were evasive when they stated that no documents or recordings existed in Oaks' responses to Requests for Production Nos. 10, 12, 13 and Beer's responses to Requests for Production Nos. 1, 2, 4, 5. Plaintiff argues that Defendants failed to provide a declaration or affidavit stating that no documents or requests were located. However, there is no legal authority requiring Defendants to submit a declaration. Rather, Fed. R. Civ. P. 26(g)(1) requires only that defense counsel sign the responses, and "[b]y signing, an attorney…certifies that to the best of the person's knowledge, information, and belief formed

after reasonable inquiry: (A) with respect to a disclosure, it is complete and correct as of the time it is made…." Fed. R. Civ. P. 26(g)(1).

Here, defense counsel signed all responses to Plaintiff's requests for production of documents. Accordingly, the Court denies Plaintiff's motion to compel as to Oaks' responses to Requests for Production Nos. 10, 12, 13 and Beer's responses to Requests for Production Nos. 1, 2, 4, 5.

In reviewing the remaining responses at issue, the Court finds that Plaintiff's requests for production are overly broad and not limited in time or people involved, not proportional to the needs of the case, and seek information beyond the scope of the underlying lawsuit or present duplicative requests.

For example, Request for Production No. 3 propounded to Defendant Beer requests "[a]ll documents which would show any use of force inquiry or investigation at CSPC involving Oaks." (ECF No. 151 at 31-32). Defendant Oaks has been a CDCR employee for 27 years and objected to the request as overly broad and not limited in time. (*Id.*).

Plaintiff's next request for production, Request No. 4, asked for similar documents regarding excessive force by Defendant Oaks but was more specific and limited in time. (*Id.* at 32). Defendant responded that no staff complaints were found against Defendant Oaks except for Plaintiff's complaint, which was previously produced to Plaintiff. (*Id.*). Thus, the Court finds that, while Plaintiff's first request was overly broad, he received the relevant response and documents as a result of his next, more specific request.

As another example, in Request for Production No. 5 to Defendant Pascoe, Plaintiff requested "[a]ll documents which would verify CSPC Institutional Executive Review Committee (IERC) policy and guidelines for review of use of force incidents as referenced in correspondence from CSPC Warden Ken Clark attached at Exhibit 'C' hereto." (*Id.* at 39-40). Defendant Pascoe responded that the request was overly broad and unduly burdensome because it was non-specific in time and made reference to, and required interpretation of, an outside document. (*Id.*). However, Defendant Pascoe then produced various policies and guidelines from the CDCR operating manual and the California state law that inform the review of use of force incidents.

The Court finds that, while Plaintiff's request was overly broad, Defendant Pascoe provided the requested relevant polices and guidelines.

Finally, in Request for Production No. 8 to Defendant Oaks, Plaintiff requested "copies of information felony assault filed on October 13, 2020, by Corcoran State Prison (CSP) officials with Kings County District Attorney…." (*Id.* at 18-19). Defendant Oaks objected to the request as vague and ambiguous. (*Id.*). Plaintiff has received the charge initiating the criminal case against him in Kings County Superior Court, and Defendant Oaks directed Plaintiff back to the lawyer who represented him in the criminal matter for further court records. (*Id.*).

However, Defendants indicated in their responses that they served a subpoena for documents on the Law Offices of Jim Trevino, Plaintiff's attorney in the Kings County criminal matter. (ECF No. 191). Defendants also stated that they served a subpoena on the Los Angeles County Sheriff's Department (ECF No. 151 at 16-17) and on Dr. Brandi Mathews (ECF No. 203). To the extent that Defendants have received documents responsive to any subpoena served on a non-party, the Court orders Defendants to supplement their document responses and provide the records to Plaintiff within 10 days of this order; or if no documents have been received from a specific subpoena, Defendants must file a notice within 10 days of this order identifying the particular subpoena and indicating no documents were received.

## V. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. Defendants' motion to compel (ECF No. 151) is granted, in part, and denied, in part as follows:
    a. Plaintiff's motion to compel is granted to the extent that Defendants have received documents from the Law Office of Jim Trevino, the Los Angeles County Sheriff's Department, Dr. Brandi Mathews, or any other non-party. Defendants must supplement their document responses to Plaintiff's Requests for Production of Documents, Set One, and provide the records to Plaintiff within 10 days of this order. If no documents have been received from a specific subpoena, Defendants must file a notice within 10 days of

this order identifying the particular subpoena and indicating no documents were received.

b. Except for documents responsive to any subpoena, Plaintiff's remaining motion to compel is denied;

2. Plaintiff's objections to Defendants' Supplemental Responses to Plaintiff's Requests for Production of Documents, Set One, are overruled. (ECF No. 176).

IT IS SO ORDERED.

Dated: **September 23, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE