UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN W. WILLIAMS,

Plaintiff,

v.

BEER, *et al.*,

Defendants.

Case No. 1:21-cv-00155-KES-EPG (PC)

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL DISCOVERY

(ECF No. 185)

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.

Now before the Court is Plaintiff's motion to compel Defendants to provide further responses to his Requests for Interrogatories, "Set Two" (ECF No. 185).

For the reasons explained below, the Court will deny Plaintiff's motion to compel. (*Id.*).

## I. BACKGROUND

Plaintiff filed his complaint on February 8, 2021. (ECF No. 1). Defendants Oaks, Pascoe, Riddle, Beer, and Garcia are correctional officers, and Defendant Cubos is a registered nurse. (ECF Nos. 1, 10, 12). This action stems from Plaintiff's allegations that, on August 5, 2019, Defendant Oaks stabbed him in the buttocks with a metal pencil-like handcuff key, repeatedly kicked him, and pepper sprayed him, while Defendant Pascoe stood outside the van's side door and watched. (ECF Nos. 1, 10, 12, 25). Plaintiff also alleges that, after he was subjected to the excessive use of force, he suffered from bleeding buttocks, pain to groin, pain to lower torso, pain

to face, pain to legs, burning of skin, burning of eyes, and burning lungs, and that while Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos were aware of some, if not all, of his injuries, none of them provided or summoned medical care for those injuries. (*Id.*)

The relevant procedural history is as follows:

After screening, Plaintiff elected to proceed on his Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF Nos. 11, 12, 25).

The Court opened discovery on August 22, 2025. (ECF No. 107).

On March 16, 2026, Plaintiff filed a motion to compel additional responses to his Interrogatories, Set Two, propounded on Defendants Oaks, Pascoe, Riddle, Beer, and Garcia. (ECF No. 185). On March 26, 2026, the Court reviewed the motion and issued an order that Defendants file a response addressing specific interrogatories. (ECF No. 190). Defendants filed their response to Plaintiff's motion to compel on April 7, 2026. (ECF No. 193).

Two days later, on April 9, 2026, the Court ordered the parties to participate in a settlement conference, vacated the current schedule, and stayed the action to facilitate settlement. (ECF No. 194). The parties participated in the settlement conference on July 10, 2026 but did not resolve the matter. (ECF No. 200). The Court then vacated the stay (ECF No. 201) and issued an amended scheduling order (ECF No. 206), including outstanding briefing deadlines for the parties' various motions to compel discovery.

## II. PLAINTIFF'S MOTION TO COMPEL (ECF NO. 185)

On March 16, 2026, Plaintiff moved to compel Defendants Oaks, Pascoe, Beer, Riddle, and Garcia to provide further responses to Plaintiff's Request for Interrogatories, Set Two. (ECF No. 185). Specifically, Plaintiff argued that Defendants' answers were evasive and incomplete, and he asked the Court to compel further answers to the following interrogatories:

- Defendant Oaks – Set Two, Interrogatories 11, 13, 14 (*Id.* at 7-8);
- Defendant Pascoe – Set Two, Interrogatories 12, 14, 15 (*Id.* at 8-9);
- Defendant Beer – Set Two, Interrogatories 16, 18, 20 (*Id.* at 4-7);

- Defendant Garcia – Set Two, Interrogatories 12, 14 (*Id.* at 9-10); and
- Defendant Riddle – Set Two, Interrogatories 13, 15 (*Id.* at 10-11).

The Court reviewed Plaintiff's motion and concluded that a response from Defendants to the motion was only warranted for the following interrogatories:

- Defendant Beer – Set Two, Interrogatory 18;
- Defendant Oaks – Set Two, Interrogatory 11;
- Defendant Pascoe – Set Two, Interrogatory 15.

(ECF No. 190).

Defendants filed their opposition brief to the motion to compel on April 7, 2026. (ECF No. 193). Defendants argue that their responses are sufficient and that the three interrogatories at issue are duplicative of other interrogatories propounded by Plaintiff and to which Defendants have responded.

Plaintiff did not file a reply brief.

## III. LEGAL STANDARDS

Interrogatories are governed by Federal Rule of Civil Procedure 33, and [a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(b).

In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," including if "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii).

The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

Lastly, the Court notes that it has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012) (noting district courts' broad discretion in managing discovery and controlling the course of litigation).

