UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN W. WILLIAMS,

Plaintiff,

v.

BEER, *et al.*,

Defendants.

Case No. 1:21-cv-00155-KES-EPG (PC)

ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND OVERRULING IN PART DEFENDANT PASCOE'S OBJECTION UNDER THE OFFICIAL INFORMATION PRIVILEGE

(ECF Nos. 188, 213)

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.

Now before the Court is Plaintiff's motion to compel Defendant Pascoe to provide further responses to her Requests for Production of Documents, "Set Two" (ECF No. 188).

For the reasons explained below, the Court will grant in part and deny in part Plaintiff's motion to compel (ECF No. 188) and overrule in part Defendant Pascoe's assertion of official information privilege (ECF Nos. 188, 213).

## I. BACKGROUND

Plaintiff filed his complaint on February 8, 2021. (ECF No. 1). Defendants Oaks, Pascoe, Riddle, Beer, and Garcia are correctional officers, and Defendant Cubos is a registered nurse. (ECF Nos. 1, 10, 12). This action stems from Plaintiff's allegations that, on August 5, 2019, Defendant Oaks stabbed him in the buttocks with a metal pencil-like handcuff key, repeatedly kicked him, and pepper sprayed him, while Defendant Pascoe stood outside the van's side door

and watched. (ECF Nos. 1, 10, 12, 25). Plaintiff also alleges that, after he was subjected to the excessive use of force, he suffered from bleeding buttocks, pain to groin, pain to lower torso, pain to face, pain to legs, burning of skin, burning of eyes, and burning lungs, and that while Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos were aware of some, if not all, of his injuries, none of them provided or summoned medical care for those injuries. (*Id.*)

Plaintiff received a Rules Violation Report ("RVR"), along with a criminal charge for assaulting Defendant Oaks, related to the August 5, 2019 incident. (ECF No. 115).

The relevant procedural history is as follows:

After screening, Plaintiff elected to proceed on his Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against Defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF Nos. 11, 12, 25).

The Court opened discovery on August 22, 2025. (ECF No. 107).

On April 9, 2026, the Court ordered the parties to participate in a settlement conference, vacated the current schedule, and stayed the action to facilitate settlement. (ECF No. 194). The parties participated in the settlement conference on July 10, 2026 but did not resolve the matter. (ECF No. 200). The Court then vacated the stay (ECF No. 201) and issued an amended scheduling order (ECF No. 206), including outstanding briefing deadlines for the parties' various motions to compel discovery.

## II. PLAINTIFF'S MOTION TO COMPEL (ECF NO. 188)

On March 30, 2026, Plaintiff filed a motion to compel documents from Defendant Pascoe, seeking additional emails from providers such as the California Health Care Facility and documents related to usage of chemical agents on August 5, 2019. (ECF No. 188). Plaintiff asks the Court to compel further responses to Plaintiff's Requests for Production of Documents, Set Two, as follows:

- Defendant Pascoe – Set Two, Request for Production Nos. 13, 14

(*Id.*).

Plaintiff argues that Defendant Pascoe's response to Request for Production No. 13 was

evasive and incomplete, while asking the Court to overrule Defendant Pascoe's assertion of official information privilege in her response to Request for Production No. 14. (*Id.* at 2-6).

Defendant Pascoe filed her opposition brief on August 12, 2026. (ECF No. 213). First, Defendant Pascoe argues that her responses are sufficient and that Plaintiff's motion does not seek to compel documents already requested but rather makes a new request for documents. (*Id.* at 2-4). Defendant Pascoe also asks the Court to sustain her objection to the production of staff training materials under the official information privilege. (*Id.* at 4-6).

Plaintiff did not file a reply brief.

## III. LEGAL STANDARDS

### A. Requests for Production of Documents

Requests for production of documents and electronically stored information are governed by Federal Rule of Civil Procedure 34 and permit a party to serve "a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a).

In turn, Rule 26(b)(1) provides as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 401 states that "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Under Rule 37 of the Federal Rules of Civil Procedure, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection," including if "a party fails to answer an interrogatory submitted under Rule 33." Fed. R. Civ. P. 37(a)(3)(B)(iii). The Court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4).

Lastly, the Court notes that it has broad discretion to manage discovery. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir.2012) (noting district courts broad discretion in managing

discovery and controlling the course of litigation).

**B. Official Information Privilege**

Rule 26 of the Federal Rules of Civil Procedure allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Questions of privilege in federal civil rights cases are governed by federal law. Fed. R. Evid. 501; *Kerr v. U.S. Dist. Ct. for N. Dist. of California*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976).

The "common law governmental privilege (encompassing and referred to sometimes as the official or state secret privilege) . . . is only a qualified privilege, contingent upon the competing interests of the requesting litigant and subject to disclosure." *Kerr v. U.S. Dist. Ct. for N. Dist. of Cal.*, 511 F.2d 192, 198 (9th Cir. 1975) (citations omitted). The Ninth Circuit has since followed *Kerr* in requiring *in camera* review and a balancing of interests in ruling on the government's claim of the official information privilege. *See, e.g.*, *Breed v. U.S. Dist. Ct. for N. Dist. of Cal.*, 542 F.2d 1114, 1116 (9th Cir. 1976) ("[A]s required by *Kerr*, we recognize 'that in camera review is a highly appropriate and useful means of dealing with claims of governmental privilege.'") (quoting *Kerr*, 426 U.S. at 406); *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033-34 (9th Cir. 1990) ("Government personnel files are considered official information. To determine whether the information sought is privileged, courts must weigh the potential benefits of disclosure against the potential disadvantages. If the latter is greater, the privilege bars discovery.") (internal citations omitted).

## IV. ANALYSIS

**A. Challenged Requests for Production of Documents, Set Two**

Plaintiff challenges Defendant Pascoe's responses and objections to the following requests for production of documents, Set Two:

> **Request for Production No. 13**
> Copy of all emails sent to any defendant to this action by Investigative Employee (I.E.) in Rules Violation Report (RVR) log #6886118 referenced by defendant Pascoe's response to Plaintiff's First Set of Interrogatories, No. 5, served and verified October 31, 2025, November 3, 2025.
>
> **Response**

> Defendant responds and produces responsive documents[1] Bates Nos. DEF 665-669.

(ECF No. 188 at 9).

> **Request for Production No. 14**
> Copy of any document which would show any advisements, warnings and instruction on the usage of MK-4 oleoresin capsicum (OC) pepper spray in effect on August 5, 2019.
>
> **Response**
> Defendant objects to this request on the basis of the official information privilege as to seeking material that is confidential and cannot be produced to plaintiff for reasons of institutional safety and security. Specifically, the following documents on the use of chemical agents contain information concerning OC, but cannot be produced to Plaintiff:
>
> In service training presentation - Chemical Agents, Version 2.5.
>
> A privilege log will be provided within thirty days from the date of this response per the procedures established in the Court's Scheduling Order.

(*Id.* at 17-18). Defendant Pascoe also provided the declaration of J. Aguilar Apolinar, Litigation Coordinator at California State Prison – Corcoran, in support of the privilege log. (*Id.* at 18).

**C. Discussion**

The Court first considers Request for Production No. 13, Set Two. In his motion to compel, Plaintiff acknowledges that Defendant Pascoe produced an email dated September 27, 2019 from investigative employee, Correctional Officer S. Cristena, at California Health Care Facility. (ECF No. 188 at 3-4). However, Plaintiff argues that Defendant Pascoe failed to produce emails sent by other investigative employees, Correctional Officers A. Arjon and E. Aviles, at the California Medical Facility. (*Id.*).

Defendant Pascoe argues that she produced all responsive documents, that is, a September 27, 2019 email with investigative questions from S. Cristena. (ECF No. 213 at 3). Defendant Pascoe argues that Plaintiff is now making a different request for documents, namely emails from A. Arjon and E. Aviles. (*Id.*).

Plaintiff's request for emails from A. Arjon and E. Aviles stems from Defendant Pascoe's

[1] Defendant included a footnote stating: "Email addresses and first names have been redacted for reasons of safety and security. (ECF No. 188 at 9).

answer to Interrogatory No. 5, in which Plaintiff asks why she did not cooperate with the grievance investigation of the incident. Defendant Pascoe acknowledged that she received an email on September 27, 2019 but stated that she did not recall receiving it and could not locate it in her email inbox. Defendant stated: "Other than this [September 27, 2019] email, Defendant believes there were no other attempts to contact her regarding this RVR."[2] (*Id.* at 2).

In her opposition to the motion to compel, Defendant Pascoe submitted a declaration from Defendants' attorney, Arthur B. Mark, III, giving more details on the search for responsive documents to Request for Production No. 13, Set Two. (ECF No. 213-1). Attorney Mark states under penalty of perjury that he searched for further responsive documents and found none:

> In October 2025, I requested a search of the CDCR email accounts of Defendant Oaks and Defendant Pascoe for the time period of August 5, 2019 (the date of the incident in the present case) through October 5, 2019 (the date that Rules Violation Report (RVR) No. 6886118 was heard) with key words "John Williams" or "V34099." This search retrieved a September 27, 2019 email, which was referenced in Defendant Pascoe's response to Interrogatory Number 5 and a copy of which was produced to Plaintiff in response to Request for Production No. 13.

\\\

> In January 2026, to determine if there were any additional documents responsive to Request for Production No. 13, I requested searches of the CDCR email accounts for Defendants I. Cubos, S. Pascoe, J. Oaks, L.

---

[2] Defendant Pascoe's response in relevant part states:

> INTERROGATORY NO. 5:
> State all facts as to why you refused to cooperate with the Investigative Employee (I. E.) process in connection with the Rules Violation Report (RVR) [received by Plaintiff related to the incident at issue] and disciplinary hearing associated with the CIR you authored.
>
> RESPONSE TO INTERROGATORY NO. 5:
> . . . .
> Subject to the foregoing objections, Defendant respond[s] as follows: Defendant did not "refuse to cooperate" with "the Investigative Employee." In connection with responding to these interrogatories, Defendant learned that an email was sent to her on September 27, 2019, regarding RVR No. 6886118, which Defendant does not recall receiving. Defendant was assigned to transportation in September 2019 and this position required her to work outside the institution. Accordingly, Defendant had little time to regularly check or review her CDCR emails and Defendant believes she did not see or inadvertently overlooked this email. Other than this email, Defendant believes there were no other attempts to contact her regarding this RVR.

(*Id.* at 2).

> Riddle, R. Garcia, and R. Beer for the time period August 5, 2019 through October 5, 2019 with search terms "RVR" or "6886118." I reviewed the emails retrieved as a result of these searches and none were responsive to Plaintiff's Request for Production No. 13.

(*Id.* at 2-3).

The Court finds that Defendant Pascoe has provided a legally adequate response to Request for Production No. 13. Defendant Pascoe produced the September 27, 2019 email from S. Cristena and stated that she searched and located no other responsive documents.

While Plaintiff has not established that emails from Arjon and Aviles to Pascoe actually exist, Defendants did not rely solely on Defendant Pascoe's review of her own email account. Instead, Attorney Mark gave sworn testimony that he requested a key word search of all Defendants' email accounts. The search terms described in Attorney Mark's declaration are sufficiently broad to capture likely responsive documents. Notably, Plaintiff has not argued that the search terms were insufficient or that he suggested additional search terms that were rejected by Defendant Pascoe.

Accordingly, the Court denies Plaintiff's motion to compel as to Request for Production No. 13.

The Court turns to Request for Production No. 14 and the official information privilege asserted for the document known as California Department of Corrections and Rehabilitation In-Service Training, Chemical Agents, Version 2.5, Bates numbered at DEF 670-715 PRIV. (ECF No. 188 at 19; ECF No. 213 at 4-6). On September 28, 2026, Defendant Pascoe submitted the following training document for *in camera* review:

- CONFIDENTIAL PRIVILEGED DEF 670-715 IST_ChemAgents_IG_2.5 Williams

In his motion to compel, Plaintiff argues that Defendant Pascoe failed to make a substantial threshold showing through declaration to invoke the official information privilege. (ECF No. 188 at 5-6). However, Plaintiff acknowledges that Defendant Pascoe submitted the declaration of J. Aguilar Apolinar in support of the privilege log. (*Id.*).

Plaintiff then argues that Aguilar Apolinar admits that the training presentation contains material relevant to the use and effects of OC spray, and therefore, the Court should overrule the

objection under the official information privilege and compel Pascoe to produce the presentation. (*Id.*).

In opposition, Defendant Pascoe argues that the declaration of Aguilar Apolinar was legally sufficient to assert the privilege because it identified the document and stated: "(1) that the materials at issue were generated by CDCR and maintained as confidential; and (2) that the declarant reviewed the materials in question; (3) the governmental and privacy interests that would be threatened by disclosure to plaintiff; (4) how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to the governmental interests and (5) a projection of harm if disclosure were made." (ECF No. 213 at 5).

Defendant Pascoe also urges the Court to sustain the privilege objection, arguing that if the training presentation was provided to Plaintiff, as a currently incarcerated inmate, it would compromise the safety and security of the prison and the safety of staff because "inmates could use that information to counter uses of force or fabricate claims against staff." (*Id.*). Defendant Pascoe also asserts that the training presentation only touched briefly on the use of OC spray and "[g]iven the marginal relevance of the training materials, the interests of confidentiality outweigh Plaintiff's alleged need for them and therefore weighs in favor of non-disclosure." (*Id.*).

Applying the legal standards above for official information privilege, the Court first finds that the declaration of Aguillar Apolinar, along with the privilege log, properly asserted the official information privilege as to the training presentation.

Next, the Court has reviewed the training presentation provided for *in camera* review and finds that Defendant's objection to certain pages of the presentation should be overruled.

The Court finds that specific pages of the training presentation identified as CONFIDENTIAL PRIVILEGED DEF 670-715 IST_ChemAgents_IG_2.5 Williams should be produced as follows:

- DEF 687-88: Section II. Overview of Chemical Agents including only:
    - Subsection A. Improper Use
    - Subsection B. Appropriate Use
    - Subsection C. Prohibited Uses of Chemical Agents
- DEF 698-701, 707: Section III. Chemical Agents and Their Descriptions

- Subsection D. Types of Contamination
- Subsection E. Decontamination of Individuals
- Subsection I. Area Decontamination Procedures

These pages may be produced in redacted form to exclude text outside of the headings and the text of the subsection described above. Documents may also be produced in redacted form to exclude information regarding the staff conducting the presentation.

In considering the potential benefits of disclosure, the Court has considered whether the training presentation on the use of chemical agents is relevant to Plaintiff's claims of excessive force through OC spray and subsequent indifference to medical needs, including burning of the skin, eyes, and lungs after being pepper sprayed. (ECF No. 10 at 9-10, 13). The Court finds that the specific pages of the presentation described above contain direct evidence regarding the training Defendants received on the use of OC spray, the recognized guidance on OC decontamination and seeking medical help, and when the CDCR says that the use of OC spray is appropriate and inappropriate. Such evidence is directly relevant to this case and could be used as evidence at summary judgment or trial in this matter.

The Court has also evaluated Defendant Pascoe's objections and finds that the risks identified in those objections do not outweigh the benefits that disclosure of these specific pages would have to this case. These pages are short and straightforward and do not reveal any confidential force options or techniques that could compromise the safety and security of the institution and the safety of staff in the future. Moreover, the Court is only requiring production of pages that discuss use of OC spray and decontamination procedures in general terms. The Court has examined the presentation pages, and the Court does not find any information that could reveal confidential techniques that could undermine the effectiveness of such use of force options in the future or lead to future misconduct.

The Court finds that disclosure of these pages of the presentation would promote the truth-finding process because they contain details of the chemical agent training that Defendants had close to the time that the relevant events occurred.[3] *See Woodford*, 548 U.S. at 94–95. The Court

[3] Relatedly, the Court previously overruled Defendants' objection under the official information privilege to producing the chemical weapons training and qualification card for Defendant Oaks. (ECF No. 154).

finds that the disadvantages and risks identified in Defendant Pascoe's objections do not outweigh the benefits that disclosure of these pages would have to this case. *Sanchez,* 936 F.2d at 1033-34.

However, the Court sustains Defendant Pascoe's objection to production of (1) the institution's analyses, opinions, force options and techniques described in the remainder of the training presentation, and (2) CDCR personnel information such as badge numbers, personnel (PERNR) numbers, work email addresses and phone numbers for any CDCR staff members. These remaining pages, outside of the those identified for production above, contain descriptions of techniques and force options that each correctional officer could deploy in given circumstances involving inmates at a CDCR facility. The remaining pages also contain identifying information regarding CDCR staff and their involvement in the development, use, and training of force options and techniques.

The Court finds this information, along with identifying information for CDCR staff, could be used by inmates to develop counter uses of force and cause a substantial risk to officer, inmate, and facility safety. After weighing the potential benefits and disadvantages of disclosure, the Court finds that the risks outweigh the benefits for producing the institution's analyses, opinions, force options and techniques, and CDCR personnel information, described in the remainder of the presentation. The remainder of the presentation, other than those pages specifically identified for production, should not be produced under the official information privilege because the potential disadvantages of disclosure outweigh the relevance of the documents to the litigation.

## V. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion to compel (ECF No. 188) is granted in part and denied in part.
2. Defendant Pascoe's objection under the official information privilege to the production of California Department of Corrections and Rehabilitation In-Service Training, Chemical Agents, Version 2.5, Bates numbered at DEF 670-715 PRIV is overruled in part. (ECF Nos. 188, 213).
3. No later than November 13, 2027, Defendants shall produce the documents described above to Plaintiff.

IT IS SO ORDERED.

Dated: **October 14, 2026** /s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE