UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN WESLEY WILLIAMS,<br>Plaintiff,<br>v.<br>BEER, et al.,<br>Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS<br><br>(ECF No. 215) |

Plaintiff John Wesley Williams is a prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against Defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF Nos. 11, 12, 25).

In a motion dated August 20, 2026, Plaintiff seeks an order from the Court sanctioning Defendants Beer, Oaks, and Pascoe for their "failure comply with the Court's March 26, 2026 order….to provide complete and full supplemental responses to interrogatories, Set Two, no. 18, no. 11, and no. 15." (ECF No. 215 at 2).

In their opposition brief filed September 9, 2026 (ECF No. 218), Defendants argue that Plaintiff's motion for sanctions is "frivolous" and state that the Court's March 26, 2026 order

required Defendants to respond to Plaintiff's motion to compel – not to provide responses to interrogatories – by April 7, 2026. (*Id.* at 1-2). Defendants filed their opposition brief to Plaintiff's motion to compel on April 7, 2026. (ECF No. 193).

On September 23, 2026, Plaintiff filed a reply brief in response to Defendants' opposition to sanctions. (ECF No. 225). Plaintiff "concede[s] that he may have erroneously misinterpreted the Court's March 26, 2026 order at issue" but denies that he filed a frivolous motion because "it brought to light this lingering, unresolved discovery dispute" described in his March 16, 2026 motion to compel interrogatory responses (ECF No. 185) and states that he was not given an opportunity to file a reply brief in support of his March 16, 2026 motion to compel interrogatory responses. (ECF No. 225 at 1-2).

The Court will deny Plaintiff's pending motion for sanctions. (ECF No. 215).

The Court's March 26, 2026 order at issue stated:

> On March 16, 2026, Plaintiff filed a motion to compel further responses from Defendants to a number of interrogatory requests. (ECF No. 185). Upon review of the motion, the Court concludes that a response is only warranted on the following interrogatories: Defendant Beer - Interrogatory #18; Defendant Oaks - Interrogatory # 11; and Defendant Pascoe - Interrogatory # 15. Defendants shall file a response addressing these interrogatories by no later than April 7, 2026. If Defendants agree to supplement their responses to these interrogatories, they should state so in their response to the motion to compel.

(ECF No. 190).

The Court's March 26, 2026 order directed Defendants to file a response to Plaintiff's motion to compel interrogatory responses – not to provide the actual interrogatory responses. Defendants complied with the Court's order by filing their brief in opposition to the motion to compel on April 7, 2026. (ECF No. 193). The case was stayed pending a settlement conference (ECF No. 194), and once the stay was vacated, the Court resolved the motion to compel on September 29, 2026 (ECF Nos. 201, 227).

In his reply brief supporting sanctions, Plaintiff "concede[s]" that he misunderstood the Court's March 16, 2026 order. (ECF No. 225 at 1). As such, Plaintiff fails to state a basis for sanctions against Defendants. Additionally, any objections to the briefing schedule for the motion to compel are moot since the Court has issued its order on the motion.

Further, the Court directs Plaintiff to Federal Rule of Civil Procedure 37, which generally governs sanctions. Should Plaintiff file a future motion for sanctions, he should provide a developed argument as to what sanctions he seeks and why they are appropriate. *See* Fed. R. Civ. P. 7(b)(1)(B) (noting that a motion must "state with particularity the grounds for seeking [an] order").

Accordingly, IT IS ORDERED that Plaintiff's motion for sanctions (ECF No. 215) is denied.

IT IS SO ORDERED.

Dated: **October 28, 2026**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE