UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN W. WILLIAMS,<br>Plaintiff,<br>v.<br>BEER, *et al.*,<br>Defendants. | Case No. 1:21-cv-00155-KES-EPG (PC)<br><br>ORDER DENYING MOTION FOR RECONSIDERATION OF COURT'S ORDER GRANTING IN PART PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND OVERRULING IN PART DEFENDANT PASCOE'S OBJECTION UNDER THE OFFICIAL INFORMATION PRIVILEGE<br><br>(ECF No. 234) |

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983.

Now before the Court is Plaintiff's Motion and Request for Reconsideration of the Court's October 15, 2026 Order[1] (ECF No. 234) granting in part Plaintiff's motion to compel discovery (ECF No. 188) and overruling in part Defendant Pascoe's objection under the official information privilege (ECF No. 213). For the reasons explained below, the Court will deny Plaintiff's motion for reconsideration (ECF No. 234).

## I. BACKGROUND

Plaintiff filed his complaint on February 8, 2021. (ECF No. 1). After screening, Plaintiff elected to proceed on his Eighth Amendment excessive force claim against Defendant Oaks; his

[1] While Plaintiff refers to the date of the order as "October 14, 2026," the docket indicates that the Court issued its order resolving Plaintiff's motion to compel documents from Defendant Pascoe (ECF No. 188) on October 15, 2026. (ECF No. 230).

Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against Defendant Oaks; and his Eighth Amendment claim for deliberate indifference to his serious medical needs against Defendants Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF Nos. 11, 12, 25).

On March 30, 2026, Plaintiff filed a motion to compel documents from Defendant Pascoe, seeking emails from Investigative Employees Arjon and Aviles at the California Health Care Facility and training documents related to use of chemical agents. (ECF No. 188). On October 15, 2026, the Court issued an order granting in part Plaintiff's motion to compel discovery and overruling in part Defendant Pascoe's objection under the official information privilege. (ECF No. 230). Relevant here, the Court found that Plaintiff had not established that emails from Arjon and Aviles actually exist, but that Defendants had provided defense counsel's sworn declaration as to the search for emails related to the incident and then produced a September 27, 2019 email from Investigative Employee Cristena. (*Id.* at 7).

On October 28, 2026, Plaintiff filed a motion for reconsideration of the Court's October 15, 2026 order, arguing that the Court did not consider his reply brief in support of his motion to compel and that the Court erred in accepting the declaration of defense counsel instead of requiring a declaration from the custodian of records. (ECF No. 234). Plaintiff again asks the Court to compel Defendant Pascoe to produce emails from Investigative Employees Arjon and Aviles. (ECF No. 234).

## I. DISCUSSION

Rule 60(b) provides relief from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic) misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b); *see also* Local Rule 230(j).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "A party seeking reconsideration must show more than a disagreement with the [c]ourt's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." *U.S. v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (internal quotations omitted). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior order. *See Kern-Tulare Water Dist. V. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *affirmed in part and reversed in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

Plaintiff fails to carry his burden under Rule 60. Plaintiff's reply brief does not call into question the Court's conclusion that Defendants had taken multiple steps to locate responsive emails, produced the September 27, 2019 email, and then provided a legally adequate response to Plaintiff's Request for Production No. 13. The reply brief attaches a log of actions taken by Arviles and Arjon before Investigative Employee Christena took over the investigation, and the log does not indicate Arviles or Arjon made any attempt to email Defendants. Moreover, at this discovery phase of litigation, there is no legal authority requiring Defendants to submit a declaration from the records custodian. Fed. R. Civ. P. 26(g)(1).

Accordingly, Plaintiff fails to carry his burden under Rule 60, and the Court denies Plaintiff's motion for reconsideration (ECF No. 234).

## II. CONCLUSION AND ORDER

Accordingly, IT IS ORDERED that Plaintiff's Motion and Request for Reconsideration of the Court's October 15, 2026 Order (ECF No. 234) is DENIED.

IT IS SO ORDERED.

Dated: **November 5, 2026**

/s/ Eric P. Grosjean

UNITED STATES MAGISTRATE JUDGE