UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JOHN W. WILLIAMS,

Plaintiff,

v.

BEER, *et al.*,

Defendants.

Case No. 1:21-cv-00155-KES-EPG (PC)

ORDER DENYING PLAINTIFF'S RENEWED MOTION TO APPOINT PRO BONO COUNSEL

(ECF No. 239)

Plaintiff John Williams is a state prisoner proceeding *pro se* in this civil action filed pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment excessive force claim against Defendant Oaks; his Eighth Amendment failure to protect claim against Defendant Pascoe; his Eighth Amendment sexual assault claim against Defendant Oaks; and his Eighth Amendment claim for deliberate indifference to serious medical needs against all defendants including Oaks, Pascoe, Riddle, Beer, Garcia, and Cubos. (ECF Nos. 1, 10, 13, 25).

Now before the Court is Plaintiff's renewed motion to appoint counsel.[1] (ECF No. 239).

Plaintiff asks the Court to appoint him counsel to assist in managing the complexity of pretrial and trial proceedings since the case has proceeded over four to five years and he has accumulated eight to nine manilla envelopes of documents and evidence. (*Id.* at 2). Plaintiff states that he "will be unable to organize, measure relevancy, or present at trial" evidence in the case. (*Id.*).

[1] Plaintiff filed his first motion to appoint counsel on January 26, 2026. (ECF No. 164). The Court denied the motion on January 27, 2026. (ECF No. 165).

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds*, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Id.* (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time. The Court has reviewed the record in this case and, at this time, is unable to determine that Plaintiff is likely to succeed on the merits of his claims. Moreover, it appears that Plaintiff can adequately articulate his claims and has been able to litigate the case for five years, including submitting an opposition brief to summary judgment.

Accordingly, IT IS ORDERED that Plaintiff's motion to appoint pro bono counsel is DENIED without prejudice. (ECF No. 239).

IT IS SO ORDERED.

Dated: **November 16, 2026**

/s/ Eric P. Grosjean
UNITED STATES MAGISTRATE JUDGE