## IV. ANALYSIS

### A. Challenged Interrogatories, Set Two

Plaintiff challenges Defendants' answers and objections to the following interrogatories, Set Two:[1]

> **Defendant Beer – Set Two, Interrogatory 18**
> In your response to Plaintiff's First Set of Interrogatories No. 9, served and verified October 29, 2025, where you state and testify that "Plaintiff had equal access to request video footage via his defense attorney in the related criminal matter," if the related criminal matter identified by case No. 20CMS-1704, information was filed on October 13, 2020, and Plaintiff arraigned on October 22, 2020, then state all facts from within your sources as to who had "equal access to request video footage of the August 5, 2019, incident at issue between August 5, 2019 and October 22, 2020, prior to Plaintiff being appointed any defense attorney in the criminal matter.
>
> **Answer**
> Defendant objects to this interrogatory as compound, vague, ambiguous, argumentative and overly broad and unduly burdensome and thus improper. First, Defendant did not respond to interrogatory number 9. Accordingly, Plaintiff's attempt to ask Defendant Beer about an objection propounded by his counsel is inappropriate. Second, this interrogatory is unduly burdensome as it appears to ask Defendant to state who had "access" to any alleged footage between August 5, 2019 and October 22, 2020, a period of over one year, particularly because the alleged incident did not occur in a facility over which CDCR has any control.

(ECF No. 185 at 16).

> **Defendant Oaks – Set Two, Interrogatory 11**
> Please explain for the Court, with clarity, how a single impact from the holding cage door which you allege Plaintiff kicked to injure you, caused two separate actively bleeding abrasions to your leg on August 5, 2019.

[1] For conciseness, the Court has included only the relevant objections to the interrogatories. Additionally, for readability, the Court has made minor alterations to quotations from Plaintiff's motion to compel without indicating each change.

> **Answer**
> Defendant objects to this interrogatory as argumentative and therefore improper under Federal Rules of Civil Procedure 33. Where an interrogatory seeks to argue with a response that is contrary to the proponent's interpretation of the facts, it is argumentative and improper. *O'Brien v. Gularte*, 2020 WL 583976 *2 (S.D. Cal. February 6, 2020); *Rhodes v. Houston*, 258 F. Supp. 546, 583 (D. Nebraska 1966). Plaintiff is seeking to argue with Defendant's responses to Interrogatories, Set One numbers 4 and 7, which have already responded to this question.

(*Id.* at 21).

> **Defendant Pascoe – Set Two, Interrogatory 15**
> Do you have some logical explanation as to how a holding cage door could swing out and cause two separate active bleeding abrasions to Defendant Oaks' left leg from a single impact.
>
> **Answer**
> Defendant objects to this interrogatory as argumentative, and therefore improper under Federal Rules of Civil Procedure 33. Where an interrogatory seeks to argue with a response that is contrary to the proponent's interpretation of the facts, it is argumentative and improper. *O'Brien v. Gularte*, 2020 WL 583976 *2 (S.D. Cal. February 6, 2020); *Rhodes v. Houston*, 258 F. Supp. 546, 583 (D. Nebraska 1966). This interrogatory does not seek facts but simply seeks to argue with how Defendant Oaks was injured. Accordingly, it is not a proper interrogatory.

(*Id.* at 30).

**B. Discussion**

The Court first considers Interrogatory No. 18 propounded on Defendant Beer, seeking an explanation as to why Defendant Beer believes Plaintiff had equal access to video footage at Kings County Superior Court as Beer stated in his response to Interrogatory No. 9, Set One, as follows:

> **Interrogatory 9**
> At any stage of investigations into the events giving rise to this lawsuit was camera footage from the Kings County Superior Court parking lot where transit[-]van # 266 was parked on August 5, 2019, ever reviewed or secured as part of any investigation.
>
> **Objection**
> This interrogatory [is] overly burdensome and an abuse of the discovery process. Assuming such footage ever existed, Plaintiff had equal access to request video footage via his defense attorney in the related criminal matter.

(ECF No. 162 at 6).

On January 23, 2026, the Court found that "whether Plaintiff had equal access to the

footage is irrelevant to Plaintiff's question about whether the footage was reviewed or secured as part of any investigation" and ordered Defendant Beer to fully respond to Interrogatory No. 9. (*Id.* at 12). Pursuant to the Court's order, Defendant Beer supplemented his answer to Interrogatory No. 9 as follows:

> **Supplemental Response to Interrogatory No. 9**
> Defendant Beer responds to this interrogatory as follows. Defendant Beer has no personal knowledge of whether the requested video footage ever existed, whether any camera at the Kings County Courthouse was positioned to record any of the events alleged in the complaint; nor whether video footage, if it existed, was "reviewed or secured" by anyone "as part of any investigation," including but not limited to by Plaintiff, or any investigation that may have been conducted by anyone on Plaintiff's behalf, including but not limited to Plaintiff's criminal attorney Jim Trevino in relation to the matter of *People v. Williams*, Kings County Superior Court Case No. 20 CMS 1704. Moreover, Defendant lacks sufficient information or knowledge to respond as to any investigation, as he was not responsible for conducting any such investigation. In addition, on information and belief, Kings County Superior Court only saves footage for a period of fourteen days. Moreover, Plaintiff alleges that the incident at issue occurred inside the transport van; however, based on the position of the cameras at Kings County Superior Court, Defendant believes the cameras could not have recorded inside the vehicle. Thus, Defendant does not believe the incident at issue in this case was recorded and, to the extent anything pertaining to the incident was recorded, Defendant does not believe any footage was "reviewed or secured" "as part of any investigation."

(ECF No. 193-1 at 15).

The Court finds that Defendant Beer's supplemental response to Interrogatory No. 9, Set One adequately addresses Plaintiff's interrogatory, including whether the footage was reviewed or secured as part of any investigation. (*Id.*).

Accordingly, the Court denies Plaintiff's motion to compel as to Interrogatory No. 18, Set Two, directed to Defendant Beer.

Next, the Court considers together Interrogatory No. 11, Set Two, to Defendant Oaks and Interrogatory No. 15, Set Two, to Defendant Pascoe, since both interrogatories seek the same information about how Defendant Oaks sustained injuries on August 5, 2019. (ECF No. 185 at 21, 30).

Defendants argue that Interrogatory Nos. 11 and 15 are duplicative because they request the same information provided in Interrogatory Nos. 4 and 7, First Set, to Defendant Oaks, which

state:

> **Interrogatory No. 4**
> Considering the length of the holding cage door that you claim swung outward to cause the abrasions and active bleeding noted on the CDCR – 7219 of you attached at Exhibit "B" herein, how did the holding cage door itself fit past your booted foot to reach contact with your left leg while swinging out.
>
> **Answer**
> ….
> Subject to the foregoing objections, Defendant responds as follows:
> The door of the rear holding cell is shaped as seen in photographs [a footnote to the response references photographs Bates numbered DEF 336-339 and 346], which have been shown to Plaintiff, allowing the door to forcefully strike Defendant's leg, causing the injuries described in the CDCR Form 7219.
>
> **Interrogatory No. 7**
> Please give a detailed discription (sic) of the leg maneuver or method you say plaintiff carried out with the HRE restraints that allowed plaintiff to kick the door with the force to swing out and cause the two separate abrasions and active bleeding injuries noted on your CDCR –7219, at Exhibit "B" hereto.
>
> **Answer**
> ….
> Subject to the foregoing objections, Defendant responds as follows:
> Defendant believes that Plaintiff forcefully kicked the door of the holding cell with his feet. Plaintiff's restraints allowed him to move, including walking, sitting, standing, stepping, turning around, and moving otherwise, and the restraints would not have and did not prevent him from being able to move his legs to kick the door of the holding cell.

(ECF No. 193-1 at 6-8).

The Court finds that Interrogatory No. 11, Set Two, to Defendant Oaks and Interrogatory No. 15, Set Two, to Defendant Pascoe request the same information that Defendant Oaks provided in his answers to Interrogatory Nos. 4 and 7, Set One. To the extent that Plaintiff's interrogatories in Set Two seek additional information, the Court finds that the interrogatories are improperly argumentative. *See Edwards v. Magallanes*, No. 1:16-CV-00975-SAB (PC), 2018 WL 3629924, at *3 (E.D. Cal. July 27, 2018) ("Plaintiff simply does not like Grajeda's responses and merely contends different ways in which she could have answered the interrogatories or allegedly refreshed her recollection of events. However, Plaintiff' mere disagreement with the responses is insufficient.").

Accordingly, the Court denies Plaintiff's motion to compel further responses to Interrogatory No. 11, Set Two, to Defendant Oaks and Interrogatory No. 15, Set Two, to Defendant Pascoe.

## V. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 185) is denied.

IT IS SO ORDERED.

Dated: **September 28, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE